GOVERNMENT EXHIBIT

A

SUMMONS
Richland County Common Pleas Court of Ohio

ROBERT W YOUNG

CASE: 2026 CV 0685 R

VS

XXXX XXXXX

LEE H ROSENTHAL S.D. TEX. SENIOR U.S. DISTRICT CT JUDGE
UNITED STATES DISTRICT COURTS
POST OFFICE BOX 61010
HOUSTON,TX 77208

You have been named Defendant (s) in a complaint filed in Richland County Court of Common Pleas, 50 Park Ave East, Mansfield, Ohio by

ROBERT W YOUNG
1421 LEXINGTON AVE. #180
MANSFIELD,OH 44907

Plaintiff (s). A copy of the Complaint is attached hereto. The name and address of the Plaintiff's Attorney is,

ROBERT W YOUNG
1421 LEXINGTON AVE #180
MANSFIELD,OH 44907

You are hereby summoned and required to serve upon the Court, your answer to the complaint within **28 days** after service of this summons on you, exclusive of the day of service. You must also serve a copy of the answer upon the Plaintiff's Attorney, or upon the Plaintiff, if he/she has no Attorney of record within 3 days after filing the Answer with the Court.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

September 16, 2026

HEIDI EWING
CLERK, COURT OF COMMON PLEAS

By:

Deputy Clerk

********SUMMONS SENT BY REGULAR MAIL AS INSTRUCTED, ON DATE ABOVE. PER CIV. R. 4.6(D), YOUR ANSWER DATE IS:**

______________

SHERIFF'S RETURN
Service and Return: $______________
Mileage $______________
TOTAL $______________

How Served: (Mail / Person)
When Served: ______________

______________
Sheriff

RICHLAND COUNTY, OHIO
09/11/2026 04:37 PM
HEIDI EWING
CLERK OF COURTS
2026 CV 0685
ROBINSON, JUDGE BRENT N

United States Courts
Southern District of Texas
FILED
SEP 2 1 2026
Nathan Ochsner, Clerk of Court

**IN THE COURT OF COMMON PLEAS**
**RICHLAND COUNTY, OHIO**

| | | |
|---|---|---|
| **In Re:** | ) | **Miscellaneous Action No. ________________** |
| **ROBERT WYN YOUNG** | ) | **Judge Brent N. Robinson** |
| **Reporting Attorney.** | ) | |

## MISCELLANEOUS ACTION TO MAKE MANDATORY REPORT, PURSUANT TO 18 U.S.C. § 2382, OF TREASON AGAINST THE UNITED STATES

Pursuant to mandatory disclosure and reporting requirements of 18 U.S.C. § 2382, Pro Se Reporting Attorney and Officer of the Court, Robert Wyn Young, hereby submits the following written report, Affidavit of Reporting Attorney, and authenticated and attached evidentiary materials establishing probable cause for charges, or for further and formal investigation of potential charges, against various persons and organizations identified herein, for:

- **Treason** against the United States (in violation of U.S. Const. art. III, § 3, cl. 1 and 18 U.S.C. § 2381);
- Participation in a **seditious conspiracy** to "levy war" (i.e., to commit "treason") against the United States (in violation of 18 U.S.C. § 2384);
- **Misprision** (i.e., concealment and non~disclosure) **of treason** against the United States (in violation of 18 U.S.C. § 2382);
- **Fraud on the federal courts** (in violation of 18 U.S.C. § 371 and related sections); and/or
- **Obstruction of justice** (in violation of 18 U.S.C. § 1503 and related sections).

These suspected crimes and contemplated charges all arise from and relate to (1) the Sandy Hook defamation cases against Alex Jones and others (and related proceedings arising therefrom), and (2) the alleged underlying December 14, 2012, Sandy Hook, Connecticut, mass school shooting event giving rise to said defamation cases.

As is set forth with legal support in the following **Introduction and Jurisdictional Statement**, the undersigned Reporting Attorney respectfully requests immediate opportunities, on an **emergency basis**, (1) to present this written report of treason against the United States to Richland County Court of Common Pleas Judge Brent N. Robinson, a judge of the State of Ohio of the undersigned's choosing, and (2) to present a short oral statement regarding same to Judge Robinson (and to answer any questions Judge Robinson might initially or immediately have) in open court and on the record.

Further, and as is more fully set forth with legal support below, the undersigned Reporting Attorney respectfully requests the immediate opening of a miscellaneous action in the Richland County Court of Common Pleas, assigned to Judge Robinson, (1) to properly file and record the undersigned's report of treason and related offenses herein presented and (2) to serve as the basis/platform for Judge Robinson's subsequent generation and issuance of a written and public judicial report on/assessment of the undersigned's report.

Respectfully submitted,

Date: **09/09/2026**

**Robert Wyn Young**
(OH Bar #0064876)
(U.S. Supreme Court Bar #326130)
**Pro Se Reporting Attorney & Officer of the Court**
Law Office of R. Wyn Young, Esq.
1421 Lexington Avenue, #180
Mansfield, OH 44907
Phone: (513) 238~2821
Email: rwynyoung25@gmail.com

[Intentionally Blank]

## OUTLINE OF FOLLOWING SECTIONS


INTRODUCTION AND JURISDICTIONAL STATEMENT .. . . . . . 4

Preface . . . . . . . . . . . 4

This is a Federally~Mandated Report of Possible Treason and Related Offenses Against the United States . . . . . . . . 4

This Federally~Mandated Report of Treason and Related Offenses is Presented, and it Should Be Received and Handled, on an Emergency Basis . . . 6

The Terms of 18 U.S.C. § 2382 Govern Submission, Receipt, and Handling of This Report, and Such Terms Reasonably Require the Opening of a Miscellaneous Court Action and the Subsequent Generation of a Written and Public Judicial Report on/Assessment of the Undersigned's Report of Possible Treason and Related Offenses. . . . . . . 8

SUMMARY OF PUBLIC CASE TO EXPOSE THE ALEX JONES/SANDY HOOK/ DOJ TREASONOUS CONSPIRACY AGAINST THE UNITED STATES AND OUR FIRST AND SECOND AMENDMENTS . . . . . . . . 11

Background . . . . . . . . . . 11

Attempted Notification of Bankruptcy Judge, Attempted, but Unsuccessful Intervention, and Appeal of Denial of Intervention, in Alex Jones' Chapter 7 Bankruptcy Case . . . . . . . . . 13

THE $1.43 BILLION (NOW $1.3 BILLION) FREE~SPEECH~CHILLING CONNECTICUT STATE COURT DEFAULT JUDGMENT AGAINST ALEX JONES IS BLATANTLY FRAUDULENT . . . . . . . 23

EXTREME ABUSE OF DISCRETION, IF ANY . . . . . . 29

THE ALLEGED DECEMBER 14, 2012, SANDY HOOK MASS SCHOOL SHOOTING WAS A DOJ~ORCHESTRATED AND MANUFACTURED SHAM EVENT . . 46

TREACHERY REIGNS SUPREME . . . . . . . . . 63

NECESSARY CONCLUSIONS . . . . . . . . 94

Sandy Hook was and is a Treasonous Conspiracy . . . . . . 94

Sandy Hook was and is a Two~Part and Continuing Treasonous Conspiracy . . 102

The Co~Conspirators Cannot be Saved by Smith~Mundt . . . . 104

PROBABLE CAUSE EXISTS FOR CHARGES, OR FOR FURTHER JUSTIFIED AND FORMAL INVESTIGATION OF POTENTIAL CHARGES, AGAINST THE FOLLOWING PERSONS AND ORGANIZATIONS, FOR TREASON, SEDITIOUS CONSPIRACY, MISPRISION OF TREASON, CONSPIRACY TO COMMIT OFFENSE OR TO DEFRAUD THE UNITED STATES, OBSTRUCTION OF JUSTICE, AND/OR OTHER RELATED OFFENSES AGAINST THE UNITED STATES . . 106

REQUESTS FOR RELIEF . . . . . . . . . 159

## INTRODUCTION AND JURISDICTIONAL STATEMENT

**Preface**

Since November 1, 2024, and continuously for the past twenty~two (22) months, the undersigned state and federally licensed Reporting Attorney has been publicly pursuing and litigating a public case, as a matter of duty, to expose the Alex Jones/Sandy Hook/DOJ two~part and treasonous conspiracy against the United States and our First and Second Amendments, the core and foundational rights of the American Republic.

In short, and as is more fully set forth herein, the alleged December 14, 2012, Sandy Hook school shooting event was a DOJ~orchestrated and manufactured hoax designed to undermine or destroy our Second Amendment rights; and Alex Jones and others took immediate and purposeful dives on the defense of subsequent Sandy Hook defamation cases in order to create massive, free~speech~chilling default and/or court~ordered judgments to "scare off" further and proper scrutiny of the alleged Sandy Hook school shooting and, more generally, to undermine or destroy our First Amendment freedoms of speech and of the press.

**This is a Federally~Mandated Report of Possible Treason and Related Offenses Against the United States.**

"In historically the most serious felony, treason, an individual with knowledge of the treason can be prosecuted for concealing and failing to disclose it." *People v. Lauria*, 251 Cal. App. 2d 471, 481 (Cal. App. 1967), *citing* 18 U.S.C. §2382, which states:

> Whoever, owing allegiance to the United States and having knowledge of the commission of any treason against them, conceals and does not, as soon as may be, disclose and make known the same to the President or to some judge of the United States, or to the governor or to some judge or justice of a particular State, is guilty of misprision of treason and shall be fined under this title or imprisoned not more than seven years, or both.

By criminalizing the concealment and non~disclosure of treason against the United States, the **misprision** statute, 18 U.S.C. § 2382 (originally enacted as part of the Crimes Act of 1790), necessarily creates affirmative duties for one "owing allegiance to the United States" and having knowledge of a treason against them (1) to **not** conceal and (2) to actively disclose said treason to a statutorily~designated federal or state chief executive (i.e., the President or a governor) or judge. The language of 18 U.S.C. § 2382 thus expressly provides for **concurrent jurisdiction** as between federal and state chief executives and judges concerning the receipt/handling of reports of treason. 18 U.S.C. § 2382 states, in pertinent part, that a disclosure and report of treason against the United States may be made to, among others, "some judge or justice of a particular State". (Text of 18 U.S.C. § 2382, **Tab A**)

By a fair reading, 18 U.S.C. § 2382 necessarily does two (2) additional things. First, the statute provides the disclosing party with a considerable degree of discretion in choosing the particular federal or state chief executive or judge to whom the report will be made. This makes sense given that treason, the most serious felony, might be committed by either private or governmental actors, and the disclosing party should be free to report to a federal or state chief executive or judge whom they trust.

Second, 18 U.S.C. § 2382 necessarily creates an "upwardly spiraling chain of accountability" in that, if an obligated party discloses a credible and substantiated report of treason to a statutorily~designated recipient, that recipient, once having knowledge of the treason, and being one "owing allegiance to the United States", is then statutorily obligated (1) to **not** conceal and (2) to actively further disclose said treason, presumably and reasonably, "further up within the 18 U.S.C. § 2382 statutory chain of command" (so to speak). Indeed, as "no one is above the law" in our system, a federal or state chief executive or judge who conceals and does not further and

appropriately disclose a credible report of treason received, may and should, him or herself, be prosecuted for **misprision of treason** under 18 U.S.C. § 2382. Further, a disclosing party who submits a credible and substantiated report of treason to a statutorily~designated federal or state chief executive or judge, and who then sees that the recipient of the report has concealed and not further and properly disclosed the report, is arguably statutorily obligated, or at least permitted by law, under 18 U.S.C. § 2382, to submit their report to **some other** statutorily~designated recipient.

**<u>This Federally~Mandated Report of Treason and Related Offenses is Presented, and it Should Be Received and Handled, on an Emergency Basis</u>**

As is more fully set forth below, the undersigned Reporting Attorney has "fully exhausted federal remedies" by seeking to and actually submitting the undersigned's credible, peer~reviewed, and substantiated report of treason (1) to President Donald J. Trump (both constructively, through notice to federal officials, **and actually**, through and via briefing by his personal, outside counsel) and (2) via litigation, to multiple federal judges/courts presiding in Alex Jones/Sandy Hook~related proceedings, including the Supreme Court of the United States, all of whom/which blocked, refused to consider the merits of, and/or actively concealed the credible, peer~reviewed, and substantiated report of treason presented by the undersigned. These blockings, rejections, and concealments of the undersigned's report of treason, in and of themselves, constitute acts or omissions in violation of the **misprision** and/or **obstruction of justice** statutes.

Accordingly, and pursuant to the disclosure and reporting requirements of 18 U.S.C. § 2382, the undersigned Reporting Attorney respectfully requests immediate opportunities, on an **emergency basis**, (1) to present this written report of treason against the United States to Richland County Court of Common Pleas Judge Brent N. Robinson, a judge of the State of Ohio of the undersigned's choosing, and (2) to present a short oral statement regarding same to Judge

Robinson (and to answer any questions Judge Robinson might initially or immediately have) in open court and on the record.

The **emergency bases**, justifying the undersigned's request for immediate opportunities to submit this written report and to be heard on the court record, stem from the very nature of treason, itself, which our society deems to be the most serious of all felony crimes. See *People v. Lauria*, *supra*, at 481. First, every day that a treasonous conspiracy against the United States continues, unknown, unchecked, and unpunished, is intolerably costly to our republic.

Further, a Motion for Leave to File Second Amended Counterclaim, filed by Defendant Alex Jones, to assert claims against the (alleged) Sandy Hook surviving family member Plaintiffs, pursuant to 42 U.S.C. § 1983, for alleged deprivation of Jones' First and Fourteenth Amendment rights under color of state law, is currently pending and ripe for decision in a nearly two~year~old **sham** adversary proceeding between the colluding parties, captioned as *David Wheeler, et al. v. Alexander E. Jones, et al.*, Bankr. S.D. Tex. Adv. Pro. No. 24-03279, which is related to Alex Jones' Chapter 7 bankruptcy case, *In re Alexander E. Jones, Debtor*, Bankr. S.D. Tex. Case No. 22-33553, which has been pending before the Bankruptcy Court for the Southern District of Texas (Houston Division) for nearly four years.

Thus, and as is more fully set forth below, in addition to continuing their fraud upon and abuse of the federal court system, and after successfully obtaining a denial of certiorari from the Supreme Court of the United States in S. Ct. Case No. 25-268 that effectively validates the collusive, outrageous, and free~speech~chilling December 2022 $1.43 Billion Connecticut state court default judgment giving rise to Alex Jones' bankruptcy[1], the colluding parties now seek to do irreparable damage to the validity and efficacy of 42 U.S.C. § 1983 claims, through further and

---

[1] Later reduced by the Connecticut Appellate Court to $1.3 Billion in *Erica Lafferty, et al. v. Alex Emric Jones, et al.*, No. AC 46131, slip op. at 62 (Conn. App. Ct. December 10, 2024).

expanded bogus litigation, as if the damage they have already done to our First and Second Amendments is **not** enough. The truth needs to come to light, and the continuing travesty of justice, embodied in never~ending and collusive Alex Jones/Sandy Hook~related, constitutional~rights~destroying litigation, needs to come to an end.

**The Terms of 18 U.S.C. § 2382 Govern Submission, Receipt, and Handling of this Report, and Such Terms Reasonably Require the Opening of a Miscellaneous Court Action and the Subsequent Generation of a Written and Public Judicial Report on/Assessment of the Undersigned's Report of Possible Treason and Related Offenses**

As is reiterated in the **Requests for Relief** section below, the undersigned further requests the opening of a miscellaneous action in the Richland County Court of Common Pleas, assigned to Judge Robinson, (1) to properly file and record the undersigned's report of treason and related offenses presented and (2) to serve as the basis/platform for Judge Robinson's subsequent generation and issuance of a written and public judicial report on/assessment of the undersigned's report.

The undersigned Reporting Attorney respectfully submits that procedures for the submission and handling of reports of treason against the United States are entirely governed by the parameters of 18 U.S.C. § 2382. Thus, under the Supremacy Clause (U.S. Const. art. VI, cl. 2), no Ohio Rule of Procedure, nor any local rule of court, may serve as an obstacle, impediment, or condition precedent to the submission and recording of the undersigned's 18 U.S.C. § 2382 report.

The terms of 18 U.S.C. § 2382 clearly contemplate the ex parte communication of a report of treason by and from the reporter directly to a federal or state judge of the reporter's choosing. 18 U.S.C. § 2382 does not provide for any adversarial procedure. Nor does it require that notice and opportunities to be heard be given to the alleged offenders. Any such requirements would

discourage the submission of reports of treason, thus defeating the overall purpose of 18 U.S.C. § 2382 and the disclosure and reporting obligations it necessarily creates.

Further, the fact that federal and state judges are one of only two categories of statutorily~designated recipients for reports of treason indicates that 18 U.S.C. § 2382 reasonably requires (1) a **judicial recording** (i.e., a court filing) and (2) a written and public **judicial assessment** of the report of treason the judge receives.

If, after review and consideration, the judge finds probable cause merit to the report of treason, be it for purposes of potential charges or for further justified and formal investigation of same, then, under the disclosure and reporting requirements 18 U.S.C. § 2382 necessarily imposes, the judge must **not** conceal and must further and actively report said treason ~ in accordance with the terms and a reasonable interpretation of 18 U.S.C. § 2382 ~ to the chief executive in the judge's federal or state jurisdiction, i.e., the President or Governor. If the chief executive then conceals and does not further and properly disclose the credible report of treason provided and received (e.g., a governor fails to disclose to the President; or a chief executive, be it the President or a governor, fails to disclose to the legislative and judicial bodies within their jurisdiction), then the judge finding probable cause merit to the report of treason is arguably statutorily obligated, under the letter and spirit of 18 U.S.C. § 2382, to further disclose the credible report of treason to other judge(s) or governor(s). As previously observed, the **misprision** statute ingeniously creates a "chain of accountability" for the reporting of **treason** which, again, our society deems to be the most serious of all crimes. *People v. Lauria, supra.*

Accordingly, and pursuant to 18 U.S.C. § 2382, the undersigned Reporting Attorney respectfully requests that **Judge Brent N. Robinson**, a judge of the State of Ohio of the undersigned's choosing:

(1) **presently accept** this written report of treason and related crimes for consideration and review;

(2) **schedule a same~day hearing** to allow the undersigned Reporting Attorney an opportunity to make a short oral statement regarding this report of treason and related crimes to Judge Robinson (and to answer any questions Judge Robinson might initially or immediately have) in open court and on the record;

(3) **order the Clerk of Courts** to immediately **open a miscellaneous action** for, to file, and to assign a case number for this submitted report of treason and related crimes **free from and regardless of any filing fee, form submission, or service of process requirements** under Richland County Local Rule 2: CIVIL CASE MANAGEMENT, and to **assign this matter to Judge Robinson** (a judge of the State of Ohio of the reporter's choosing) regardless of Richland County Local Rule 7: ASSIGNMENT OF JUDGES; and

(4) **prepare and issue a written and public judicial report on/assessment of the undersigned's report of treason and related crimes** for filing in the miscellaneous action the undersigned requests be opened in the Richland County Court of Common Pleas.

**If**, after review and consideration of this submission and all attachments to same, **Judge Robinson finds** the undersigned's **report** of treason and related offenses to be **credible, then**:

(a) under the disclosure and reporting requirements 18 U.S.C. § 2382 necessarily imposes, the undersigned Reporting Attorney respectfully requests that Judge Robinson **disclose this report**, a full hard copy of same (presently provided by the undersigned), **and** a copy of **Judge Robinson's** (forthcoming) **written and public judicial report on/assessment of** the undersigned's report, to the **Governor of Ohio**; and

(b) the undersigned Reporting Attorney requests such other relief as is more fully described and requested in the **Requests for Relief** section below and as, in Judge Robinson's sound discretion, **justice and equity** might duly require in this matter.

The factual and legal grounds for this 18 U.S.C. § 2382 report, and the relief herein requested, (1) are more fully set forth in the written sections which follow, and (2) are fully substantiated/authenticated in and by the Affidavit of Reporting Attorney (**Tab B**) and all documents, photographs, images, and electronic files identified in and attached to said Affidavit (i.e., at all subsequent and remaining tabs within the submitted report binders, **Tabs C** through **Z**).

## SUMMARY OF PUBLIC CASE TO EXPOSE THE ALEX JONES/SANDY HOOK/DOJ TREASONOUS CONSPIRACY AGAINST THE UNITED STATES AND OUR FIRST AND SECOND AMENDMENTS

**Every** judge, attorney, publisher, newsroom director, and podcaster in this country **should** be wondering:

> How, ***in the world***, did the Sandy Hook defamation cases against Alex Jones ***ever*** get past motions to dismiss based on the 60~year~old precedent of *N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964) ?!

The answer is simple: **Treasonous fraud on and by the courts**.

### Background

In late 2023 or early 2024, the undersigned heard Alex Jones and his (second) attorney in the Connecticut Sandy Hook defamation cases, Norm Pattis, speaking in a cagey way on Infowars about their Connecticut Sandy Hook appeal, and the undersigned decided to look into it. In then reviewing the appellate and trial court dockets in the matter of *Lafferty, et al. v. Jones, et al.*, Conn. App. Ct. No. AC 46131, appeal from Superior Court Docket No. UWY-CV18-6046436-S, in early January 2024, the undersigned promptly discovered **unequivocal court file evidence** that Alex Jones threw the defense of the Connecticut Sandy Hook defamation lawsuits with his very first responsive pleadings (i.e., by deliberately failing to claim federal question jurisdiction when removing the related and nearly identical *Lafferty* and *Sherlach*[2] Connecticut First Amendment

[2] *William Sherlach v. Alex Jones, et al.*, Conn. Superior Court Docket No. UWY-CV-18-6046437-S; and

lawfare cases to federal court). Indeed, as the undersigned came to learn in conducting further and diligent research, Jones' doing so was part of a broader, two~part and **treasonous** conspiracy against the United States, to undermine or destroy both our First and Second Amendments.

The **evidence**, namely, (1) Alex Jones' case filings in the Connecticut Sandy Hook defamation lawsuits, and (2) network, cable, and local TV station video footage and photos from the day, time, and location of the alleged December 14, 2012, Sandy Hook mass school shooting event, provides probable cause for reasonable minds to conclude that Alex Jones' "Capitulation & Betrayal" in the Connecticut Sandy Hook cases was the second and necessary stage of a massive, two~part, and **treasonous** conspiracy. In the first part, the horrific Sandy Hook school shooting story was concocted to turn legislators, laws, and the American people against the Second Amendment. In the second part, Alex Jones and others took purposeful dives on bogus defamation claims to hand the Connecticut Sandy Hook Plaintiffs a massive win that chills free speech, investigative journalism, and public participation in the political process. Indeed, Jones' loss/the outrageous $1.43 Billion default damages judgment (reduced by the Connecticut Appellate Court to $1.3 Billion) appears to have been largely designed to "scare off" further and proper scrutiny of the alleged Sandy Hook mass school shooting.

Upon discovering confirming probable cause evidence of the two~part and **treasonous** Sandy Hook conspiracy, the undersigned became duty~bound, as a United States citizen and state and federally~licensed attorney, who is oathbound to support and defend the United States Constitution, to **expose** it. On November 1, 2024, the undersigned began publicly pursuing a public advocacy case to expose the two~part and **treasonous** Sandy Hook conspiracy.

---

*William Sherlach v. Alex Emric Jones, et al.*, Conn. Superior Court Docket No. UWY-CV-18-6046438-S. All references to the "Trial Ct. Dckt." pertain to the trial court Case Detail/Docket for *Erica Lafferty, et al. v. Alex Emric Jones, et al.*, UWY-CV-18-6046436-S, viewable at: https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=UWYCV186046436S

**Attempted Notification of Bankruptcy Judge, Attempted, but Unsuccessful Intervention, and Appeal of Denial of Intervention, in Alex Jones' Chapter 7 Bankruptcy Case**

On February 24, 2025, the undersigned Reporting Attorney emailed Rosario Saldaña, Case Manager for Christopher M. Lopez, the United States Bankruptcy Judge for the Southern District of Texas (Houston Division) presiding over Alex Jones' Chapter 7 bankruptcy case, No. 22-33553, stating, in pertinent part:

> I am an attorney in independent practice, pursuing a public advocacy case, and **seeking to advise** the **United States Trustee**, the **parties**, and the **Bankruptcy Court** that I discovered **unequivocal evidence** that **Alex Jones** deliberately threw the defense of the Connecticut Sandy Hook defamation cases from the very beginning in **July 2018** (i.e., by deliberately failing to claim federal question jurisdiction when removing the related **1st Amendment** lawfare defamation cases to federal court) and that the **$1.3 Billion Connecticut state court judgment** giving rise to the instant **Chapter 7 bankruptcy case** was obtained by **fraud** or **collusion** between the parties to the aforesaid Connecticut defamation actions.[3]

[Emphasis as in original.] Case Manager Saldaña responded to the undersigned's February 24, 2025, email the same day, stating, in pertinent part: "The Court does not read anything that is not filed on the public docket."[4]

Thereafter, in late February and early March 2025, the undersigned emailed the Chapter 7 Trustee in Alex Jones' bankruptcy, Attorney Christopher R. Murray, multiple written explanatory statements, evidentiary submissions, and Legal Notices & Demands regarding (1) the fraudulent nature of the $1.3 Billion *Lafferty* Connecticut state court default judgment debt chiefly giving rise to Alex Jones' bankruptcy, and (2) the need and legal requirements for investigation and reporting of the credible and peer~reviewed allegation of fraud presented.[5]

---

[3] Affidavit ¶¶ 26 and 28, and **Tab P2**.

[4] Affidavit ¶¶ 26 and 28, and **Tab P3**.

[5] Affidavit ¶¶ 27 and 28, and **Tabs P4** through **P15**.

The Chapter 7 Trustee did not respond, in any substantive way, to the undersigned's written explanatory statements, evidentiary submissions, or Legal Notices & Demands presented on behalf of the American people and with respect to matters of **public importance**, namely, the integrity of the federal judicial system and the viability of the First Amendment, despite his ethical and statutory obligations, as an attorney and Chapter 7 trustee, to do so.[6] Further, and notably, the undersigned described the fraudulent scheme of the colluding parties[7] as a "**treasonous conspiracy**" seven (7) times in two (2) emails sent to Chapter 7 Trustee Murray on February 24, 2025, and March 4, 2025.[8]

It, therefore, became incumbent upon the undersigned to promptly seek leave to intervene in Alex Jones' bankruptcy case, No. 22-33553, as a *pro se* litigant, and pursuant to Fed. R. Bankr. P. 2018(a), which allows for permissive intervention, to protect the undersigned's interests as a United States citizen and state and federally~licensed attorney in ensuring: (1) the integrity of the federal judicial system; (2) the protection of the First Amendment to the United States Constitution; and (3) the efficacy of the undersigned's efforts in fulfilling the undersigned's duties to support and defend the Constitution. These legitimate and substantial interests were **not** and, to

---

[6] See the "Partners in Combatting Crime" article published by the **U.S. Department of Justice** in its Archives for the **U.S. Trustee Program**, and cited/quoted in the undersigned's March 4, 2025, Email to Trustee Murray & Counsel (Affidavit ¶ 27 and 28, and **Tab P14**) and at Pages 4~5 of the undersigned's Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment (Affidavit ¶ 27 and 28, and **Tab P**), stating: "Both the USTP and chapter 7 trustees have a statutory responsibility to identify and refer potential fraud or criminal activity in a case." [Citing 28 U.S.C. § 586(a)(3)(F) and 18 U.S.C. § 3057(a).] "Partners in Combatting Crime: The Vital Roles of Chapter 7 Trustees and The United States Trustee Program". U.S. Department of Justice, Archives, U.S. Trustee Program. Attached as Exhibit to Appellant's Reply in Support of Rule 8007(b) Motion for Stay of Proceedings Pending Appeal (S.D. Tex. Case No. 4:25-cv-02057, Dckt. 11-1) and retrievable at:
https://www.justice.gov/archives/ust/blog/partners-combatting-crime-vital-roles-chapter-7-trustees-and-united-states-trustee-program

[7] (i.e., Alex Jones and the Sandy Hook Plaintiffs, all or most being parties to Jones' Chapter 7 bankruptcy case and attendant adversary proceedings, also assigned to Judge Lopez)

[8] Affidavit ¶¶ 27 and 28, and **Tabs P4** and **P14.**

present, are **not** being adequately represented by the existing parties in Alex Jones' bankruptcy or attendant adversary proceedings, including Adv. Pro. No. 24-03279, which is identified in the grounds for an emergency hearing section above, and in which Judge Lopez is also presiding.[9]

Accordingly, on March 19, 2025, the undersigned filed a Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment in Alex Jones' Chapter 7 bankruptcy, Case No. 22-33553.[10] Significantly, the undersigned described the fraudulent scheme of the colluding parties as "**treason**" or a "**treasonous**" conspiracy nine (9) times in the undersigned's March 19, 2025, Motion for Leave to Intervene.[11]

On April 22, 2025, Judge Lopez issued an Order Denying Motion for Leave to Intervene[12] on the basis of lack of standing, i.e., according to Judge Lopez, "Young has no identifiable economic interest in this case."[13] Judge Lopez further ruled: "The concerns raised by Young are adequately represented by existing parties and permitting intervention risks causing undue delay in a case that has been pending since December 2022."[14]

On May 4, 2025, the undersigned filed a timely appeal of Judge Lopez's April 22, 2025, Order Denying Motion for Leave to Intervene.[15] The appeal was designated as *In re Alexander E. Jones, Debtor, Robert Wyn Young, Appellant*, and it was assigned S.D. Tex. Civil Action Case No.

---

[9] Affidavit ¶ 82~84, and **Tabs X4, X5**, and **X6** on USB flash drive.

[10] Affidavit ¶¶ 27 and 28, and **Tab P**. Cites to "Bankr. Dckt." reference the case docket in Alex Jones' Chapter 7 bankruptcy proceeding, Case No. 22-33553.

[11] Affidavit ¶ 29, and **Tab P**.

[12] Bankr. Dckt. 1129, Affidavit ¶ 30, and **Tab Q1** on USB flash drive.

[13] *Id.* at 2.

[14] *Id.*

[15] Affidavit ¶ 30, and **Tab Q2** on USB flash drive.

4:25-cv-02057.[16] On May 15, 2025, the undersigned filed a Request for Certification Under 28 U.S.C. § 158(d)(2)(A) to pursue a direct and immediate appeal to the Fifth Circuit Court of Appeals.[17] Notably, the undersigned used the word "treasonous" three (3) times in describing the Sandy Hook conspiracy in the Request for Certification the undersigned filed with the Bankruptcy Court, in Case No. 22-33553, on May 15, 2025.[18] On May 21, 2025, the undersigned filed a Fed. R. Bankr. P. 8007 Motion for Stay of Proceedings Pending Appeal.[19]

On June 5, 2025, the Bankruptcy Court conducted a status conference/hearing and issued an Order Denying Request for Certification of Direct Appeal and Denying Motion to Stay Pending Appeal "[f]or the reasons stated on the record at the June 5, 2025, hearing".[20] During the June 5, 2025, status conference/hearing, Judge Lopez stated:

> And for whether the granting of the stay would serve the public interest. I don't, have no -- nothing showing the public interest, **and I've read all the papers**.

(Bankr. Dckt. 1193, hearing transcript, at 12)[21] [Emphasis added.] The denial of reality does not negate its existence. Or, as Orwell aptly noted, "however much you deny the truth, the truth goes on existing, as it were, behind your back".[22] In his later Petition for a Writ of Certiorari to the Supreme Court of the United States in S. Ct. Case No. 25-268, Alex Jones went the other way, and

---

[16] Affidavit ¶ 30.

[17] Affidavit ¶ 30, and **Tab Q3** on USB flash drive.

[18] Affidavit ¶ 31, and **Tab Q3** on USB flash drive.

[19] Affidavit ¶ 30, and **Tab Q4** on USB flash drive.

[20] Bankr. Dckt. 1164, and Affidavit ¶ 32.

[21] Affidavit ¶ 32, and **Tab Q5** on USB flash drive.

[22] Orwell, George. Facing Unpleasant Facts. Secker & Warburg, 1946.

properly so, by repeatedly emphasizing that the Sandy Hook cases involve "**matters of undeniable public concern**".[23] [Emphasis added.]

On June 22, 2025, the undersigned filed a Fed. R. Bankr. P. 8007(b) Motion for Stay of Proceedings Pending Appeal in and with the District Court.[24, 25] Notably, the undersigned used the word "treasonous" twice in describing (1) "the **collusive** and **treasonous** conduct of Alex Jones and the Connecticut Sandy Hook Families", and (2) "the Alex Jones/Sandy Hook **abuse of federal judicial process** and **treasonous fraud** being perpetrated against the courts and the American people", in the Fed. R. Bankr. P. 8007(b) Motion for Stay the undersigned filed and presented to S.D. Tex. Senior U.S. District Ct. Judge Lee H. Rosenthal on June 22, 2025.[26] [Emphasis as in original.]

On July 23, 2025, Judge Rosenthal issued an Order denying the undersigned's Fed. R. Bankr. P. 8007(b) Motion for Stay, ruling, in pertinent part:

> Finally, the stay will disserve, not serve, the public interest. The public has a strong interest in the resolution of this case. Young has no right to disrupt that process by staying the bankruptcy case to vindicate his wish to make an indirect and noneconomic point.[27]

Although, in denying the undersigned's Fed. R. Bankr. P. 8007(b) Motion for Stay, District Court Judge Rosenthal stated: "Young therefore has not shown a likelihood of success on the

---

[23] Pet. Cert. at *i* and 5, Affidavit ¶ 44, and **Tab T2** on USB flash drive.

[24] Case No. 4:25-cv-02057, S.D. Tex. Dckt. 6. All references to "S.D. Tex. Dckt. __" refer to the docket for *In re Alexander E. Jones, Debtor, Robert Wyn Young, Appellant*, S.D. Tex. Civil Action Case No. 4:25-cv-02057.

[25] Affidavit ¶ 33, and **Tab R1** on USB flash drive.

[26] S.D. Tex. Dckt. 6, at 13 and 17, Affidavit ¶ 34, and **Tab R1** on USB flash drive.

[27] S.D. Tex. Dckt. 12, at 2, Affidavit ¶ 33, and **Tab R2** on USB flash drive.

merits of his appeal of the denial of his intervention[,]" Judge Rosenthal did not, at that time, dismiss the undersigned's appeal.[28] Accordingly, and to maintain the viability of the appeal, the undersigned was duty~bound to prepare and, on August 7, 2025, the undersigned did file an Appellant's Brief in Case No. 4:25-cv-02057.[29]

On August 19, 2025, before expiration of the 30~day appellee's response period under Fed. R. Bankr. P. 8018(a)(2), and in the absence of any brief filed in opposition, Judge Rosenthal issued a Memorandum and Opinion[30] and an Order[31] dismissing the undersigned's appeal, Civil Action No. 4:25-cv-02057. In dismissing the undersigned's appeal, Judge Rosenthal ruled, in pertinent part, that:

> The interest that Mr. Young asserts — his desire to protect the First Amendment and the judicial process — does not given him a practical stake in the bankruptcy proceeding. Recognizing such a self-proclaimed interest would provide a basis for intervention to anyone with a law degree, or, indeed, anyone at all. The Bankruptcy Court did not err by denying Mr. Young intervention based on his attenuated and non-economic interest.[32]

Significantly, in the Appellant's Brief the undersigned Reporting Attorney filed and presented to S.D. Tex. Senior U.S. District Ct. Judge Lee H. Rosenthal on August 7, 2025, the undersigned used the word "**treasonous**" eight (8) times in describing the "Sandy Hook conspiracy" and the existing parties' collusive "**fraud**" on the courts and "**abuse of federal**

---

[28] S.D. Tex. Dckt. 12, at 2.

[29] S.D. Tex. Dckt. 13, Affidavit ¶ 33, and **Tab R3** on USB flash drive.

[30] S.D. Tex. Dckt. 14, Affidavit ¶ 35, and **Tab R4** on USB flash drive.

[31] S.D. Tex. Dckt. 15, Affidavit ¶ 35, and **Tab R5** on USB flash drive.

[32] S.D. Tex. Dckt. 14 at 2~3, Affidavit ¶ 35, and **Tab R4** on USB flash drive.

**judicial process**".[33] [Emphasis as in original.] In summarily dismissing the undersigned's appeal, Case No. 4:25-cv-02057, Judge Rosenthal did not, in any way, address or even discuss the actual merits of the undersigned's peer~reviewed, federal~court~file~evidence~based allegation that the $1.3 Billion Connecticut state court default judgment giving rise to Alex Jones' bankruptcy case, and all attendant proceedings, was produced by **treasonous** fraud or collusion of the existing parties to such actions.[34]

Both Bankruptcy Court Judge Lopez and District Court Judge Rosenthal sidestepped and did not directly address the two (2) main issues raised in and by the undersigned's requested intervention and appeal in Alex Jones' bankruptcy, namely:

> Whether Alex Jones' obviously~deliberate failure to claim federal question jurisdiction for First Amendment SLAPP lawfare suits he removed to federal court constitutes operative evidence of **fraud** or **collusion** sufficient to mandate the termination of Alex Jones' Chapter 7 bankruptcy case under Section 707(b) of the Bankruptcy Code?

and

> Whether interests of **public importance**, namely, the integrity of the federal judicial system and the viability of the First Amendment, are implicated and potentially placed in jeopardy by the provision of bankruptcy relief respecting a notorious and demonstrably~fraudulent $1.3 Billion free~speech~chilling default judgment against a well~known public figure and purported journalist?

As federal judges, both Judge Lopez and Judge Rosenthal were required by the plain language of the **misprision** statute (i.e., 18 U.S.C. § 2382) to accept, review, and give due consideration to **the merits** of the credible, peer~reviewed, and court~file~evidence~based[35]

---

[33] S.D. Tex. Dckt. 13, Affidavit ¶ 36, and **Tab R3** on USB flash drive.

[34] S.D.T. Dckt. 14 and 15, Affidavit ¶ 36, and **Tabs R4** and **R5** on USB flash drive.

[35] See the Connecticut U.S. District Court remand file for *Erica Lafferty, et al. v. Alex Emric Jones, et al.*, Case No. 3:18-cv-01156 (D. Conn.) (removed from Conn. Super. Ct.) [designated "Tab P1_Mot for Leave Ex. 1 Bankr. Dckt. 1120-1 Lafferty Fed Ct. Remand File (Full), Trial Ct. Dckt. 112.00" on USB flash drive,

report of **treason** the undersigned presented, via court filings, which, it must be noted, the undersigned was **unlawfully** forced to prepare and submit, simply to make a report to a federal judge of a **treasonous** conspiracy to defraud the courts and undermine or destroy our First and Second Amendments. 18 U.S.C. § 2382 does **not** require that an obligated disclosing reporter of **treason** file a lawsuit or seek intervention in a pending case, and independently possess legal standing therein, in order to be heard. Any such requirements would and, in practice, **did** undermine an obligated reporter's legitimate attempt to make a report of **treason.**

Even if Judge Lopez's Case Manager didn't advise him of the undersigned's February 24, 2025, email detailing the basic facts of Alex Jones and the Sandy Hook Plaintiffs' "**collusion**" and "**fraud**" [emphasis as in original] to produce the free~speech~chilling $1.3 Billion Connecticut state court default judgment,[36] which is doubtful, Judge Lopez undeniably received a credible, peer~reviewed, and fully substantiated **report of treason** on March 19, 2025, in the form of the undersigned's Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment (and Exhibits attached to the same),[37] which, again, describes the fraudulent scheme of the colluding parties as "**treason**" or a "**treasonous**" conspiracy nine (9) times.[38]

As emphasized above, at Page 12 of the June 5, 2025, status conference/hearing transcript, Judge Lopez notes that he'd "read all the papers".[39] Further, at Page 11 of the June 5, 2025, status

---

and hard copy attached at **Tab P1** (blue binder)], which the undersigned attached as **Exhibit 1** to the undersigned's Motion for Leave to Present Evidence of Fraudulent Judgment in Alex Jones' bankruptcy, and which contains the **operative evidence** of Alex Jones and the Sandy Hook Plaintiffs' **collusive fraud.**

[36] Affidavit ¶¶ 26 and 28, and **Tab P2.**

[37] Bankr. Dckt. 1120 and 1120-1 through 1120-16, Affidavit ¶¶ 27~29, and **Tabs P** and **P1** through **P16**.

[38] Bankr. Dckt. 1120, Affidavit ¶ 29, and **Tab P.**

[39] Bankr. Dckt. 1193, Affidavit ¶ 32, and **Tab Q5** on USB flash drive.

conference/hearing transcript, Judge Lopez states: "I've read everything that was submitted as well. So it's not like I turned a blind eye to anything that came my way. I read it."[40] These statements by Judge Lopez raise the following questions: Did Judge Lopez deny the undersigned's Motion for Leave to Intervene[41] and refuse to accept and consider the submitted evidence of fraud, as in accordance with his April 22, 2025, Order Denying Motion for Leave to Intervene?[42] Or, did Judge Lopez, despite his April 22, 2025, Order Denying Motion for Leave to Intervene, nevertheless review and consider the evidence submitted by the undersigned, particularly the *Lafferty* U.S. District Court Remand File,[43] and decide that Alex Jones' repeated failure to claim federal question jurisdiction for First Amendment lawfare cases being removed to federal court **most assuredly** does **not** indicate or raise suspicion of fraud or collusion? Which is it? Judge Lopez is decidedly vague in this regard.

Indeed, **nowhere** in his April 22, 2025, Order Denying Motion for Leave to Intervene[44], **nor anywhere** in the June 5, 2025, status conference/hearing transcript[45], does Judge Lopez even mention or describe, let alone address the merits of, the undersigned Reporting Attorney's allegation that Alex Jones' repeated failure to claim federal question jurisdiction on removal of First Amendment SLAPP suits to federal court constitutes operative evidence of **fraud** or **collusion** by the defense. Why did Judge Lopez entirely **avoid** even describing the allegation of fraud presented, let alone referencing the federal court Remand File (**Tab P1**) on which said

---

[40] Bankr. Dckt. 1193, Affidavit ¶ 32, and **Tab Q5** on USB flash drive.

[41] Bankr. Dckt. 1120, and **Tab P**.

[42] Bankr. Dckt. 1129, and **Tab Q1** on USB flash drive.

[43] Bankr. Dckt. 1120-1, and **Tab P1**.

[44] Bankr. Dckt. 1129, and **Tab Q1** on USB flash drive.

[45] Bankr. Dckt. 1193, Affidavit ¶ 32, and **Tab Q5** on USB flash drive.

allegation was and is based ?? Because he could never explain~away the plain and operative evidence of **collusive fraud** contained in said Remand File, and even mentioning the specific allegation presented in a court ruling or statement on the record, given the massive public attention to Alex Jones ~ Sandy Hook litigation, would expose the **treasonous** fraud and the broader Sandy Hook conspiracy at play. Significantly, Judge Rosenthal handled the undersigned's appeal in the **exact same** manner, denying the undersigned's Rule 8007(b) Motion for Stay of Proceedings[46] and dismissing the undersigned's appeal[47] without **ever** making mention of or even describing the plain, peer~reviewed, federal~court~file~evidence~based allegation of **treasonous** fraud presented.

Judges Lopez and Rosenthal, as persons owing allegiance to the United States, were obligated by the express terms of 18 U.S.C. § 2382 (i.e., on pain of potential **misprision** charges) to **not** conceal and to further and properly disclose/report the undersigned's credible, peer~reviewed, and fully~substantiated **report of treason**, e.g., to the President, a judge of the Fifth Circuit Court of Appeals, or any Justice of the Supreme Court of the United States. Instead, Judge Lopez **denied** the undersigned's request for permissive intervention pursuant to Fed. R. Bankr. P. 2018(a) to present evidence of **treasonous fraud**, and Judge Rosenthal thereafter **dismissed** the undersigned's appeal of the denial of intervention only **after** forcing the undersigned to prepare and submit an Appellant's Brief which, due to the necessity of making eleven (11) separate substantive and procedural legal **Arguments** therein, turned out to be **sixty~five (65)** pages in length.[48]

---

[46] S.D. Tex. Dckt. 12, Affidavit ¶ 33, and **Tab R2** on USB flash drive.

[47] S.D.T. Dckt. 14 and 15, Affidavit ¶ 36, and **Tabs R4** and **R5** on USB flash drive.

[48] S.D. Tex. Dckt. 13, and **Tab R3** on USB flash drive.

As is more fully set forth below, and at the very least, probable cause exists for reasonable minds to believe that Judges Christopher M. Lopez and Lee H. Rosenthal violated the **misprision** statute, 18 U.S.C. § 2382, by concealing and not further and properly disclosing the undersigned Reporting Attorney's credible, peer~reviewed, and fully substantiated **reports of treason**, and they should be charged with such crime(s) or further and formally investigated for having potentially committed the same.

**THE $1.43 BILLION (NOW $1.3 BILLION) FREE~SPEECH~CHILLING CONNECTICUT STATE COURT DEFAULT JUDGMENT AGAINST ALEX JONES IS BLATANTLY FRAUDULENT**

An alleged final judgment of approximately $1.43 Billion was entered against Alex Jones on December 22, 2022, in consolidated Connecticut state court defamation actions arising from or relating to the alleged December 14, 2012, mass school shooting event in Sandy Hook, Connecticut, styled as *Erica Lafferty, et al. v. Alex Emric Jones, et al.*, UWY-CV-18-6046436-S; *William Sherlach v. Alex Jones, et al.*, UWY-CV-18-6046437-S; and *William Sherlach v. Alex Emric Jones, et al.*, UWY-CV-18-6046438-S [collectively referred to as "the Connecticut defamation cases (or actions)", or "the consolidated Connecticut defamation cases (or actions)", and also previously and fully cited, *supra*].

On appeal by Jones, the Connecticut Appellate Court ruled that: "The judgments are reversed only as to the plaintiffs' CUTPA claim and the cases are remanded with direction to vacate the court's award of $150,000,000 in punitive damages pursuant to CUTPA; the judgments are affirmed in all other respects." *Erica Lafferty, et al. v. Alex Emric Jones, et al.*, No. AC 46131, slip op. at 62 (Conn. App. Ct. December 10, 2024). Thus, the Connecticut Appellate Court reduced the alleged final judgment against Alex Jones in the consolidated Connecticut defamation cases from approximately $1.43 Billion, to approximately $1.3 Billion.

The following **red flags** associated with and pointing to the fraudulent nature of the $1.3 Billion Connecticut state court judgment are obvious and impossible to miss: (1) a $1.43 Billion (now $1.3 Billion) judgment entered in consolidated defamation cases against a public figure/purported journalist, (2) by default and after appearance was made, (3) following a remand (or remands) of the consolidated Connecticut Sandy Hook cases by the federal district court for **lack of subject matter jurisdiction**, (4) in consolidated First Amendment lawfare suits. The described **red flags** point any reasonable and diligent investigator to the *Lafferty* **U.S. District Court remand file** [*Lafferty* D. Conn. Case No. 3:18-cv-01156 remand file, Trial Ct. Dckt. 112.00, 11/21/18 (Bankr. Dckt. 1120-1; Affidavit ¶ 28, and **Tab P1**) (hereinafter also designated for citation as "Remand File, **Tab P1**")] which, of course, is both part of and included in the *Lafferty* Connecticut state court case file.

How, **in the world**, could the United States District Court for the District of Connecticut have ever, possibly, lacked subject matter jurisdiction to rule on the First~Amendment~based, Anti~SLAPP[49] Special Motion to Dismiss that Alex Jones filed with said federal court in the *Lafferty* case on July 20, 2018 ?? (Remand File at 151~204, **Tab P1**) There's only one way that could possibly have happened, and that was for Alex Jones to **deliberately fail to claim federal question jurisdiction**, under 28 U.S.C. § 1331, in his July 13, 2018, Notice of Removal of the *Lafferty* case. And that is exactly what Alex Jones did[50, 51], and that is exactly what the Connecticut

---

[49] (i.e., "Strategic Lawsuit Against Public Participation")

[50] See Alex Jones' Notice of Removal in *Lafferty*, U.S. District Court Case No. 3:18-cv-01156, Doc. 1, Filed 07/13/18. (Trial Ct. Dckt. 106.00 and 112.00; Remand File at 11~18, **Tab P1**)

[51] See, also: (1) Alex Jones' Notice of Removal in *Sherlach*, U.S. District Court Case No. 3:18-cv-01269, Doc. 1, Filed 07/31/18 [attached as Exhibit A to Alex Jones' 07/31/18 *Lafferty* state court Notice of Filing Notice of Removal (of the related *Sherlach* case), *Lafferty* Trial Ct. Dckt. 110.00]; and (2) Alex Jones' Motion to Extend Deadline to Respond to Motion to Remand (stating both *Lafferty* and *Sherlach* cases

Sandy Hook Plaintiffs pointed out on the first page of their successful July 31, 2018, Motion to Remand, specifically, that: "defendants' only asserted basis for federal jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332." (Remand File at 268~293, **Tab P1**) Diversity of citizenship, as it happens, did **not** even exist on the face of the *Lafferty* Complaint.[52]

The Connecticut defamation actions against Alex Jones should **never**, following **honest** and **proper** (i.e., **non~collusive**) removals to federal court, have been back to the state and local Connecticut court, the worst possible venue for resolution of these highly~charged, highly~controversial, and highly~suspicious defamation cases. The proof is in the pudding; and the pudding here is an outrageous, First Amendment free~speech~chilling $1.43 Billion default judgment, boiled~down to a mere $1.3 Billion by the Connecticut Appellate Court after hearing the "best arguments" Alex Jones had to offer on appeal.

Significantly, in his own June 2, 2023, Connecticut Appeal Brief,[53] Alex Jones admitted **actual malice**, stating: "Mr. Jones lied about Sandy Hook. He lied to attract attention. That attention drove people to his product pages and sales of those products, presumably, increased."[54] Further, Jones expressly **disclaimed** First Amendment protections, stating: "Mr. Jones is not contending . . . that his speech was protected on First Amendment grounds."[55] By admitting **actual**

removed on asserted basis of diversity, alone). (Trial Ct. Dckt. 112.00; Remand File at 319~322, **Tab P1**)

[52] Trial Ct. Dckt. 106.00 and 112.00, Remand File at 19~61, **Tab P1**.

[53] Brief of Defendants Alex Jones and Free Speech Systems, LLC in *Lafferty, et al. v. Alex Emric Jones, et al.*, Connecticut Appellate Court Case No. AC 46131 (filed June 2, 2023). Affidavit ¶ 5, and **Tab E** (designated "Tab E_Jones' CT Appeal Brief w_o Appx. 06.02.23 Highlighted").

[54] Jones' Appeal Brief at 47, **Tab E.**

[55] *Id.* at 50.

**malice** on appeal, Alex Jones absolutely ensured the **inapplicability** of First Amendment protections to and for his speech regarding Sandy Hook.

A mere cursory review of Alex Jones' June 2, 2023, Appeal Brief, i.e., the document Alex Jones filed with the Connecticut Appellate Court to present his best arguments in defense/protection of his statements, his actions, his business(es), and his assets, would show **any** reasonable person (let alone an attorney or fraud investigator) that there was something **very wrong** with Alex Jones' defense of the consolidated Connecticut Sandy Hook defamation cases. A few more minutes spent reviewing the initial pleadings in the cases reveals unequivocal and inescapable evidence of **collusion**.

28 U.S. Code § 1331 states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." At Paragraphs 40~335 (Pgs. 5~33) of the 39~page *Lafferty* Complaint, Plaintiffs recounted, commented upon, and condemned the content, journalistic reporting, investigative methods, editorial commentary, debate positions, and identity of debaters/participants of numerous Infowars broadcasts and interviews by Alex Jones concerning the alleged Sandy Hook school shooting. All such allegations clearly implicated First Amendment issues concerning freedom of speech and of the press. Further, and **significantly**, the Connecticut Sandy Hook Plaintiffs **expressly** raised First Amendment issues in asserting: "The plaintiffs bring this action in defense of the values protected by the First Amendment to the U.S. Constitution, not in derogation of it."[56]

Alex Jones initially and **ostensibly** defended the Connecticut defamation actions as First Amendment cases, removing *Lafferty* to federal court on July 13, 2018,[57] and promptly thereafter,

[56] *Lafferty* Complaint Para. 17; Remand File at 19~61, **Tab P1**.

[57] Trial Ct. Dckt. 106.00, Remand File at 11~82, **Tab P1**.

on July 20, 2013, filing a First~Amendment~based Special [Anti~SLAPP] Motion to Dismiss Plaintiffs' Complaint in the removed action, Case No. 3:18-cv-01156.[58]

In his fifty~three (53) page Special [Anti~SLAPP] Motion to Dismiss filed in federal court on July 20, 2018, Alex Jones had **no problem** identifying *Lafferty* as a First Amendment case. Indeed, Jones' Motion to Dismiss, made pursuant to Connecticut's Anti~SLAPP statute (i.e., Conn. Gen. Stat. § 52-196a) and Fed. R. Civ. P. 12(b)(6), and relying upon the controlling authority of *N.Y. Times Co. v. Sullivan*, 376 U.S. 254 (1964), cites the First Amendment as a defense to the Sandy Hook claims eighteen (18) times.[59] But Alex Jones didn't claim federal question jurisdiction under 28 U.S.C. § 1331 ~ for cases arising under the Constitution (i.e., the First Amendment) ~ in his eight (8) page July 13, 2018, Notice of Removal of the *Lafferty* case or in his eight (8) page July 31, 2018, Notice of Removal of the *Sherlach* case.[60] This could **not** possibly have been the result of mistake or malpractice by Jones or his attorneys.

Alex Jones' obviously and deliberately~ineffective July 2018 Notices of Removal in the *Lafferty* and *Sherlach* cases constitute **operative evidence of collusion** or self~sabotage by the defense and, thus, of the **fraudulent** nature of the $1.3 Billion Connecticut state court default judgment at issue, **as a matter of law**, meaning that reasonable minds cannot reasonably differ in this regard. As stated in the undersigned's February 27, 2025, email to the Chapter 7 Trustee, sent twenty (20) days before the undersigned sought leave to intervene in Alex Jones' bankruptcy case on March 19, 2025:

> This is not a complicated case, **Trustee Murray**. **Alex Jones** and his **Randazza** law firm attorney, **Jay Wolman**, a graduate of **Cornell** and **Georgetown Law**, and a 25~year, **AV-Preeminent** rated lawyer, did **not** simply **forget**, **twice**, in removing

[58] Trial Ct. Dckt. 112.00, Remand File at 151~204, **Tab P1**.

[59] *Id.*

[60] Trial Ct. Dckt. 106.00, 110.00, and 112.00, Remand File at 11~18, **Tab P1**.

> the Lafferty and Sherlach cases to federal court in July 2018, **to claim federal question jurisdiction** under **28 U.S.C. Section 1331** to ensure the **U.S. District Court for the District of Connecticut** would have **subject matter jurisdiction** to consider and rule upon the merits of the **1st Amendment~based Special** [Anti~SLAPP] **Motion to Dismiss** they also filed with the federal court in July 2018. (Please see the attached 13~Slide **PwrPnt for Jones BR Trustee**.)
>
> This was a setup, and **Alex Jones** and his **Randazza** attorneys took an immediate and purposeful dive on the defense of the Connecticut Sandy Hook defamation cases. Based merely upon **Alex Jones'** federal court filings in July 2018 **alone**, there is **more than probable cause** for reasonable minds to conclude that the **$1.3 Billion Connecticut state court judgment** giving rise to the instant **Chapter 7** bankruptcy of **Alex Jones was fraudulently~obtained**.

(Bankr. Dckt. 1120-11)[61] [Emphasis as in original.]

Alex Jones' filing of a deliberately~ineffective Notice of Removal in *Lafferty* on July 13, 2018, followed promptly by his July 20, 2018, filing of a potentially~dispositive First~Amendment ~based, Anti~SLAPP Special Motion to Dismiss (which Jones effectively ensured would **not** be worth the paper it was written on)[62] was a cynical and sophomoric **sleight of hand** to abuse and undermine not only federal judicial process, but also the Constitution, itself, which both establishes the federal judiciary and enumerates our Bill of Rights. Jones colluded with the Connecticut Families to make a **show of a fight** in federal court, wasting the valuable time and limited resources of and **committing a fraud** on the Connecticut U.S. District Court, and generating a **false impression** among the public, via Jones' filed, but terminated Special [Anti~SLAPP] Motion to Dismiss, that well~established First Amendment jurisprudence, e.g., *N.Y. Times Co. v. Sullivan*, *supra*, is no longer valid or has been reversed.[63]

---

[61] Affidavit ¶ 28, and **Tab P11**.

[62] Remand File at 11~82 and 151~204, **Tab P1**.

[63] Remand File at 151~204 and 385~398, **Tab P1**.

**Even if** Alex Jones is afforded **plausible deniability** for his sanctionable conduct occurring after the remand of *Lafferty* back to state court in November 2018 and resulting in (1) disallowance of his refiled and unanswered Anti~SLAPP Special Motion to Dismiss on June 19, 2019,[64] and (2) the granting of a default judgment on liability on November 15, 2021[65], there is **no plausible deniability** for Alex Jones' failure to claim federal question jurisdiction for First Amendment lawfare cases he removed to federal court and thereafter defended as such in a mere **show of a fight**. Such conduct provides operative, inescapable, and conclusive evidence of **collusive fraud.**

## EXTREME ABUSE OF DISCRETION, IF ANY

"Collusion" is both defined as and occurs "when **two or more** parties secretly agree to **defraud** a third-party of their rights or accomplish an illegal purpose."[66] As emphasized, it takes two or more parties to collude, and Alex Jones didn't throw the defense of the *Lafferty* case with his very first responsive pleading[67] for no reason. Jones and the Connecticut Sandy Hook Plaintiffs colluded to **defraud** the American people of their constitutional rights, specifically, via the generation of a massive $1.43 Billion (later reduced to $1.3 Billion) default defamation judgment against a purported journalist (1) that chills free speech, investigative journalism, and public participation in the political process, all in derogation of our First Amendment rights, and (2) that serves as a punitive deterrent to further investigation or questioning of the alleged Sandy Hook

---

[64] Trial Ct. Dckt. 113.00, 114.00, and 269.00.

[65] Trial Ct. Dckt. 574.00. *Lafferty* Dckt. viewable at: civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=UWYCV186046436S

[66] Legal Encyclopedia, Legal Information Institute, Cornell Law School, https://www.law.cornell.edu/wex/collusion. [Emphasis added.]

[67] i.e., Jones' deliberately~ineffective July 13, 2018, Notice of Removal of *Lafferty* (Case No. 3:18-cv-01156 Dckt. 1; Trial Ct. Dckt. 106.00; and Remand File at 11~18, **Tab P1**).

mass school shooting event[68] and, more generally, to continued public support for gun ownership and use, all in derogation of our Second Amendment rights. This assessment isn't speculation; it's the application of common sense. The practical goals of the parties' collusion may and **should** be assessed in light of the practical effects foreseeably generated by same.

The undersigned Reporting Attorney advised U.S. S.D. Tex. Bankruptcy Judge Christopher M. Lopez of **treasonous fraud** giving rise to a $1.3 Billion default judgment debt at issue in a case before him, namely, *In re Alexander E. Jones, Debtor*, Bankr. S.D. Tex. Case No. 22-33553. Bankruptcy law does **not** allow for the provision of relief respecting debts incurred by **fraud**. Section 523(a)(2)(A) of the Bankruptcy Code states:

> A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . .
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by —
>
> (A) false pretenses, a false representation, or actual **fraud**, other than a statement respecting the debtor's or an insider's financial condition. [Emphasis added.]

The quoted statutory prohibition of Chapter 7 discharge for fraudulently~incurred debts is **absolute**. In *Bartenwerfer v. Buckley*, 598 U.S. 69 (2023), the Supreme Court of the United States **unanimously** held that debts incurred by fraud **cannot** be discharged in bankruptcy, even if the debtor didn't personally commit the fraud.

The unanimous holding in *Bartenwerfer* comports with longstanding Supreme Court jurisprudence affording **zero** judicial tolerance for **fraud** and, particularly, **fraud on the courts**. Extrinsic fraud, i.e., fraud not disclosed/ litigated in a given matter, "vitiates **every thing**" and is a proper equitable basis to set aside judgments. *United States v. Throckmorton*, 98 U.S. 61, 66

[68] (and other similar alleged mass shooting events)

(1878). [Emphasis added.] In *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)[69], a case involving remarkably similar facts, the Court revisited *Throckmorton*, *supra*, and expanded the scope of judgments that may be set aside on equitable grounds due to **fraud on the court**. The *Hazel-Atlas* Court, finding "a deliberately planned and carefully executed scheme to defraud not only the Patent Office, but the Circuit Court of Appeals", 322 U.S. at 245, stated:

> This matter does not concern only private parties. There are **issues of great moment to the public** in a patent suit. [*Citations omitted.*] Furthermore, tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which **fraud cannot complacently be tolerated** consistently with the good order of society. Surely it cannot be that preservation of the integrity of the judicial process must always wait upon the diligence of litigants. The **public welfare demands** that **the agencies of public justice** be **not** so impotent that they must always **be mute** and helpless **victims of** deception and **fraud.**
>
> * * *
>
> Equitable relief against fraudulent judgments is not of statutory creation. It is a judicially devised remedy fashioned to relieve hardships which, from time to time, arise from a hard and fast adherence to another court-made rule, the general rule that judgments should not be disturbed after the term of their entry has expired. Created to avert the evils of archaic rigidity, this equitable procedure has always been characterized by flexibility which enables it to meet new **situations which demand equitable intervention**, and to accord all the relief necessary **to correct the particular injustices** involved in these situations.

322 U.S. at 246 and 248. [Emphasis added.]

The issue of fraud or collusion was never raised or litigated in the consolidated Connecticut defamation actions for the simple reason that the parties to said cases were and are acting in collusion. Thus, the "extrinsic" **fraud** contained and operatively~evidenced within the *Lafferty* Remand File (**Tab P1**) vitiates **every thing** that follows, including, but not limited to (1) the $1.43

---

69 Partially overruled on unrelated, process/procedural grounds in *Standard Oil Co. of California v. United States*, 429 U.S. 17 (1976).

Billion default judgment eventually entered against Alex Jones in Connecticut state court[70,71] following the **engineered** remand of *Lafferty* by and from the Connecticut U.S. District Court, and (2) all rulings in Alex Jones' bankruptcy case, No. 22-33553, and related proceedings, in any way relating to or respecting the **fraudulent** *Lafferty* Connecticut state court default judgment.

In his April 22, 2025, Order Denying Motion for Leave to Intervene, S.D. Tex. U.S. Bankr. Judge Christopher M. Lopez relied on *In re Acis Cap. Mgmt.*, 604 B.R. 484, 513 (N.D. Tex. 2019), for the proposition that "a bankruptcy court is not required to grant intervention, it is permissive."[72] In fact, Judge Lopez reiterated three (3) times, in his two (2) page April 22, 2025, Order, that intervention is, indeed, **permissive**.

Fed. R. Bankr. P. 2018, regarding Intervention and Right to Be Heard, states the following regarding Permissive Intervention: "In a case under the Code, after hearing on such notice as the court directs and for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter." [Fed. R. Bankr. P. 2018(a)]

In *Acis*, *supra*, the Northern District of Texas reiterated **applicable** (i.e., **not** exclusive) standards for deciding a Fed. R. Bankr. P. 2018(a) motion for leave to intervene in a bankruptcy case, stating:

> In deciding whether to permit intervention under Rule 2018(a), courts look to **various factors**, **including** (1) whether the moving party has an economic **or similar interest** in the matter; (2) whether **the interest** of the moving party **[is] adequately represented** by the existing parties; [(3)] whether the intervention will

[70] See *Lafferty* Trial Ct. Dckt. entries for December 22, 2022, allegedly comprising a final judgment/final appealable order. Viewable at: https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=UWYCV186046436S

[71] (later reduced to $1.3 Billion by the Connecticut Appellate Court), FN 1, *supra*.

[72] Bankr. Dckt. 1129 at 1, Affidavit ¶ 30, and **Tab Q1** on USB flash drive.

> cause **undue** delay to the proceedings; and (4) whether the denial of the **movant's** request will adversely affect their **interest**.

*Acis, supra*, at 513, quoting *Pasternak & Fidis, P.C. v. Wilson*, 2014 WL 4826109, at *6 (D. Md. Sept. 23, 2014) (collecting cases). [Emphasis added.] Thus "[t]he standards under Rule 2018 and [Rule] 24 overlap." *In re Adilace Holdings, Inc.*, 548 B.R. 458, 462 (Bankr. W.D. Tex. 2016). "The decision whether to allow intervention is wholly discretionary under Rule 2018 . . . even where each required element is met." *Id.* at 463.

In *Sylvester v. Chaffe McCall*, No. 23-30003 (5th Cir. September 8, 2023), the Fifth Circuit outlined the following standards for abuse of discretion in the context of a bankruptcy case:

> "An abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard, reviewed de novo, . . . or (2) rests its decision on findings of fact that are clearly erroneous." . . . We will only overturn the factual findings of the bankruptcy court if "we are left with a 'firm and definite conviction' that the bankruptcy court committed a mistake." *In re Bradley*, 960 F.2d 502, 507 (5th Cir. 1992) (quoting in part *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

*Sylvester*, at 4. Further, "An abuse of discretion can occur if (1) the court fails to 'actually . . . exercise discretion, deciding instead as if by general rule, or even arbitrarily'; (2) the court fails to take relevant facts 'constraining its exercise' of discretion into account; or (3) its decision is based on erroneous conclusions of law or fact." *United States v. Roberson*, 188 B.R. 364, 365 (D. Md. 1995) (citing *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir.1993)).

The undersigned Reporting Attorney respectfully submits that the decision to permit intervention under Fed. R. Bankr. P. 2018(a) is wholly discretionary **within the bounds of controlling law**. <u>No</u> judicial discretion can be said to exist without scope or limit; and applicable, controlling legal authority necessarily **constrains** the range of discretion a judge may properly exercise.

What amount or level **of discretion** does a bankruptcy judge have to reject evidence of **fraud** in the generation of a default judgment debt in a **constitutionally~impactful** case that necessarily involves matters of **public importance** ?? Under the controlling authority of Section 523(a)(2)(A) of the Bankruptcy Code, *Bartenwerfer*, *supra*, *Throckmorton*, *supra*, and *Hazel-Atlas*, *supra*: **Little, if any**. And any such discretion, in such circumstances, is appropriately limited to a gatekeeping function of simply determining whether the allegation/evidence of **fraud** presented is **credible**.

The undersigned Reporting attorney respectfully submits that Judge Lopez **abused his discretion** in ruling the undersigned had no "economic or similar interest" allowing for intervention. The undersigned's oathbound duties as a state and federally~licensed attorney to protect and defend the Constitution against **treasonous fraud**, coupled with economic costs and expenses the undersigned reasonably incurred in fulfilling said oathbound duties, gave the undersigned an "economic or similar interest" sufficient for intervention in Alex Jones' bankruptcy case, No. 22-33553, where (a) the debtor and creditors were and are demonstrably engaged in a collusive and continuing **scheme** to **defraud the courts** and the **American people**, (b) the Chapter 7 Trustee failed/refused, without explanation, to fulfill his statutory obligations to investigate and report the credible allegation of fraud presented,[73] and (c) the undersigned's oathbound duties to act in protection of the viability of Constitution and the integrity of federal judicial process were and are triggered by the wrongful conduct of the colluding parties and, also, by the recalcitrant Chapter 7 Trustee.

The undersigned Reporting attorney respectfully submits that Judge Lopez **abused his discretion** in ruling "[t]he concerns raised by Young are adequately represented by existing

[73] See "Partners in Combatting Crime" article, FN 6, *supra*.

parties".[74] The undersigned sought, via contacting the Bankruptcy Court and later seeking intervention, to protect **public interests** of **public importance** at stake in Alex Jones' bankruptcy case, namely, (1) the integrity of federal judicial process (a legitimate interest/concern per *Hazel-Atlas*, *supra*), and (2) the viability of the First Amendment, against **treasonous fraud**. How can colluding parties **adequately represent** the interests of third parties they are colluding to harm ?? The legitimate and substantial interests of **public importance** for which the undersigned advocated (and continues to advocate) were and are most assuredly **not** being adequately represented by the existing parties in Alex Jones' bankruptcy case, or by the Chapter 7 Trustee, all of whom either failed or refused, even in spite of statutorily and ethically imposed duties,[75] to bring clear evidence of egregious and obvious **fraud** to the attention of the Bankruptcy Court. Judge Lopez's finding of adequate representation of the legitimate public interests at stake in Case No. 22-33553, by and among the existing and **demonstrably colluding** parties, was and is, **at the very least**, based on "findings of fact that are clearly erroneous." *Sylvester*, *supra*, at 4.

The undersigned Reporting attorney respectfully submits that Judge Lopez **abused his discretion** in ruling that "permitting intervention risks causing undue delay in a case that has been pending since December 2022."[76] Merriam-Webster defines "undue" as: "exceeding or violating propriety or fitness: excessive".[77] Delay in a court proceeding, for the purpose of allowing introduction of dispositive evidence of **collusive fraud** between the existing litigating parties, is **not** "undue". It is ironic, indeed, that, as of April 2025 (**<u>17 months ago</u>**), Judge Lopez was

[74] Bankr. Dckt. 1129 at 2, Affidavit ¶ 30, **Tab Q1** on USB flash drive.

[75] See "Partners in Combatting Crime" article, FN 6, *supra*.

[76] Bankr. Dckt. 1129 at 2, Affidavit ¶ 30, **Tab Q1** on USB flash drive.

[77] Retrieved from: https://www.merriam-webster.com/dictionary/undue

concerned with "undue delay" in a proceeding that had been pending, needlessly and unjustly, since December 2022, **and to present**, particularly because the intervention the undersigned sought, in order to present plain and operative evidence of fraud/collusion, could and, under controlling law,[78] **should** have promptly brought a termination to Alex Jones' bankruptcy case, No. 22-22553, and all related proceedings, pursuant to Section 707(b) of the Bankruptcy Code, as the same constitute a **substantial abuse** of the bankruptcy process.

In his April 22, 2025, Order Denying Motion for Leave to Intervene,[79] Judge Lopez didn't even address the fourth applicable factor listed in *Acis*, *supra*, that is to be considered in deciding a Fed. R. Bankr. P. 2018(a) motion for leave to intervene, namely, "whether the denial of the movant's request will adversely affect their interest". *Acis*, *supra*, at 513. The undersigned Reporting Attorney respectfully submits that Judge Lopez's avoidance of the fourth factor constitutes a further **abuse of discretion** and was **no accident**, as **any** discussion of said fourth factor would have made clear that Judge Lopez was denying an intervention being sought to protect interests, not just of the undersigned, but of **all Americans**, in the integrity of federal judicial process and in the sanctity/viability of our First Amendment.

Further, the **extreme level** of Judge Lopez's **abuse of discretion** is, perhaps, best exemplified by his finding of **no** relevant matters of **public importance** at issue in the Alex Jones bankruptcy case potentially justifying a stay of proceedings pending appeal and his **utterly disingenuous** statement, made during the June 5, 2025, status conference/hearing, as a rationale for such holding:

---

[78] i.e., Section 523(a)(2)(A) of the Bankruptcy Code, *Bartenwerfer*, *supra*, *Throckmorton*, *supra*, and *Hazel-Atlas*, *supra*.

[79] Bankr. Dckt. 1129, Affidavit ¶ 30, **Tab Q1** on USB flash drive.

> And for whether the granting of the stay would serve the public interest. I don't, have no -- nothing showing the public interest, and I've read all the papers.

(Bankr. Dckt. 1193, hearing transcript, at 12)[80]

In dismissing the undersigned Reporting Attorney's appeal, S.D. Tex. Senior U.S. District Ct. Judge Lee H. Rosenthal, without addressing or even describing the specifics or substance of the undersigned's peer~reviewed, federal~court~file~evidence~based allegation of **treasonous fraud**, and without addressing or even citing Section 523(a)(2)(A) of the Bankruptcy Code or *Bartenwerfer*, *supra*, both of which **unequivocally prohibit** the provision of Chapter 7 bankruptcy relief for debts incurred by **fraud**, ruled that: "The Bankruptcy Court was well within its discretion to deny intervention."[81] Judge Rosenthal, characterizing the interests the undersigned Reporting Attorney sought to protect as "attenuated and non-economic",[82] reasoned that: "The interest that Mr. Young asserts—his desire to protect the First Amendment and the judicial process—does not given him a practical stake in the bankruptcy proceeding."[83] Judge Rosenthal further ruled: "Mr. Young does not have an economic or similar interest in this case. He cannot manufacture such an interest by pointing to the filing fees, transcript fees, and 'significant economic loss' he has voluntarily incurred 'in pursuing this case without pay.'"[84] Judge Rosenthal's rulings in this regard were and are unfounded, erroneous, and contrary to controlling law.

**First**, while the interests the undersigned asserted and sought to protect, namely the sanctity/viability of the First Amendment and the integrity of federal judicial process, might be

[80] Affidavit ¶ 32, and **Tab Q5** on USB flash drive.

[81] S.D. Tex. 14 at 2, Affidavit ¶ 35, and **Tab R4** on USB flash drive.

[82] *Id.* at 3.

[83] *Id.* at 2.

[84] *Id.*

fairly characterized as "non-economic", they most certainly were and are not "attenuated", which Merriam-Webster defines as "lessened or weakened (as in amount, force, or magnitude)".[85] The U.S. Constitution is the supreme law of the land, and every federal judge is bound by the Constitution[86] and takes oaths (1) to support and defend the Constitution, pursuant to 5 U.S.C. § 3331,[87] and (2) to faithfully perform all duties under the Constitution, pursuant to 28 U.S.C. § 453.[88] The sanctity/viability of the U.S. Constitution and the integrity of federal judicial process are not "attenuated" matters in a bankruptcy proceeding; they are foundationally central to and, thus, universally relevant in **every** federal judicial proceeding of **every** type, including a bankruptcy case. Further, Congress deems matters of **public importance**, such as the sanctity/viability of the U.S. Constitution[89] and the integrity of federal judicial process[90], to be **directly relevant** in bankruptcy proceedings as is demonstrated by the enactment of 28 U.S.C. § 158(d)(2)(A)(i), which **mandates** the certification of a direct and immediate appeal to the appropriate court of appeals (i.e., in this case, the Fifth Circuit) from a bankruptcy court judgment,

---

[85] Retrieved from: https://www.merriam-webster.com/dictionary/attenuated

[86] U.S. Const. art VI, cl. 2.

[87] i.e., the "General" or "Constitutional" Oath of office that nearly all federal employees and officers, including judges, must take and pursuant to which they "solemnly swear (or affirm) that [they] will support and defend the Constitution of the United States against all enemies, foreign and domestic; [and] that [they] will bear true faith and allegiance to the same".

[88] i.e., the statutory Oaths of justices and judges, pursuant to which each judge of the United Sates swears or affirms, in pertinent part, that they "will faithfully and impartially discharge and perform all the duties incumbent upon [them] . . . under the Constitution and laws of the United States."

[89] (the **public importance** of which is aptly demonstrated by the language and requirements of the 5 U.S.C. § 3331 "Constitutional" Oath of office quoted at FN 87, *supra*)

[90] (the **public importance** of which is confirmed by Supreme Court precedent, namely, *Hazel~Atlas*, *supra*, at 246)

order, or decree where (1) certification is requested by a party to such judgment, order, or decree and (2) "the judgment, order, or decree . . . involves a matter of public importance".

On May 15, 2025, the undersigned Reporting Attorney requested certification of a direct and immediate appeal to the Fifth Circuit Court of Appeals[91] of Judge Lopez's April 22, 2025, denial of intervention[92] on two (2) statutory grounds. First, the undersigned requested certification pursuant to 28 U.S.C. § 158(d)(2)(A)(iii) on the grounds that "an immediate appeal from the Order denying intervention to present evidence of fraudulent judgment (Docket 1129) may materially advance the progress or affect the ultimate outcome or **termination** of the instant Chapter 7 case" because, "under Section 523(a)(2)(A) and Bartenwerfer, *supra*, bankruptcy relief is unequivocally **not** available for debts incurred by **fraud** or **collusion.**"[93] Second, the undersigned requested certification for a direct and immediate appeal to the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 158(d)(2)(A)(i), "as the Order herein appealed (Docket 1129) involves a matter of public importance".[94] The undersigned Reporting Attorney argued: "The Order herein appealed (Docket 1129) involves a matter of public importance because any validation of the fraudulent $1.3 Billion Connecticut state court default judgment against Alex Jones, by provision of bankruptcy relief respecting same, will further undermine the **federal judicial system** and will further damage the **1st Amendment.**"[95] In support of these assertions, the undersigned pointed to

---

[91] Bankr. Dckt. 1144, Affidavit ¶ 30, and **Tab Q3** on USB flash drive.

[92] Bankr. Dckt. 1129, Affidavit ¶ 30, and **Tab Q1** on USB flash drive.

[93] Bankr. Dckt. 1144 at 11, Affidavit ¶ 30, and **Tab Q3** on USB flash drive. [Emphasis as in original.]

[94] Bankr. Dckt. 1144 at 13, Affidavit ¶ 30, and **Tab Q3** on USB flash drive.

[95] FN 93, *supra*. [Emphasis as in original.]

the following evidence of the **public importance** of the "Alex Jones/Sandy Hook case" (i.e., the consolidated Connecticut defamation actions), stating:

> The public importance of the $1.3 Billion Connecticut state court default judgment, and of an Order (i.e., Docket 1129) keeping the **true nature** of said default judgment from being or becoming publicly known and appreciated, is also and well demonstrated by the fact that **even before** the unprecedented verdict and default judgment for $1.43 Billion was returned and entered in the fall of 2022, William & Mary Law School convened a panel of experts and published an article in the summer of 2022 titled, "**What Does the Alex Jones Case Mean for the First Amendment and Disinformation? Leading Scholars, Lawyers Provide Analysis**".[96]

Interestingly, **both** Judge Lopez (who denied the undersigned's Request for Certification Under 28 U.S.C. § 158(d)(2)(A) on June 5, 2025, when he was without jurisdiction to rule on said filing),[97] **and** Judge Rosenthal (who later vacated Judge Lopez's June 5, 2025, denial of certification, taking the matter up in her August 19, 2025, Memorandum and Opinion in the appeal),[98] employed **non sequiturs** to avoid addressing the merits of the undersigned's assertion that certification of an immediate and direct appeal was required under 28 U.S.C. § 158(d)(2)(A)(i), "as the Order herein appealed (Docket 1129) involves a matter of public importance".[99] At the June 5, 2025, status conference/hearing, Judge Lopez stated: "[158](d)(2)

---

[96] Bankr. Dckt. 1144 at 12, Affidavit ¶ 30, and **Tab Q3** on USB flash drive. [Emphasis as in original.] Original Request for Certification linking at FN5 to: Freeman, George; Lidsky, Lyrissa Barnett; Oberlander, Lynn; and Zick, Timothy, "What Does the Alex Jones Case Mean for the First Amendment and Disinformation? Leading Scholars, Lawyers Provide Analysis" (August 8, 2022). Popular Media. 591. https://scholarship.law.wm.edu/popular_media/591/

[97] See Appellant's Rule 60(b)(4) Motion to Vacate Order Denying Request for Certification of Direct Appeal, Docket 1164 (S.D. Tex. Dckt. 5) [copy **not** included with Misprision Report Package]; Appellant's Brief (S.D. Tex. Dckt. 13) at 51~54, Affidavit ¶ 33, and **Tab R3** on USB flash drive; and Memorandum and Opinion (S.D. Tex. Dckt. 14) at 4~5, Affidavit ¶ 35, and **Tab R4** on USB flash drive.

[98] S.D. Tex. Dckt. 14 at 4~5, Affidavit ¶ 35, and **Tab R4** on USB flash drive.

[99] Bankr. Dckt. 1144 at 13, Affidavit ¶ 30, and **Tab Q3** on USB flash drive.

(B)(ii) mandates that if any of the four conditions are met, I make the certification, but none of them apply here. It would involve a permissive motion to intervene in both the text and Bankruptcy Rule 2018. And the law in this district is clear that intervention is permissive."[100] The standards for permissive intervention under Fed. R. Bankr. P. 2018(a) are **neither** directly **nor** impliedly germane to the standards for certification under 28 U.S.C. § 158(d)(2)(A)(i, ii, and iii), which deal **entirely** with the nature of the matter at issue, not the status of the party seeking certification. After citing *Acis*, *supra*, as being authoritative on certification (despite the fact that certification under 28 U.S.C. § 158(d)(2)(A) was not at issue or even mentioned in *Acis*), Judge Lopez ruled: "So subsection 1 doesn't support certification. Subsection 2 also doesn't support certification. There's no conflicting decisions for the standards. And finally, an immediate appeal would not advance the progress of this case, which has been pending since 2022."[101] Thus, Judge Lopez disposed of the undersigned Reporting Attorney's request for certification of a direct and immediate appeal[102] with what amounts to a **non sequitur** ~ the application of an improper and irrelevant legal standard to the issue at hand ~ followed by a string of conclusory holdings completely ignoring the circumstances at hand.

In taking up the undersigned's Request for Certification on August 19, 2025, after vacating Judge Lopez's June 5, 2025, order denying the same, and with respect to the undersigned's request and claimed right to relief pursuant to 28 U.S.C. § 158(d)(2)(A)(i), Judge Rosenthal summarily ruled, without further explanation: "Whether the Bankruptcy Court erred in denying Mr. Young

[100] Bankr. Dckt. 1193 at 9, Affidavit ¶ 32, and **Tab Q5** on USB flash drive.

[101] Bankr. Dckt. 1193 at 9~10, Affidavit ¶ 32, and **Tab Q5** on USB flash drive.

[102] i.e., until such time as Judge Lopez's decision in this regard was vacated on August 19, 2025 (S.D. Tex. Dckt. 14 at 5, Affidavit ¶ 35, and **Tab R4** on USB flash drive).

permissive intervention is not a matter of public importance. *See id.* § 158(d)(2)(A)(i)."[103] If and when would the denial of an individual's motion for leave to intervene **ever** be a matter of public importance ?? That's a **non sequitur**. It's **not** a question of whether the procedural order denying intervention is, itself, publicly important; the issue is whether the "order . . . **involves** a matter of public importance."[104] The April 22, 2025, Order appealed,[105] and with respect to which the Request for Certification was made,[106] **involved** the undersigned's March 19, 2025, Motion for Leave to Intervene,[107] which **involved** a request to present evidence in a Chapter 7 bankruptcy of **treasonous fraud** in the generation of a notorious, **free~speech~chilling** $1.3 Billion defamation default judgment debt against the bankruptcy Debtor, a public figure and purported journalist. As asserted by the undersigned, the **involved** circumstances necessarily implicated and **involved** the sanctity/viability of the First Amendment and the integrity of federal judicial process, which are matters of undeniable **public importance**.[108] Accordingly, Judge Rosenthal **wrongfully** denied the undersigned Reporting Attorney's Request for Certification of an immediate and direct appeal to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A)(i).

**Second**, Judge Rosenthal ruled that Judge Lopez acted "well within [his] discretion to deny intervention";[109] but Judge Rosenthal failed to acknowledge that a bankruptcy judge's discretion

---

[103] S.D. Tex. Dckt. 14 at 5, Affidavit ¶ 35, and **Tab R4** on USB flash drive.

[104] 28 U.S.C. § 158(d)(2)(A)(i). [Emphasis added.]

[105] Bankr. Dckt. 1129, Affidavit ¶ 30, and **Tab Q1** on USB flash drive.

[106] Bankr. Dckt. 1144, Affidavit ¶ 30, and **Tab Q3** on USB flash drive.

[107] Bankr. Dckt. 1120, Affidavit ¶ 28, and **Tab P**.

[108] Bankr. Dckt. 1144 at 11~13, Affidavit ¶ 30, and **Tab Q3** on USB flash drive.

[109] S.D. Tex. Dckt. 14 at 2, Affidavit ¶ 35, and **Tab R4** on USB flash drive.

to deny permissive intervention under Fed. R. Bankr. P. 2018(a) is **necessarily constrained** by controlling law,[110] specifically, Section 523(a)(2)(A) of the Bankruptcy Code, *Bartenwerfer, supra*, *Throckmorton, supra*, and *Hazel-Atlas, supra*, which **unequivocally** disallow the provision of bankruptcy/judicial relief respecting judgments/judgment debts obtained by **fraud**, and which **require** proactive court measures in defense against **fraud,**[111] as "**[t]he public welfare demands** that the agencies of public justice **be not . . . mute** and helpless **victims of** deception and **fraud.**" *Hazel~Atlas, supra*, at 246. [Emphasis added.] In dismissing the undersigned Reporting Attorney's appeal, Case No. 4:25-cv-02057, Judge Rosenthal **entirely avoided** any mention whatsoever of Section 523(a)(2)(A) of the Bankruptcy Code, *Bartenwerfer, supra*, *Throckmorton, supra*, and *Hazel-Atlas, supra*, the controlling authorities cited in the undersigned Appellant's Brief[112] as **constraining** Judge Lopez's discretion under Fed. R. Bankr. P. 2018(a) and **requiring** the requested intervention for the purpose of allowing presentation of evidence of collusive **fraud.** Why did Judge Rosenthal avoid discussing the controlling authorities repeatedly cited by the undersigned Reporting Attorney ?? Because **any mention** of said controlling authorities would necessarily raise the substance and merits of the undersigned's credible, peer~reviewed, federal~court~file~evidence~based allegation of collusive **fraud**. And, for **some reason, both** Judge Lopez **and** Judge Rosenthal, at each and **every** turn, assiduously avoided even touching upon the substance or merits of the allegation of **fraud** presented.

---

[110] *Roberson, supra*, at 365.

[111] (e.g., permitting intervention by a state and federally licensed attorney asserting a credible, peer~reviewed, federal~court~file~evidence~based allegation of collusive **fraud**)

[112] S.D. Tex. Dckt. 13, Affidavit ¶ 33, and **Tab R3** on USB flash drive (see Table of Authorities, at iv~vi).

**Third**, contrary to Judge Rosenthal's characterizations, the undersigned Reporting did not "voluntarily" pursue the public case or seek intervention to fulfill a "desire" to protect the sanctity/viability of the First Amendment and the integrity of federal judicial process.[113] Rather, the undersigned, as repeatedly asserted in the undersigned's filings in Case Nos. 22-33553 and 4:25-cv-02057, was and is **duty~bound**, as a state and federally~licensed attorney, to protect and defend both the Constitution and the integrity of federal judicial process against **treasonous fraud**.

**Further**, as one owing allegiance to the United States and having knowledge of the commission of a **treason** against them (i.e., from reviewing the publicly~available *Lafferty* U.S. District Court Remand File, **Tab P1**), the undersigned was legally obligated, on pain of a potential **Misprision** charge under 18 U.S.C. § 2382, to **not** conceal and to disclose/report such known **treason/treasonous fraud** to a statutorily~designated official, e.g., a **federal judge**. And that is **exactly** what the undersigned did:

> (**1**) on March 19, 2025, by submitting a Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment in Case No. 22-33553 to S.D. Tex. U.S. Bankr. Judge Christopher M. Lopez describing the fraudulent scheme of the colluding parties (i.e., Alex Jones and the Connecticut Sandy Hook Plaintiffs) as "**treason**" or a "**treasonous**" conspiracy nine (9) times;[114]
>
> (**2**) on June 22, 2025, by submitting a Rule 8007(b) Motion for Stay of Proceedings Pending Appeal in Case No. 4:25-cv-02057 to S.D. Tex. Senior U.S. District Ct. Judge Lee H. Rosenthal pointing to unequivocal federal court file evidence of "the **collusive** and **treasonous** conduct of Alex Jones and the Connecticut Sandy Hook Families" and stating, in pertinent part:
>
>> The **News-Times** titled its June 5, 2025, article reporting on the status conference/hearing of even date, "**On Day 916 of Alex Jones' Sandy Hook bankruptcy, there's still no end in sight**". [Footnote omitted.] The **News-Times** got it wrong. There **is** an end in sight.

---

[113] S.D. Tex. Dckt. 14 at 2, Affidavit ¶ 35, and **Tab R4** on USB flash drive.

[114] Bankr. Dckt. 1120, Affidavit ¶¶ 28 and 29, and **Tab P**.

> It's to be found in the Lafferty U.S. District Court Remand File. (Docket 1120-1) It's called the **truth** and, if simply brought to light and recognized, it will put an end to the Alex Jones/Sandy Hook **abuse of federal judicial process** and **treasonous fraud** being perpetrated against the courts and the American people.[115];

**and**

(**3**) on August 7, 2025, by submitting an Appellant's Brief in Case No. 4:25-cv-02057 to S.D. Tex. Senior U.S. District Ct. Judge Lee H. Rosenthal using the word "**treasonous**" eight (8) times in describing the "Sandy Hook conspiracy" and the existing parties' collusive "**fraud**" on the courts and "**abuse of federal judicial process**".[116]

What **amount** or level **of discretion** does **any federal judge** have to reject evidence and a report of **treason/treasonous fraud** presented to them ?? Under the controlling authority of 18 U.S.C. § 2382, and in view of a federal judge's oaths of office under 5 U.S.C. § 3331 and 28 U.S.C. § 453 to support, defend, and faithfully perform all duties under the Constitution: **Little, if any**. And any such discretion, by a fair reading of 18 U.S.C. § 2382 and the reporting obligations it necessarily imposes, is appropriately limited to a gatekeeping function of simply determining whether the allegation/evidence of **treason/treasonous fraud** presented is **credible**.

As is set forth at the conclusion of the "**Attempted Notification of Bankruptcy Judge, Attempted, but Unsuccessful Intervention, and Appeal of Denial of Intervention, in Alex Jones' Chapter 7 Bankruptcy Case**" subsection above, probable cause exists for reasonable minds to believe that Judges Christopher M. Lopez and Lee H. Rosenthal violated the **misprision** statute, 18 U.S.C. § 2382, by concealing and not further and properly disclosing the undersigned Reporting Attorney's credible, peer-reviewed, and fully substantiated **reports of treason**, and

[115] S.D. Tex. Dckt. 6 at 13 and 17, Affidavit ¶ 33 and 34, and **Tab R1** on USB flash drive. [Emphasis as in original.]

[116] S.D. Tex. Dckt. 13, Affidavit ¶¶ 33 and 36, and **Tab R3** on USB flash drive. [Emphasis as in original.]

they should be charged with such crime(s) or further and formally investigated for having potentially committed the same. As is delineated above, with case~file evidentiary support, in this **"Extreme Abuse of Discretion, If Any"** section, and as is more fully set forth in the **"Probable Cause Exists for Charges"** section below, probable cause exists for reasonable minds to believe that the **criminality** of Judges Lopez and Rosenthal in Alex Jones/Sandy Hook~related cases, including, but not limited to, Case Nos. 22-33553 and 4:25-cv-02057, did **not start** and does **not end** with **misprision of treason** under 18 U.S.C. § 2382.

**THE ALLEGED DECEMBER 14, 2012, SANDY HOOK MASS SCHOOL SHOOTING WAS A DOJ~ORCHESTRATED AND MANUFACTURED SHAM EVENT**

At Page 10 of the March 19, 2025, Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment, undersigned Reporting Attorney noted:

> I do **not** seek to submit evidence or to prove herein that the underlying alleged December 14, 2012, Sandy Hook mass school shooting was a hoax. Probable cause evidence in that regard is already in the public record in the form of news camera footage from the day, time, and location of the alleged event; and the fraud and/or treason associated with the underling event may, should and, if justice prevails, will be dealt with in separate proceedings.[117]

In Jones' bankruptcy, the undersigned did **not need** to present evidence that the alleged underlying Sandy Hook mass school shooting of December 14, 2012, was a manufactured, sham event in order to present probable cause evidence of **treasonous fraud** in the generation of the $1.3 Billion Connecticut state court default judgment chiefly giving rise to said bankruptcy. Such probable cause evidence of **treasonous fraud** in the Connecticut defamation actions was and is operatively~evidenced in the *Lafferty* U.S. District Court Remand File, **Tab P1**, which the

[117] Bankr. Dckt. 1120 at 10, Affidavit ¶ 28, and **Tab P**. [Emphasis as in original.]

undersigned pointed to **repeatedly** in communications with Chapter 7 Trustee Murray and in filings submitted to Judges Lopez and Rosenthal.

Alex Jones' throwing of the defense of *Lafferty* with his very first responsive pleading[118] indicated to the undersigned Reporting Attorney that something must have been **seriously wrong** with the narrative story regarding the alleged underlying Sandy Hook school shooting event. Why else would Jones throw the defense ?? Accordingly, after the undersigned discovered the litigating parties' **collusive** and **treasonous fraud** in the consolidated Connecticut defamation actions in January 2024, due diligence and duty then required that the undersigned research the alleged underlying Sandy Hook mass school shooting event of December 14, 2012.

During the course of 2024, the undersigned Reporting Attorney researched news articles, news video clips, interviews, and documentary videos regarding the alleged Sandy Hook mass school shooting, the latter having been made by independent researchers over the decade~plus that elapsed from the time of the alleged Sandy Hook event, in December 2012, to when the undersigned discovered, in January 2024, that Alex Jones threw the defense of the Connecticut Sandy Hook defamation cases, from the get~go, in July 2018. As the undersigned came to learn in conducting such further and diligent research, Alex Jones' collusive surrender in the Sandy Hook defamation cases appears to have been part of a broader, **two~part**, and **treasonous conspiracy** against the United States, to undermine or destroy **both** our **First** and **Second Amendments.**[119]

In the undersigned Reporting Attorney's considered and professional opinion, the evidence, namely, (1) Alex Jones' case filings in the Connecticut defamation actions, and (2) network, cable, and local TV station video footage and photos from the day, time, and location of

---

[118] Remand File at 11~18, **Tab P1**.

[119] Affidavit ¶ 7.

the alleged Sandy Hook mass school shooting event, provides probable cause, at the very least, for reasonable minds to conclude that Alex Jones' "Capitulation & Betrayal" in the Connecticut Sandy Hook cases was the second and necessary stage of a massive, **two~part**, and **treasonous conspiracy** against the United States. In the first part, the horrific Sandy Hook school shooting story was concocted to turn legislators, laws, and the American people against the Second Amendment. In the second part, Alex Jones and others took purposeful dives on bogus defamation claims to hand the Connecticut Sandy Hook Plaintiffs a massive win that chills free speech, investigative journalism, and public participation in the political process. Indeed, Jones' loss and the outrageous $1.43 Billion default judgment eventually entered against him (reduced by the Connecticut Appellate Court to $1.3 Billion) appears largely designed to "scare off" further and proper scrutiny of the alleged Sandy Hook mass school shooting event. Further, the evidence identified in and attached to the Affidavit of Reporting Attorney and pointed to in this Misprision Report (written), provides undeniable proof that it was the United States Department of Justice (aka "DOJ") which orchestrated (what the undersigned asserts to be) the manufactured and sham Sandy Hook mass school shooting event of December 14, 2012.[120]

Upon discovering confirming probable cause evidence of the **two~part** and **treasonous** Sandy Hook conspiracy, the undersigned became duty~bound, as a state and federally licensed attorney, who is oathbound to support and defend the United States Constitution, to expose it. On November 1, 2024, the undersigned began publicly pursuing a public advocacy case to expose the **two~part** and **treasonous** Sandy Hook conspiracy.[121]

---

[120] Affidavit ¶ 8.

[121] Affidavit ¶ 9.

On November 1, 2024, the undersigned gave a podcast interview and exhibited a PowerPoint presentation on the undersigned's public case to expose Alex Jones/Sandy Hook conspiracy titled "Operation Madcap" (title and theme deriving from the movie "Tombstone"). The interview host, Victor~Hugo Vaca II, headlined the podcast as "Alex Jones Sandy Hook Case Bares Weaponized DOJ Controlled Opposition Used to Curb 1st 2nd Amendment", and it may be viewed on the "VictorHugoArt" Rumble channel at rumble.com/v5l9ndc-alex-jones-sandy-hook-case-bares-weaponized-doj-controlled-opposition-used-.html?playlist_id=AJkOYcgkw2c.[122]

In early November 2024, the undersigned began creation of a documented, chronological, and fully illustrated case file page, for the undersigned's public case to expose the overall, two~part, and treasonous Sandy Hook conspiracy, which is presented on the undersigned's Art & Advocacy website at https://www.alwayswyn.com/operation-madcap.[123]

On November 11, 2024, the undersigned Reporting Attorney issued a Public Statement and Request for Action regarding Sandy Hook: A Two~Part, Treasonous Conspiracy to Undermine or Destroy the First and Second Amendments, via blast email, to a group of approximately 250 persons, consisting primarily of journalists, podcasters, doctors, activists, attorneys, and retired U.S. military personnel (i.e., the undersigned's "Patriots" email list).[124] Along with the Public Statement and Request for Action, the undersigned prepared and attached an Abridged Highlights Version of the full Operation "Madcap" PowerPoint presentation of November 1, 2024.[125]

---

[122] Affidavit ¶ 10.

[123] Affidavit ¶ 11.

[124] Affidavit ¶ 12, and **Tabs G1** and **G2** on USB flash drive.

[125] Affidavit ¶ 12, and **Tab H** (PDF document).

In early December 2024, the undersigned prepared, and, on December 14, 2024, the twelfth (12th) anniversary of the alleged Sandy Hook mass school shooting event, the undersigned published to the undersigned's "Always Wyn" Rumble channel, a 43~minute compilation documentary evidentiary video, titled "My Sandy Hook Video Scrapbook" (also referred to herein by the acronym "MSHVS"), which contains, embodies, and/or points to the entirety of the **substantive evidence** the undersigned offers and presents [in the undersigned's aforementioned public case and in the Misprision Report Package of which this Misprision Report (written) is a part] to establish probable cause for reasonable minds to believe that the alleged Sandy Hook, Connecticut, mass school shooting of December 14, 2012, was a manufactured and sham event, orchestrated by the DOJ.[126] A true and accurate copy of the 43~minute "My Sandy Hook Video Scrapbook" MP4 video is attached/copied to the USB flash drive at **Tab I9** (designated "Tab I9_My Sandy Hook Video Scrapbook"). The "My Sandy Hook Video Scrapbook" video is also available for viewing on the undersigned's "Always Wyn" Rumble channel at: https://rumble.com/v5zc94k-always-wyn-episode-3-my-sandy-hook-video-scrapbook.html?e9s=src_v1_clr%2Csrc_v1_ucp_a.[127]

In response to the undersigned's November 11, 2024, Public Statement and Request for Action and email attaching same, the undersigned was contacted by one of the addressees/ recipients of said email, world~renowned psychiatrist, Dr. Rima E. Laibow, MD, with whom the undersigned had not previously spoken, and was invited by Dr. Laibow to appear on two (2) livestream podcasts she hosted at the time, being "Catalytic Conversations" and "Dr. Rima Laibow Truth Reports", on December 14, 2024, and December 17, 2024, respectively, to present the

[126] Affidavit ¶ 13, MSHVS, **Tab I9** on USB flash drive.

[127] *Id.*

undersigned's public case regarding Sandy Hook: A Two~Part, Treasonous Conspiracy to Undermine or Destroy the First and Second Amendments (i.e., the subject of the undersigned's November 11, 2024, Public Statement and Request for Action). The undersigned appeared for both livestream interviews with Dr. Laibow, as invited and scheduled, on December 14 and 17, 2024. The "Catalytic Conversations with Guest Wyn Young 14th Dec 2024" livestream (2 hours, 18 minutes in length) was posted to, and it remains available on the "PeopleForPeople2022" Rumble channel at rumble.com/v5zcvh5-catalytic-conversations.html?playlist_id=AJkOYcgkw2c. The December 17, 2024, "Dr. Rima Laibow Truth Reports with Guest Wyn Young" livestream (1 hour, 54 minutes in length) was posted to, and it remains available on the "PeopleForPeople2022" Rumble channel at rumble.com/v60c1v5-dr.-rima-laibow-truth-reports-with-guest-wyn-young11-pm-uk-3-pm-pacific-5-p.html?playlist_id=AJkOYcgkw2c.[128]

During the "Catalytic Conversations with Guest Wyn Young 14th Dec 2024" livestream interview, the undersigned played, and Dr. Laibow watched, the entirety of the just~published, 43~minute "My Sandy Hook Video Scrapbook" video (**Tab I9** on USB flash drive) which, again, contains, embodies, and/or points to the entirety of the **substantive evidence** the undersigned offers and presents to establish probable cause for reasonable minds to believe that the alleged Sandy Hook, Connecticut, mass school shooting of December 14, 2012, was a manufactured and sham event, orchestrated by the DOJ. During the December 17, 2024, "Dr. Rima Laibow Truth Reports with Guest Wyn Young" livestream interview, the undersigned played only the 16~minute "Sloppy Sniper" segment of, and showed some screenshots from, the aforementioned "My Sandy Hook Video Scrapbook" video (**Tab I9** on USB flash drive), which portions of said video Dr.

[128] Affidavit ¶ 14.

Laibow thus viewed, for a second time, within a three (3) day period.[129] Attached/copied at **Tab J1** of the attached USB flash drive is a true and accurate 3~minute MP4 video clip of the December 17, 2024, "Dr. Rima Laibow Truth Reports with Guest Wyn Young" livestream interview, together with opening title and closing/bookend slides prepared by the undersigned.[130]

As is well demonstrated in the 3~minute video clip of the second, December 17, 2024, interview (**Tab JI** on USB flash drive), and after spending more than four (4) hours between the two (2) interviews/livestreams of December 14th and 17th watching and listening to the undersigned's (repeated) presentation, which included a full viewing of MSHVS on December 14th, and a second, partial viewing of MSHVS on December 17th, Dr. Rima Laibow, a world~renowned psychiatrist, with more than fifty (50) years of experience and active licensure in two (2) states, found the undersigned Reporting Attorney's two~part case, exposing the **two~part** and **treasonous** Sandy Hook conspiracy, to be **very compelling.**[131]

While Dr. Rima Laibow's strong endorsement of the undersigned Reporting Attorney's two~part public case showing Sandy Hook to be a **two~part** and **treasonous** conspiracy against the United States provides compelling evidence of the credibility of this report of treason and related offenses, the undersigned points to/offers such evidence **more specifically** to demonstrate that, given its endorsement as "[compelling]" by a **psychiatrist** with more than fifty (50) years of

[129] Affidavit ¶ 15.

[130] Affidavit ¶ 15, and **Tab J1** on USB flash drive.

[131] See Affidavit ¶¶ 14 and 15, and: (1) the "Catalytic Conversations with Guest Wyn Young 14th Dec 2024" livestream posted to and available on the "PeopleForPeople2022" Rumble channel at https://rumble.com/v5zcvh5-catalytic-conversations.html?playlist_id=AJkOYcgkw2c; (2) the December 17, 2024, "Dr. Rima Laibow Truth Reports with Guest Wyn Young" livestream posted to available on the "PeopleForPeople2022" Rumble channel at https://rumble.com/v60c1v5-dr.-rima-laibow-truth-reports-with-guest-wyn-young11-pm-uk-3-pm-pacific-5-p.html?playlist_id=AJkOYcgkw2c, and (3) **Tab J1** on USB flash drive (designated "Tab J1_Laibow ~ Young Truth Reports Mini Wyn Clip 12.17.24").

experience and actively~registered licensure in two (2) states, namely, New York and Arizona,[132] the undersigned's public case (and the undersigned Reporting Attorney) may **not, as a matter of law** (the undersigned would respectfully submit), be simply dismissed, or rejected offhand, as "unhinged" or "**crazy**". ;-)

On December 15, 2024, the undersigned Reporting Attorney issued a second public statement, sent via blast email by the undersigned to substantially the same group of approximately 250 addressees listed on the undersigned's "Patriots" email list identified above, with the subject heading, "Sandy Hook and Alex Jones ~ Part II", linking to MSHVS on the undersigned's "Always Wyn" Rumble channel, and stating, in pertinent part:

> While "**Operation Madcap**" fully covers Alex Jones' purposeful dive on the Connecticut Sandy Hook lawfare defamation suits, Always Wyn Episode 3 ~ My Sandy Hook Video Scrapbook (published 12/14/24) goes back 12 years in time to take a closer look at the **alleged** December 14, 2012, school shooting massacre. The video description for the Scrapbook is as follows:
>
>> Probable cause exists to believe that Sandy Hook was and is a two~part and treasonous conspiracy to undermine or destroy the 1st and 2nd Amendments.
>>
>> In short, the shooting was a hoax, and Alex Jones took a purposeful dive on defending against the related Connecticut lawfare defamation suits.
>>
>> You can find my full legal analysis on Alex Jones' Capitulation & Betrayal in the Connecticut Sandy Hook defamation cases at AlwaysWyn.com/operation-madcap.
>>
>> If you value Truth, justice, and the America we always envisioned and hoped for, then please consider sharing this important video.

[132] Affidavit ¶ 15, and **Tabs J3** and **J4** on USB flash drive (designated "Tab J3_Rima E. Laibow, MD NY Licensure Info July 2026" and "Tab J4_Rima E. Laibow, MD AZ Licensure Info July 2026").

> The above really does say it all. I ask that all who value our freedoms and **Bill of Rights** take just a bit of time to watch the linked videos and consider sharing the same.[133]

On December 23, 2024, Todd S. Callender (Colorado Bar No. 25981), another 30~year attorney with a spotless record before his state's bar, and an addressee on the undersigned's "Patriots" email list, sent a reply~to~all email in response to the undersigned's aforementioned second public statement blast email of December 15, 2024, titled "Sandy Hook and Alex Jones ~ Part II" (**Tab K**), stating: "Exactly right. What now Wyn. [sic] We aren't going to get anywhere with the govt. [M]aybe a state AG?"[134]

Upon invitation, the undersigned appeared for a January 15, 2025, livestream interview regarding the undersigned's public case exposing the **two~part** and **treasonous** Sandy Hook conspiracy on Attorney Callender's podcast, "Truth Be Told". The January 15, 2025, "Truth Be Told" livestream, "The Sandy Hook Scandal with Wyn Young" (57 minutes, 33 seconds in length), was posted to, and it remains available on Attorney Callender's "Vaxxchoice" Rumble channel at https://rumble.com/v69naqm-truth-be-told-with-r.-wyn-young.html?playlist_id=AJkOYcgkw2c. Attached/copied at **Tab M** of the attached USB flash drive is a true and accurate, nearly 13~minute MP4 video clip of the January 15, 2025, "Truth Be Told" livestream interview, together with opening title and closing/bookend slides, and musical accompaniment for same, prepared and published by the undersigned in January 2025, titled "F!! The Diaz Brothers". The "F!! The Diaz

---

[133] Affidavit ¶ 16, and **Tab K** [designated "Tab K_SE(Patriots List) re_Sandy Hook and Alex Jones ~ Part II 12.15.24"]. [Emphasis and hyperlinking as in original.]

[134] Affidavit ¶ 17, and **Tabs L1** and **L2** on USB flash drive [designated "Tab L1_Atty Callender's Endorsement of RWY's Two~Part AJ_SH Public Case 12.23.24" and "Tab L2_Todd S. Callender (CO Bar No. 25981) Atty Profile (July 2026)"].

Brothers" clip video is also available for viewing on the undersigned's "Always Wyn" Rumble channel at: rumble.com/v6aan2a-f-the-diaz-brothers.html.[135]

In the "F!! The Diaz Brothers" clip from the January 15, 2025, "Truth Be Told" livestream (**Tab M1** on USB flash drive), which includes a portion of the undersigned's earlier December 17, 2024, interview with Dr. Rima Laibow (i.e., replayed during the "Truth Be Told" livestream), Attorney Callender agrees with the undersigned's argument that, given the underlying alleged shooting event of December 14, 2012, was a provable hoax, the Sandy Hook families would not have sued Alex Jones, or anyone else, for defamation unless they knew that person would take a dive (i.e., capitulate) on the defense, because (1) there was/is no evidence to prove the alleged underlying shooting event and resulting deaths, and (2) filing suit against anyone who wasn't in on the conspiracy would expose the claimants to risk of potential criminal liability (i.e., a trip to "The Big House"). During the January 15, 2025, livestream with Attorney Callender, the undersigned also identified **Wolfgang Halbig** and **Dr. James Fetzer**, well~known figures in the Sandy Hook "truth community", as likely co~conspirators in the general Sandy Hook conspiracy, given that, like Alex Jones, they were both sued by alleged Sandy Hook family members for defamation and, like Alex Jones, they both took dives (i.e. capitulated) on the defense of the respective cases against them [i.e., **Halbig**, a co~defendant in *Lafferty*, by consenting to Alex Jones' blatantly faulty Notice of Removal which failed to claim federal question jurisdiction for the First Amendment SLAPP suit;[136] and **Fetzer**, a college professor separately sued in his home state of Wisconsin by alleged Sandy Hook parent Leonard Pozner, by not obtaining publisher's liability insurance for his book "Nobody Died at Sandy Hook", which would have provided

[135] Affidavit ¶ 18, and **Tab M1** on USB flash drive (designated "Tab M1_F The Diaz Brothers Wyn Clip").

[136] Remand File at 11~82, **Tab P1**.

coverage for and a **controlled, competent defense** to such claim, and, instead, by representing himself *pro se* through all proceedings, resulting in a massive adverse judgment on court~ordered liability], just as the undersigned argued, and Attorney Callender agreed, **anyone** sued by the Sandy Hook fraudsters would.[137]

Starting on or about January 29, 2025, the undersigned Reporting Attorney began receiving dozens of harassing, intimidating, and threatening telephone voice mail messages from **Bill Bonitati**, a resident of Connecticut, former linebacker for the New England Patriots, and "associate" of **Dr. James Fetzer**. The undersigned blocked Mr. Bonitati's number, but the undersigned's cell phone plan did not allow for the blocking of voice messages from any caller. The undersigned did not know and had no communications of any sort with Mr. Bonitati prior to January 29, 2025. In multiple voice mail messages he left for the undersigned, Mr. Bonitati expressly admitted that he was acting at the behest of or in conjunction with Dr. James Fetzer, was in contemporaneous telephone communications with Dr. Fetzer regarding the calls being made to the undersigned, and was seeking to convince the undersigned to retract or discontinue with efforts, in the undersigned's public case, to identify Dr. James Fetzer and Wolfgang Halbig as likely co~conspirators, along with Alex Jones, in the broader, **two~part** and **treasonous** Sandy Hook conspiracy against the United States. After sending Mr. Bonitati cease and desist demands via text and email on January 30, 2025, and experiencing not a cessation, but rather an increase in the level of harassment, the undersigned called the Mansfield, Ohio, office of or contact number for the **FBI** and was advised to complete a report via tips.fbi.gov. Attached hereto at **Tab O** is a true and accurate screenshot of the confirmation the undersigned received upon completing a February 7, 2025, tips.fbi.gov report and complaint against **Bill Bonitati** and **Dr. James Fetzer** asserting

[137] Affidavit ¶¶ 19 and 20, and **Tab M1** on USB flash drive.

thirty~six (36) separate violations of 18 U.S.C. §§ 875, 1512, and 1503 (or related sections), one (1) for each harassing, threatening, and intimidating voice message Mr. Bonitati left for the undersigned, the number of such voice messages having been limited only by the maximum capacity of the undersigned's voice mail message inbox.[138]

On or about February 10, 2025, the undersigned Reporting Attorney received a telephone call from and spoke for a few minutes with Special Agent Jake Hollister of the Cleveland Division of the **FBI** in follow~up to the undersigned's aforementioned February 7, 2025, complaint/report submitted against **Bill Bonitati** and **Dr. James Fetzer.**[139] Thereafter, and also on February 10, 2025, the undersigned emailed FBI Special Agent Hollister to generally confirm matters discussed during the telephone conversation earlier that day and to provide items of evidence in support of the undersigned's complaint/report, including electronic copies of the thirty~six (36) harassing, intimidating, and threatening telephone voice mail messages **Bill Bonitati** delivered to the undersigned.[140]

Not hearing anything in response to said February 10, 2025, email, the undersigned again emailed FBI Special Agent Hollister on February 18, 2025, to inquire as to the status of the **FBI's investigation** of the complaint/report submitted by the undersigned and to advise of ongoing and expanding criminal intimidation activities by **Bill Bonitati** and **Dr. James Fetzer**, so as to include Victor~Hugo Vaca II, the journalist to whom the undersigned gave the aforementioned November 1, 2024, podcast interview. Thereafter, and also on February 18, 2025, the undersigned received a

---

[138] Affidavit ¶ 21, and **Tab O1** on USB flash drive (designated "Tab O1_FBI Tip Conf re_Bonitati & Fetzer 02.07.25").

[139] Affidavit ¶ 22.

[140] Affidavit ¶ 23.

responsive email from FBI Special Agent Hollister acknowledging the undersigned's emails of February 10 and 18, 2025, advising of the status of his investigation, and requesting more information in order to determine whether the undersigned's complaint/report would be passed along to the U.S. Attorney's Office or "referred to local law enforcement"; specifically, FBI Special Agent Hollister requested additional proof of or grounds for an agency relationship as between **Dr. Fetzer** and **Mr. Bonitati** and identification of the platform through which said individuals had acted to harass and/or "dox" Mr. Vaca.[141]

On February 19, 2025, the undersigned sent FBI Special agent Hollister a reply email further detailing the grounds for a finding of agency as between **Dr. Fetzer** and **Mr. Bonitati**; providing the basic elements of the undersigned's public case to expose the **two~part** and **treasonous** Sandy Hook conspiracy, which Dr. Fetzer and Mr. Bonitati's criminal acts were serving to protect, **continue**, and further; advising that the **FBI/DOJ** was **conflicted** due to its **publicly~apparent involvement** in the alleged Sandy Hook mass school shooting event of December 14, 2012 (see MSHVS, **Tab I9** on USB flash drive); demanding that **Attorney General Pam Bondi** be immediately advised of the **FBI/DOJ's conflict of interest** in the matter "because probable cause exists to believe the fraudulent underlying Sandy Hook shooting event of **December 14, 2012**, was criminally orchestrated/implemented by, among others, former or current **DOJ** personnel" [emphasis as in original]; and demanding that **President Donald J. Trump** also be immediately advised of the undersigned's public case, asserting, in pertinent part, "because probable cause exists to believe that Sandy Hook was and is a two~part and treasonous conspiracy against the United States to undermine or destroy our **1st** and **2nd Amendments**, because a federal grand jury **<u>cannot be</u>** seated in the **District of Connecticut** to investigate the treasonous

---

[141] Affidavit ¶ 23.

conspiracy due to actual or perceived local prejudice, and because it is incumbent upon the president to appoint a special counsel".[142] [Emphasis as in original.]

The undersigned Reporting Attorney received no written response to the undersigned's February 19, 2025, reply email to FBI Special Agent Hollister. Instead, FBI Special Agent Hollister telephoned the undersigned sometime shortly after February 19, 2025, and advised that the FBI/U.S. Attorney's Office would **not** be further pursuing the matter of the undersigned's complaint/report against **Dr. James Fetzer** and **Bill Bonitati**, considering it to be a matter for local law enforcement. FBI Special Agent Hollister **refused** to state whether he had communicated with the Cleveland U.S. Attorney's Office, **refused** to identify any attorney he might have spoken with at the U.S. Attorney's Office, and **refused** the undersigned's reiterated demands for (1) immediate notification of **Attorney General Bondi** of the **FBI/DOJ's conflict of interest** in the Sandy Hook and **related** Fetzer and Bonitati matters, and (2) immediate notification of **President Trump** of the undersigned's credible and peer~reviewed report on the **two~part** and **treasonous** Sandy Hook conspiracy, before yelling "I don't take orders from you!!" and hanging up on the undersigned.[143]

As previously and repeatedly set forth, the 43~minute "My Sandy Hook Video Scrapbook" video (**Tab I9** on USB flash drive) contains, embodies, and/or points to the entirety of the **substantive** evidence the undersigned offers and presents to establish probable cause for reasonable minds to believe that the alleged Sandy Hook, Connecticut, mass school shooting of December 14, 2012, was a manufactured and sham event, orchestrated by the DOJ. It must be noted, however, and the undersigned respectfully submits the above makes it rather clear, that the

---

[142] Affidavit ¶ 23, and **Tab O2** on USB flash drive [designated "Tab O2_EW(FBI Sp. Ag. Hollister) re_Atty Intim (w_Orig HL'ing, w_o Attach) Feb. 10 thru 19, 2025"].

[143] Affidavit ¶ 24.

undersigned's public case **necessarily points to** and has, itself, generated a plethora of **circumstantial, after~the~fact evidence** further demonstrating probable cause for reasonable minds to believe Sandy Hook was a manufactured and sham event, orchestrated by the DOJ.

First, the most obvious and strongest **after~the~fact, circumstantial evidence** that Sandy Hook was a **hoax** is the fact that **every** defendant in **every** Sandy Hook defamation case (filed in three separate jurisdictions, i.e., Connecticut, Texas, and Wisconsin) took a dive on their defense, in some manner, allowing **every** one of the Sandy Hook SLAPP suits to magically get past the ironclad, 60~year~old precedent of *N.Y. Times Co. v. Sullivan*, *supra*,[144] and to achieve a sizable judgment on court~ordered liability. Common sense says that the curiously catastrophic defense in **every** case wasn't coincidental; it was coordinated collusion, corruption, and conspiracy.

Further **after~the~fact, circumstantial evidence** that Sandy Hook was a **hoax** is shown in and by (**a**) the intimidation and harassment the undersigned Reporting Attorney endured at the hands of likely co~conspirators in the Sandy Hook conspiracy, namely, **Dr. James Fetzer** and **Bill Bonitati**, in likely violation of 18 U.S.C. §§ 875, 1512, and 1503 (or related sections), (**b**) the **conflicted FBI/DOJ's** refusal to enforce said federal criminal statutes against **Fetzer** and **Bonitati**, who, again, are likely co~conspirators in the general Sandy Hook conspiracy, (**c**) the **conflicted FBI/DOJ's** refusal to inform **Attorney General Pam Bondi** of the FBI/DOJ's conflict in the related Sandy Hook and Fetzer/Bonitati matters, (**d**) the **conflicted FBI/DOJ's** refusal to inform **President Donald J. Trump** of the undersigned's peer~reviewed, federal~court~file~ evidence~based allegation of **treason** against the United States and our First and Second Amendments in the two~part, general Sandy Hook conspiracy, and (**e**) the refusal of **federal**

[144] [the **actual malice** standard of which **should** have put quick endings to the Sandy Hook defamation cases, even if the underlying event was real (which it demonstrably was **not**)]

**courts** to admit and give due consideration to the merits of a properly~submitted, peer~reviewed, federal~court~file~evidence~based allegation of **treasonous fraud**.

Finally in this regard, the **Remand File** for the removed and remanded *Lafferty* federal case, D. Conn. No. 3:18-cv-01156 (Trial Ct. Dckt. 112.00; Bankr. Dckt. 1120-1; Affidavit ¶ 28, and **Tab P1**) contains an **after~the~fact admission**, by the FBI/DOJ, that, in and of itself, and **as a matter of law**, provides probable cause evidence that the alleged December 14, 2012, Sandy Hook mass school shooting was a **manufactured, sham** event. The Remand File (**Tab P1**), at Pages 197~201, includes Exhibit 1 to Alex Jones' July 20, 2018, Special [Anti~SLAPP] Motion to Dismiss in *Lafferty*, designated by Jones as "'Crime in the United States 2012' Federal Bureau of Investigation Table 8, Connecticut", and being a four (4) page record published by the Criminal Justice Information Services Division of the FBI/DOJ, titled "Crime in the United States 2012", and showing that there were **zero (0) Murder(s) and nonnegligent manslaughter(s)** in Newtown, Connecticut,[145] in 2012. See, also, the **composite image** of said FBI/DOJ "Crime in the United States 2012" record (from the "Sandy Hook Hoax Smoking Gun Slide Gallery" section of AlwaysWyn.com/operation-madcap, Affidavit ¶ 11) attached at the **Probable Cause Exists for Charges** Section below.

Attorney Todd Callender's December 23, 2024, **unequivocal written and public endorsement** of the undersigned Reporting Attorney's two~part public case showing Sandy Hook to be a **two~part** and **treasonous** conspiracy against the United States, coupled with Attorney Callender's agreement (during the January 15, 2025, "Truth Be Told" livestream podcast interview) with the undersigned's ancillary argument regarding the likely culpability of **Dr. James**

---

[145] i.e., where the Sandy Hook elementary school was (is) located [Sandy Hook is a village within the town of Newtown, CT, and the Sandy Hook elementary school was (is) part of the Newtown Public School District]. See newtown.k12.ct.us.

**Fetzer** and **Wolfgang Halbig** in the general Sandy Hook **treasonous** conspiracy, arguably raise and lend a **legal presumption of credibility** for and to this **report of treason** and related offenses.[146] As it turned out, the undersigned's Alex Jones/Sandy Hook public case received **four (4) more** attorney endorsements in 2025, **each** of which came from a member of the Bar of the Supreme Court of the United States, and **each** of which, though technically tacit, is logically necessary and **legally operative** under the circumstances involved.

It should also be noted that the Abridged Highlights Version of the undersigned's November 1, 2024, Operation "Madcap" PowerPoint presentation/interview (**Tab H**)[147] includes the following note at Slide 18 of 23: "To be clear, In reviewing the case filings, I find no fault or error by any court that adjudicated any matter associated with the consolidated Connecticut Sandy Hook cases. I assign 100% blame for the adverse judgment to Alex Jones and his attorneys." The undersigned included this note for two (2) reasons. First, the court filings by the litigating parties in the Connecticut defamation cases were and are sufficient to demonstrate **treasonous fraud.** Second, as of November 1, 2024, the undersigned Reporting Attorney had **only reasonable suspicion** of criminality on the part of **any** judge (**1**) who would mutely allow litigating parties to defeat federal court subject matter jurisdiction, in significant and related First Amendment lawfare cases, with obviously and deliberately deficient notices of removal, (**2**) who would default an appearing and defending world~famous (purported) journalist on the issue of liability in a significant First Amendment/public discourse public figure defamation action arising from a highly controversial matter of public concern, i.e., the alleged Sandy Hook mass school shooting, and then uphold a runaway, **free~speech~chilling** damages verdict against such defendant, and/or

[146] Affidavit ¶¶ 16~19, and **Tabs K, L1, L2,** and **M1** on USB flash drive.

[147] Affidavit ¶ 12 and **Tab H.**

(**3**) who would preside over a years~long and farcical Chapter 7 bankruptcy case arising from a **blatantly fraudulent** $1.43 **Billion** (later reduced to $1.3 **Billion**) default defamation damages judgment against a world~famous (purported) journalist.

To place **any** blame on **any** judge, the undersigned Reporting Attorney needed **probable cause evidence** of broad~based criminality in the federal judiciary respecting/regarding Sandy Hook that would allow for assignment of Sandy Hook cases only to judges (federal or state) who would tolerate, permit, and facilitate **treasonous fraud**, i.e., who were and are in on the **treasonous** conspiracy. Unfortunately, but also **undeniably**, the undersigned Reporting Attorney's litigation in 2025, of the undersigned's public case to expose the Alex Jones/Sandy Hook **treasonous** conspiracy, in the matters of (**1**) *In re Alexander E. Jones, Debtor*, Bankr. S.D. Tex. Case No. 22-33553; (**2**) *In re Alexander E. Jones, Debtor, Robert Wyn Young, Appellant*, S.D. Tex. Civil Action Case No. 4:25-cv-02057; and (**3**) *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, S. Ct. Case No. 25-268, produced **probable cause evidence** of broad~based, **systemic criminality** in the federal judiciary (and beyond) regarding Sandy Hook.

## TREACHERY REIGNS SUPREME

In July 2025, Justice Sonia Sotomayor granted Alex Jones an extension of time until September 5, 2025, to file a petition for a writ of certiorari to pursue an appeal of the $1.3 Billion Connecticut state court default judgment in *Lafferty*.[148] In early August 2025, the undersigned Reporting Attorney began searching for necessary sponsorship, and assistance with sponsorship, by and from existing members of the Bar of the Supreme Court of the United States (the "Bar of

[148] See Alex Emric *Jones, et al., Applicants v. Lafferty, et al.*, S. Ct. No. 25A7, at: https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/25a7.html

the Court"), to gain admission to the Bar of the Court, pursuant to Supreme Court Rule 5,[149] in order to then file an amicus brief, pursuant to Supreme Court Rule 37, in opposition to any petition for a writ of certiorari that Alex Jones might potentially file on or before the September 5, 2025, deadline, which would support no party but would, instead, inform the Court of the **treasonous fraud** and collusion producing the outrageous, **free~speech~chilling** $1.3 Billion *Lafferty* Connecticut state court default judgment.[150]

On or about August 12, 2025, the undersigned Reporting Attorney received a referral to a potential sponsor and member of the Bar of the Court, Attorney Bruce Lee Castor, Jr. (PA Attorney ID: 46370) of the Norristown, Pennsylvania, firm, van der Veen, Hartshorn, and Levin (hereinafter referred to as "Attorney Castor"). On August 13, 2025, the undersigned sent Attorney Castor an email with the self~explanatory subject line, "Ohio Attorney Seeking Assistance with Supreme Court Bar Sponsorship to File Amicus Brief", providing a brief description of the undersigned's public case to expose the "two~part and **treasonous Sandy Hook** conspiracy" [emphasis as in original], and attaching copies of (1) the undersigned's Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment in Alex Jones' bankruptcy case (**Tab P**) and (2) the undersigned's Appellant's Brief in the appeal of the denial of such requested intervention (**Tab R3** on USB flash drive). On August 15, 2025, Attorney Castor sent the undersigned a responsive email stating, in pertinent part, that he didn't "have time to [wade] through all the things" the undersigned sent, but that he was "willing to discuss the issues with [the undersigned] and determine whether [he could] be of assistance" sometime the following week, and Attorney Castor

---

[149] (admission, per S. Ct. Rule 5.2, requires sponsorship by two existing members of the Bar of the Court)

[150] Affidavit ¶ 37.

invited the undersigned to follow~up with his assistant. In an August 16, 2025, reply email, the undersigned thanked Attorney Castor and expressed intention to follow~up with Attorney Castor's assistant to schedule a telephone conference during the week of August 18th, 2025.[151]

On August 19, 2025, the undersigned Reporting Attorney had an approximately 40~minute scheduled telephone conversation with Attorney Castor, during which the undersigned orally presented the main components of the undersigned's public case to expose the **two~part** and **treasonous** Alex Jones/Sandy Hook conspiracy. During the course of the conversation, which the undersigned did not record, Attorney Castor expressed **no** objection to or question with the first part of the undersigned's public case, concerning Alex Jones' purposeful capitulation in the Connecticut Sandy Hook defamation cases.[152] However, Attorney Castor expressed a considerable degree of skepticism concerning the second part of the undersigned's public case, i.e., asserting that the alleged Sandy Hook mass school shooting of December 14, 2012, was a sham event, by pointedly inquiring: "Do you mean to tell me this was a manufactured event and the Sandy Hook graves are empty ?!", to which the undersigned responded: "Yes." Despite his expressed skepticism, Attorney Castor invited the undersigned to send him whatever information/evidence the undersigned might offer in support of the contention that Sandy Hook was a sham event.[153]

**Significantly**, during the course of the aforementioned telephone conversation of August 19, 2025, Attorney Castor informed the undersigned Reporting Attorney that he serves as personal, outside counsel to **President Donald J. Trump** (a fact of which the undersigned, prior to that

---

[151] Affidavit ¶ 38, and **Tab S1** on USB flash drive [designated "Tab S1_EW(Atty Castor) re_OH Atty Seeking Assist. w_S. Ct. Bar Sponsorship w_o Attach Aug. 13-16, 2025"].

[152] (i.e., the same being operatively evidenced by Jones' repeated failure to claim federal question jurisdiction, under 28 U.S.C. § 1331, on removal of First Amendment SLAPP suits to federal court) (**Tab P1**)

[153] Affidavit ¶ 39.

time, was unaware) and that he would need to both consult with **President Trump** regarding, and obtain **President Trump's** approval for, any Supreme Court Bar sponsorship Attorney Castor might provide on the undersigned's behalf, as Attorney Castor's doing so "would be seen as President Trump sponsoring" the undersigned. In response to said revelation, the undersigned stated that, regardless of the issue of the undersigned's admission to the Bar of the Court, it was in any event essential that **President Trump** be advised of the undersigned's public case exposing the **two~part** and **treasonous** Sandy Hook conspiracy against the United States so that **President Trump** could make an informed and necessary appointment of a **special counsel** to further investigate and prosecute the entire conspiracy. Attorney Castor reiterated his invitation to send him whatever materials the undersigned might offer in support of the undersigned's case.[154]

On August 20, 2025, the undersigned Reporting Attorney sent Attorney Castor an email, with the subject heading "Assistance with S. Ct. Bar Sponsorship Follow~up and Thanks", confirming the matters discussed during the parties' aforementioned telephone conversation of August 19, 2025, attaching or linking to six (6) numbered items for Attorney Castor's review and/or forwarding to others [i.e., additional potential bar sponsor(s)], and emphasizing the need for prompt reporting of the Sandy Hook **treasonous fraud** to **both** the **Supreme Court** of the United States and **President Trump**. Specifically, in the August 20, 2025, email to Attorney Castor, the undersigned stated, in pertinent part:

> I seek assistance in obtaining Supreme Court Bar admission so that I may **act** to help prevent incalculable damage to our **Constitution** and the **integrity of our federal judicial system** which will undoubtedly occur if the Court renders any decision in the **Jones** case while unaware of the undisclosed **fraud**.

[Emphasis as in original.] Regarding notification of **President Trump**, the undersigned further

[154] Affidavit ¶ 40.

stated in the August 20, 2025, email to Attorney Castor that:

> You advised during our August 19th call that, given your representation of **President Trump** on various matters, you would need to both consult with him regarding, and obtain his approval for, any Supreme Court Bar sponsorship you might provide on my behalf. I appreciate your position in this regard; and I would posit that, my prospective bar admission aside, it is in any event **essential** that **President Trump** be advised of this two~part and **treasonous** conspiracy so that he may make an informed and appropriate decision to appoint a **special counsel** to investigate and prosecute these high crimes against the United States.

[Emphasis as in original.] Of the six (6) numbered items the undersigned attached/linked to in the August 20, 2025, email to Attorney Castor, the undersigned offered only **one (1)** item of evidence in support of the second part of the undersigned's public case alleging probable cause for reasonable minds to believe that the underlying alleged mass school shooting of December 14, 2012, was a manufactured, sham event, namely: a link to the undersigned's "My Sandy Hook Video Scrapbook" Rumble video at https://rumble.com/v5zc94k-always-wyn-episode-3-my-sandy-hook-video-scrapbook.html?e9s=src_v1_clr%2Csrc_v1_ucp_a. (MSHVS, **Tab I9** on USB flash drive)[155]

On September 4, 2025, the undersigned Reporting Attorney received an email from Attorney Castor in response to the undersigned's August 20, 2025, email with the subject heading "Assistance with S. Ct. Bar Sponsorship Follow~up and Thanks". Attorney Castor's responsive email of September 4, 2025, states: "I have reviewed your request and discussed it with the relevant parties. I will not be in a position to sponsor you in the Supreme Court. However, I do wish you all the best as you pursue this endeavor." As **confirmed** in the undersigned's follow~up email of August 20, 2025 (following the undersigned's August 19, 2025, telephone conversation with Attorney Castor), the relevant party, a client of Attorney Castor, who Attorney Castor advised the

[155] Affidavit ¶ 41.

undersigned he would need to both inform and obtain consent from in order to sponsor the undersigned for admission to the Bar of the Court, was and is **President Donald J. Trump**. In his responsive email of September 4, 2025, Attorney Castor did **not** correct or deny the undersigned's August 20, 2025, **confirmation** that **President Donald J. Trump** was and is the client from whom Attorney Castor would need to obtain the described **informed consent**. Accordingly, "the relevant parties", with whom Attorney Castor discussed the undersigned's public case to expose the general Sandy Hook conspiracy, must have included, at a minimum, **President Donald J. Trump**, and, according to the grammar of Attorney Castor's reference to "the relevant parties", at least one (1) additional person.[156] On September 4, 2025, the undersigned Reporting Attorney sent Attorney Castor a reply email thanking him, vowing continued efforts to gain necessary admission to the Bar of the Court, and requesting help with referrals to other potential sponsors.[157]

On September 5, 2025, Alex Jones filed a Petition for a Writ of Certiorari in the Supreme Court of the United States in the matter of *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.,* S. Ct. Case No. 25-268.[158] Notably, in the mandatory Related Proceedings section of his Petition for Certiorari (pages v and vi ) (**Tab T2** on USB flash drive), Alex Jones failed to list the removed and remanded *Lafferty* federal case, No. 3:18-cv-01156, which proceeded in the Connecticut U.S. District Court for four (4) months in 2018, in **direct violation** of Supreme Court

---

[156] Affidavit ¶ 42.

[157] Affidavit ¶ 43, and **Tab S2** on USB flash drive [designated "Tab S2_EW(Atty Castor) re_Assist. with S. Ct. Bar Sponsorship Follow-up and Thanks Aug. 20 to Sept. 4, 2025"]. See, also, the Wikipedia entry for Attorney Castor, confirming his status as personal outside counsel for **President Donald J. Trump**, Affidavit ¶ 43, and **Tab S3** on USB flash drive [designated "Tab S3_Bruce Castor Wikipedia Entry 07.02.26"].

[158] Affidavit ¶ 44, and **Tabs T1** and **T2** on USB flash drive (designated "Tab T1_Search - Supreme Court of the United States Case No. 25-268 07.23.26" and "Tab T2_Jones' Petition for Cert. U.S. S. Ct. Case No. 25-268 w_o Appendix 09.05.25").

Rule 14.1(b)(iii). Why did Alex Jones and his attorneys violate the Supreme Court's mandatory Related Proceedings disclosure rule ?? Because a brief review of the *Lafferty* U.S. District Court remand file (i.e., the 404~page, 61~entry case file for Case No. 3:18-cv-01156, Trial Ct. Dckt. 112.00) (**Tab P1**) promptly reveals unequivocal, operative evidence of the litigating parties' **collusion** which eventually produced the outlandish, free~speech~chilling $1.43 Billion (now $1.3 Billion) fraudulent Connecticut state court default judgment, that evidence being (1) Alex Jones' blatantly deficient and purposely faulty Notice of Removal failing to claim federal question subject matter jurisdiction, under 28 U.S.C. § 1331, for a First Amendment SLAPP suit being removed to and defended as such in federal court (**Tab P1**, at 11~18), and (2) the fact that the blatantly deficient and purposely faulty pleading, joined via consent by all named Defendants in *Lafferty, et al. v. Jones, et al.*, Case No. 3:18-cv-01156 (D. Conn.) (removed from Conn. Super. Ct.), was "swept under the rug" in the federal proceeding.[159]

On September 8, 2025, the undersigned Reporting Attorney, as counsel of record in Alex Jones' bankruptcy case, No. 22-33553, received via email a request "Seeking comment on Alex Jones petition to US Supreme Court" from James Nani, Bankruptcy Correspondent for **Bloomberg Law**. Having received, prior to that time, four (4) such requests for comments regarding the Alex Jones/Sandy Hook matter from Bloomberg Correspondent Nani, and having responded to three (3) of Mr. Nani's prior requests with copies of the undersigned's federal court filings demonstrating the **treasonous fraud** and collusion of the litigating parties Mr. Nani was assigned to cover, but having received no reply from Mr. Nani to such prior responses and provisions of evidence, the undersigned chose not to respond to Mr. Nani's fifth (5th) request for comment of September 8, 2025, but, instead, to forward the same to **Attorney Castor** with a request which

---

[159] Affidavit ¶ 45, and Remand File at 11~82, **Tab P1**.

acknowledged Attorney Castor was not in a position to sponsor the undersigned for admission to the Bar of the Court, but which nevertheless sought his assistance in finding other potential sponsor(s) to allow for the undersigned's timely admission to the Bar of the Court and submission of "an amicus brief advising the Court of the **egregious** and **treasonous fraud**" in the *Lafferty* case. [Emphasis as in original.] Significantly, in the forwarded email and reiterated request for assistance the undersigned sent to Attorney Castor on September 8, 2025, the undersigned stated:

> You would not have discussed my request for bar sponsorship with "the relevant parties" if I did not convince you that my case is **solid** with respect to both the **manufactured underlying event** and Jones' collusion in throwing the Connecticut defamation cases from the get~go. Please help me to help our country, **Mr. Castor**.

[Emphasis as in original.] Attorney Castor never responded to the undersigned's forwarded email and message of September 8, 2025.[160]

In early September 2025, the undersigned Reporting Attorney received a referral to a potential sponsor and member of the Bar of the Court, Attorney George F. Braun (CA Bar No. 141952, hereinafter "Attorney Braun"), a California~licensed attorney with offices in California and Washington, DC, who, as the undersigned was advised, has assisted many qualified attorneys over the years in gaining admission to the Bar of the Court via sponsorships, introductions to other bar members (i.e., potential co~sponsors), and the submission of written and in~Court motions to admit candidates. On September 12, 2025, the undersigned had a lengthy telephone conversation with Attorney Braun concerning the undersigned's aforementioned Alex Jones/Sandy Hook public case and intention to file an amicus brief in the matter of *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.,* S. Ct. Case No. 25-268, pending acquisition of sponsorship to the Bar of the Court. During the course of the conversation, which the undersigned did not record, Attorney

[160] Affidavit ¶ 46, and **Tab S4** on USB flash drive [designated "Tab S4_SE(Atty Castor) re_Alex Jones' filing of Petition w_U.S. S. Ct. 09.08.25"].

Braun agreed to (1) sponsor the undersigned for admission to the Bar of the Court, (2) help the undersigned find a second sponsor for admission to the Bar of the Court, and (3) move the Supreme Court of the United States for the undersigned's admission to the Bar of the Court.[161]

On September 14, 2025, the undersigned Reporting Attorney sent Attorney Braun and a potential second sponsor Attorney Braun identified during the course of the September 12, 2025, telephone conversation an email with the subject heading "Supreme Court Application for Admission to Practice ~ Wyn Young" **confirming** and following up on the matters discussed during said telephone conversation of September 12, 2025, and specifically including a memorialization of the three (3) aforementioned agreements to assist the undersigned which Attorney Braun made at that time. On September 15, 2025, the undersigned received a responsive email from the second potential sponsor proposed by Attorney Braun during the aforementioned telephone conversation of September 12, 2025, and to whom the undersigned also sent the aforementioned follow~up email of September 14, 2025, stating, in pertinent part, "for personal reasons, I cannot give you a recommendation". Thereafter, on September 15, 2025, the undersigned sent Attorney Braun and the proposed second sponsor a reply in the same email string stating, in pertinent part: "If either of you know any other Supreme Court Bar member with whom I might meet to discuss a potential second sponsorship for my application, I would greatly appreciate it."[162]

After undertaking further and various efforts to find a second potential sponsor for admission to the Bar of the Court, the undersigned Reporting Attorney sent Attorney Braun an email at 8:47 AM ET on September 25, 2025, with the subject heading "Moving Forward with

---

[161] Affidavit ¶ 47.

[162] Affidavit ¶ 48, and **Tab U1** on USB flash drive [designated "Tab U1_EW[Attys Braun and (Redacted)] re_S. Ct. App for Admission to Practice - Wyn Young Sept. 14-15, 2025"].

Amicus Brief", and stating, in pertinent part: "I am moving forward in faith that I will gain the sponsorship I need and be admitted in time to file a crucial amicus brief on or before **October 9, 2025**, opposing certiorari, and informing the Court of **fraud**, in the matter *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, Case No. 25-268." [Emphasis as in original.] Notably, the undersigned attached with said email sent at 8:47 AM ET on September 25, 2025, a copy of the undersigned's proposed amicus brief in S. Ct. Case No 25-268, bearing a "Draft" watermark, but already delivered to a printer for multicopy production/printing in paper booklet format as required by Supreme Court Rule 33. At 8:52 AM ET on September 25, 2025, the undersigned sent Attorney Braun a text message alerting him to the email the undersigned had just sent at 8:47 AM ET regarding the undersigned's "application for admission to the Supreme Court Bar so that [the undersigned] may timely file a critical amicus brief in the Alex Jones case." Within an hour's time, the undersigned received a responsive text from Attorney Braun stating: "I am unable to sponsor you because of a conflict. I wish you all the best". The undersigned sent Attorney Braun a reply text at 9:54 AM ET on September 25, 2025, requesting his assistance in finding other potential sponsors. At 10:14 AM on September 25, 2025, the undersigned received an email from Attorney Braun in response to the undersigned's "Moving Forward with Amicus Brief" email, sent earlier at 8:47 AM ET that same day, stating: "I suggest that you contact your friends and your Bar for potential sponsors. I have been told that I have a conflict[.] Good Luck[.] Geo". At 11:34 AM ET on September 25, 2025, the undersigned sent Attorney Braun a reply email in the "Moving Forward with Amicus Brief" chain requesting referrals to other potential bar sponsors.[163]

---

[163] Affidavit ¶ 49, and **Tabs U2** and **U3** on USB flash drive ["designated "Tab U2_EW(Atty Braun) re_Moving Forward with Amicus Brief 09.25.25" and "Tab U3_TW(Atty Braun) re_S. Ct. Bar Sponsorship and Claim of Conflict 09.25.25"].

On September 29, 2025, and in accordance with Supreme Court Rule 37.2(a), the undersigned Reporting Attorney sent counsel of record email notice of intent to file an amicus brief in the matter of *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, S. Ct. Case No. 25-268, stating, in pertinent part: "I **intend** to file a **Brief of Robert Wyn Young as *Amicus Curiae* Opposing Certiorari and Supporting No Party** in the above~referenced matter, **contingent** upon whether I am able to gain admission to the **Supreme Court Bar** in time to file said *amicus* brief on or before October 9, 2025." [Emphasis as in original.][164]

In early October 2025, the undersigned Reporting Attorney received a referral to a law firm in Phoenix, Arizona, Wilenchik & Bartness, P.C., with members of the Bar of the Court interested in/intrigued by the undersigned's public case and willing to review the undersigned's proposed amicus brief in the matter of *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, S. Ct. Case No. 25-268, to determine if they could and would support the undersigned's admission to the Bar of the Court in order to timely file said amicus brief. Between October 6~8, 2025, Attorneys Dennis Wilenchik and William Fischbach of Wilenchik & Bartness, P.C., both members of the Bar of the Court, reviewed the undersigned's proposed amicus brief in the matter of *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, S. Ct. Case No. 25-268 (bearing a "Draft" watermark), and, after doing so, they both signed the undersigned's Application for Admission to Practice before the Supreme Court of the United States as Sponsors, and Attorney Fischbach additionally signed the included and written Motion for [the undersigned's] Admission, as Movant.[165] On October 8, 2025, Wilenchik & Bartness, P.C. sent out the undersigned's completed

---

[164] Affidavit ¶ 50, and **Tab V** [designated "Tab V_SE(Counsel of Record) Jones v. Lafferty, Intent to File Amicus Brief 09.29.25"].

[165] Affidavit ¶ 51, and documents at **Tab V1** (designated "Tab V1_Arizona State Bar Member Directory Dennis Wilenchik 07.29.26" and "Tab V1_Arizona State Bar Member Directory William Fischbach 07.29.26")

Application for Admission Package, along with the undersigned's October 7, 2025, enclosure letter regarding same, for overnight delivery to the Admissions Office of the Clerk of the Supreme Court of the United States on the morning of October 9, 2025.[166]

On October 8, 2025, and after receiving confirmation from Wilenchik & Bartness, P.C. of (1) Attorneys Wilenchik and Fischbach's approval of the undersigned Reporting Attorney's S. Ct. Case No. 25-268 amicus brief and (2) their firm's processing of the undersigned's Application for Admission, the undersigned telephoned the Admissions Office of the Clerk of the Supreme Court of the United States (hereinafter referred to as the "Admissions Office") and spoke with Admissions Office official Mr. Perry Thompson, who advised the undersigned to ensure that the undersigned's admission application package and amicus brief, both in proper paper/hard copy format, be delivered to the Supreme Court on or by the October 9, 2025, filing deadline in the matter of *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, S. Ct. Case No. 25-268. Mr. Thompson further explained that, if said items were timely submitted, and the undersigned's application was found to be in order, then, during the next Court session (i.e., on Tuesday, October 14, 2025), the Court would issue an Order retroactively granting the undersigned's admission to the Bar of the Court effective October 9, 2025, and deeming the undersigned's amicus brief in *Jones v. Lafferty* to be timely submitted. Mr. Thompson stressed that the key was timely submission of the amicus brief by October 9, 2025, to ensure distribution and the Court's consideration of same. At 6:06 PM ET on October 8, 2025, the undersigned sent Mr. Thompson an email confirming the matters discussed during the aforementioned telephone conversation

[166] Affidavit ¶ 51, and **Tab V2** [designated "Tab V2_U.S. S. Ct. Bar Application Package Robert Wyn Young Copy 10.08.25 (Redacted)"].

earlier that day and attaching a scanned copy of the undersigned's completed admission application package.[167]

At 9:28 AM ET, on **October 9, 2025**, the undersigned Reporting Attorney's original, hard copy admission application package (**Tab V2**), Brief of Robert Wyn Young as *Amicus Curiae* Opposing Certiorari and Supporting No Party (**Tab V5**), Certificate of Compliance (**Tab V6**), and Certificate of Service (**Tab V7**), in the matter of *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, S. Ct. Case No. 25-268, were **timely delivered** to the Supreme Court of the United States via UPS Next Day Air.[168] Significantly, the undersigned Reporting Attorney used the word "**treason**" two (2) times, and the word "**treasonous**" ten (10) times, with bold emphasis in original for each instance, in describing the Sandy Hook conspiracy in the undersigned's amicus brief in *Jones v. Lafferty*.[169]

At 12:59 PM ET on October 9, 2025, the undersigned Reporting Attorney telephoned the Supreme Court Admissions Office to inform same of the delivery of the undersigned's separate admission application and amicus brief packages to the Supreme Court, via UPS, both at 9:28 AM ET that day, and the undersigned spoke, once again, with Mr. Perry Thompson. During the referenced October 9, 2025, telephone conversation, which the undersigned did not record, Mr. Thompson **confirmed** the overall process for a "conditional approval" of the undersigned's

---

[167] Affidavit ¶ 52, and **Tab V3** [designated "Tab V3_SE(S. Ct. Admissions Clerk) re_Copy of Application Package for Robert Wyn Young 10.08.25"].

[168] Affidavit ¶¶ 53~58, and Tabs **V4~V9** [designated "Tab V4_LT(Clerk S.Ct.) re_Amicus Brief and Certificates (RWY) 10.08.25"; "Tab V5_Brief of Amicus Curiae, S. Ct. Case No. 25-268 (RWY) 10.09.25"; "Tab V6_Certificate of Compliance, S. Ct. Case No. 25-268 (RWY) 10.09.25"; "Tab V7_Certificate of Service, S. Ct. Case No. 25-268 (RWY) 10.09.25"; "Tab V8_Tracking UPS-United States Application Package (RWY) 10.09.25"; and "Tab V9_Tracking_UPS-United States Amicus Brief Package, S. Ct. Case No. 25-268 (RWY) 10.09.25"].

[169] Affidavit ¶ 54.

admission on October 9, 2025 (i.e., if the undersigned's admission application package was found to be in order), to be retroactively granted during the next Court session (i.e., on October 14, 2025), to allow for acceptance and consideration of the undersigned's amicus brief submitted to the Court in the *Jones* case, No. 25-268, at 9:28 AM ET, on October 9, 2025 (i.e., within the deadline set by the Court for such a brief);[170] but Mr. Thompson **clarified** that, in any event, the undersigned would not be permitted to file the undersigned's amicus brief in/with the Court's Electronic Filing System prior to the granting of the undersigned's admission to the Bar of the Court.[171]

At 1:35 PM ET on October 9, 2025, the undersigned Reporting Attorney sent Supreme Court Admissions Office official Mr. Perry Thompson an email (1) confirming the matters discussed during the aforementioned telephone conversation at 12:59 PM ET that day, and (2) providing the UPS Tracking numbers for the undersigned's admission application and amicus brief packages delivered to the Court at 9:28 AM ET, on October 9, 2025 (i.e., to assist the Admissions Office and general Clerk in locating and conducting prompt reviews of the undersigned's submissions).[172]

At 2:49 PM ET on October 9, 2025, the undersigned Reporting Attorney received an email from Mr. Perry Thompson of the Supreme Court Admissions Office stating, in pertinent part: "we requested an expedite on the package, but we cannot receive the package until tomorrow. Once we have the package, we will follow up." Based on the aforementioned telephone conversation with Mr. Thompson earlier that day at 12:59 PM ET, and representations he made during same,

---

[170] Affidavit ¶ 58, and **Tabs T1** and **V9** on USB flash drive [designated "Tab T1_Search - Supreme Court of the United States Case No. 25-268 07.23.26" and "Tab V9_Tracking_UPS-United States Amicus Brief Package, S. Ct. Case No. 25-268 (RWY) 10.09.25"].

[171] Affidavit ¶ 59.

[172] Affidavit ¶ 60, and **Tab V10** [designated "Tab V10_SE(S. Ct. Admissions Clerk) re_Re_Copy of Application Package for Robert Wyn Young 10.09.25"].

the undersigned understood the delay Mr. Thompson described in his 2:49 PM ET, October 9, 2025, email as being attributable to standard security processes/procedures for packages received by the Court. At 3:07 PM ET, on October 9, 2025, the undersigned sent Mr. Thompson a reply email asking whether the undersigned should "speak with anyone in the general Clerk's office today regarding [the undersigned's] submission/filing?" At 3:14 PM ET on October 9, 2025, the undersigned received a reply email from Mr. Thompson stating: "An advisory has been given to the section that would docket your brief." At 3:24 PM ET on October 9, 2025, the undersigned sent Mr. Thompson a reply email expressing thanks.[173]

At 10:24 AM ET on October 14, 2025, the undersigned Reporting Attorney retrieved the Order List of the Supreme Court of the United States for Tuesday, October 14, 2025, from the "Orders of the Court - Term Year 2025" page of the Supreme Court's website, at https://www.supremecourt.gov/orders/ordersofthecourt/25. Notably, the Order List for October 14, 2025, at Page 4, included a **denial of certiorari** in *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, S. Ct. Case No. 25-268.[174]

At 3:11 PM ET on October 14, 2025, the undersigned Reporting Attorney received a telephone call from Mr. Perry Thompson of the Supreme Court Admissions Office advising that the undersigned was (1) admitted to the Bar of the Court, **effective October 14, 2025**, (2) assigned Bar #326130, and (3) granted access to the Supreme Court's Electronic Filing System. Mr. Thompson offered **no explanation** as to why, despite his prior representations to the contrary, the

[173] Affidavit ¶ 61, and **Tab V11** [designated "Tab V11_EW(S. Ct. Admissions Clerk) re_Re_Copy of Application Package for Robert Wyn Young 10.09.25"].

[174] Affidavit ¶ 63, and **Tab V13** [designated "Tab V13_S. Ct. Orders List for 10.14.25 (Retrv'd. 10.24 AM ET, 10.14.25)"].

undersigned's Supreme Court bar admission was **not** made retroactive to the October 9, 2025, date of submission of the undersigned's qualifying application on written motion.[175]

At 4:16 PM ET on October 14, 2025, the undersigned Reporting Attorney received an email, with no signature block, from Brian Lewis (blewis@supremecourt.gov), presumably of the Supreme Court Clerk's office, stating: "We received your submitted amicus brief in No. 25-268. It is currently under review. I received your message from our admissions office." At 4:21 PM ET on October 14, 2025, the undersigned sent Mr. Lewis a responsive/acknowledging email.[176]

At 5:12 PM ET on the afternoon of October 14, 2025, and after receiving authorization and a working bar number from Mr. Thompson of the Admissions Office, the undersigned Reporting Attorney registered for and uploaded electronic copies of the undersigned's submissions in S. Ct. Case No. 25-268 to the Supreme Court's Electronic Filing System.[177] Attached hereto at **Tab V17** is a true and accurate copy of the "Search – Supreme Court of the United States" online record/docket for S. Ct. Case No. 25-268, retrieved by the undersigned at 5:25 PM ET on October 14, 2025, from the website of the Supreme Court of the United States, at https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/25-268.html, showing downloadable electronic filings, on October 14, 2025, of the amicus brief (**Tab V5**) and certificates (**Tabs V6** and **V7**) the undersigned timely submitted, in paper form, on **October 9, 2025.**[178]

---

[175] Affidavit ¶ 64.

[176] Affidavit ¶ 65, and **Tab V14** [designated "Tab V14_EW(S. Ct. Clerk) re_amicus 25-268, 4.21 PM ET, 10.14.25"].

[177] Affidavit ¶ 66, and **Tab V15** (designated "Tab V15_S. Ct. EFS Screenshot Case No. 25-268, 5.16 PM ET, 10.14.25").

[178] Affidavit ¶ 68, and **Tab V17** (designated "Tab V17_Search - Supreme Court of the United States Case No. 25-268, 5.25 PM ET,10.14.25").

At 2:57 PM ET on October 16, 2025, the undersigned Reporting Attorney received a second email from Brian Lewis of the Supreme Court under the same "re_amicus 25-268" subject heading and in a continuation of the prior exchange from October 14, 2025, stating: "Your case has been denied". At 3:03 PM ET on October 16, 2025, the undersigned sent Mr. Lewis a responsive email asking: "On what grounds has my case been denied, please?" At 3:04 PM ET on October 16, 2025, Mr. Lewis replied: "I would not that have info. I just checked on the courts [sic] docket". While Mr. Lewis thus referenced the Court's denial of certiorari in *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, S. Ct. Case No. 25-268, he did **not** state that the undersigned's amicus brief was, for any reason, rejected by the Clerk and, to date, the undersigned has **never** received any notice of nonconformity or rejection by the Supreme Court Clerk of the undersigned's submissions in S. Ct. Case No. 25-268.[179]

Attached hereto at **Tab V19** is a true and accurate photograph of an undated letter (postmarked October 14, 2025) received by the undersigned Reporting Attorney on or about October 19, 2025, from Scott S. Harris, Clerk, Supreme Court of the United States, advising of the undersigned's admission to the Bar of the Court, effective October 14, 2025, and assigning the undersigned Bar #326130.[180]

In late October 2025, the undersigned Reporting Attorney prepared an illustrated update to the undersigned's aforementioned public case file page at https://www.alwayswyn.com/operation-madcap advising readers of what transpired at the Supreme Court of the United States in and with respect to the matter of *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, S. Ct. Case No. 25-268, and the undersigned's timely submission of an amicus brief informing the Court of

---

[179] Affidavit ¶ 69, and **Tab V18** [designated "Tab V18_EW(S. Ct. Clerk) re_amicus 25-268, 10.16.25"].

[180] Affidavit ¶ 70, and **Tab V19** [designated "Tab V19_LF(S. Ct. Clerk) re_Notice RWY Adm., Bar 326130, Postmarked 10.14.25"].

the **treasonous fraud** of the litigating parties producing the $1.3 Billion free~speech~chilling *Lafferty* Connecticut state court default judgment. In concluding the October 2025 update, the undersigned wrote:

**The Question, My Fellow Americans, is:**

Why Did the Supreme Court of the United States

Slow-Roll the Application for Admission & Amicus Brief of Attorney Robert Wyn Young

**and**

Fast-Track the Denial of Certiorari

in the Alex Jones Sandy Hook Case ??

* * *

**The Bottom Line, My Fellow Americans, is:**

The Colluding Parties Either Took the Greatest Risk Imaginable

in Taking the Treasonous Sandy Hook Farce to the Supreme Court of the United States

**or**

They Took No Risk at All.

[Emphasis as in original.][181] Attached hereto at **Tab V20** is a true and accurate copy of the undersigned's "Sandy Hook, Line, and Sinker" meme, created and published to the undersigned's public case file page at https://www.alwayswyn.com/operation-madcap, and to the undersigned's X social media profile at https://x.com/RWynYoung, on or about December 1, 2025, and expressing the above~quoted conclusion, in "strikingly" dramatic form.[182]

---

[181] Affidavit ¶ 11.

[182] Affidavit ¶ 71, and **Tab V20** (designated "Tab V20_Sandy Hook, Line, and Sinker Meme December 2025").

After October 14, 2025, and through the fall of the year, the undersigned Reporting Attorney regularly (i.e., almost daily) checked the online docket for S. Ct. Case No. 25-268, suspecting that the Supreme Court might, without notice, order, or explanation, simply remove from viewability/downloadability the undersigned's amicus brief which, as previously noted, uses the word "**treason**" two (2) times, and the word "**treasonous**" ten (10) times, with bold emphasis in original for each instance, in describing the Sandy Hook conspiracy.[183] On Friday, December 19, 2025, the undersigned checked the Supreme Court's online docket for Case No. 25-268 and found the undersigned's amicus brief and certificates of compliance and service to still be viewable and downloadable; however, the undersigned again checked the Supreme Court's docket for S. Ct. Case No. 25-268, at supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/25-268.html, on the evening of Sunday, December 21, 2025, and found that the undersigned's amicus brief and certificates of compliance and service had been removed from viewability/ downloadability without notice, order, or explanation. The undersigned immediately prepared an X post (using screenshots from the Supreme Court's docket for S. Ct. Case No. 25-268 taken on November 4, 2025, and showing the undersigned's submissions) to evidence the removal of the undersigned's amicus brief and to explain the absence of same for those who might follow the link to the Supreme Court docket for S. Ct. Case No. 25-268 which the undersigned had previously and repeatedly posted to multiple platforms. Attached hereto at **Tab V21** is a true and accurate screenshot of the undersigned's December 21, 2025, X post, regarding the Supreme Court's removal and **concealment** of the undersigned's amicus brief exposing the **treasonous** Sandy Hook conspiracy, and stating as follows:

---

[183] Affidavit ¶ 54.

> As of 12/21/25 #SCOTUS has removed my amicus brief exposing treason by #AlexJones #SandyHookParents & #UncleSam from Case No. 25-268 docket that was viewable & downloadable from 10/14/25 through at least 12/19/25. #CoverUp #ObstructionOfJustice supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/25-268.html[.][184]

Attached hereto at **Tab V23** is a true and accurate copy of the Supreme Court's online docket for *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, S. Ct. Case No. 25-268, retrieved by the undersigned from supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/25-268.html on July 23, 2026, and showing that the undersigned's amicus brief and certificates of compliance and service, previously viewable and downloadable at said government website from October 14, 2025, through at least December 19, 2025 (see Affidavit ¶ 73 and **Tab V21**), have been entirely removed from the electronic case record, without notice, order, or explanation, even though the undersigned remains listed on the Court's docket for S. Ct. Case No. 25-268 as Counsel of Record.[185]

Included with the documents attached hereto at **Tab X** is a true and accurate copy of the undersigned Reporting Attorney's email communications with **President Donald J. Trump's** personal outside counsel, **Bruce Castor**, dating from January 19, 2026, through January 26, 2026, under the subject heading "Alex Jones/Sandy Hook Public Case ~ Request for Consent to Disclose Email Communications", wherein the undersigned sought, and Attorney Castor **denied**, consent for the undersigned "to publicly disclose our email communications regarding the above~referenced matter and dating from August 13, 2025, through September 8, 2025." The undersigned

---

184 Affidavit ¶ 73, and **Tab V21** (designated "Tab V21_SCOTUS Amicus Brief Removed RWynYoung X Post 12.21.25").

185 Affidavit ¶ 75, and **Tab V23** (designated "Tab V23_Search - Supreme Court of the United States Case No. 25-268 07.23.26").

sought Attorney Castor's **voluntary** consent to the undersigned's public disclosure of said email communications dating from 2025 for two (2) reasons: (1) observance of professional courtesy, and (2) although federal law allows for disclosure of electronic communications with the consent of at least one party to same [18 U.S.C. Section 2511(2)(d)], the statutory law of Attorney Castor's home state, Pennsylvania, **on its face**, requires consent to disclosure of electronic communications by **all parties** to same [18 Pa.C.S. Sections 5703 and 5704(4)].[186]

In February 2026, the undersigned Reporting Attorney prepared an illustrated update to the undersigned's aforementioned public case file page at https://www.alwayswyn.com/operation-madcap informing readers of the **denial**, by the President's attorney, of consent to **public disclosure** of email communications concerning **treason** and related offenses against the United States. Also attached hereto at **Tab X** is a true and accurate screenshot of the undersigned's February 2026 public case file page update, which includes a true and accurate copy of the undersigned's December 5, 2025, follow~up Reply message on **X** to Massachusetts U.S. Senate candidate, Dr. Shiva Ayyadurai, concerning **President Trump's knowledge of the Sandy Hook treason** and the undersigned's case exposing same, and which also states, in pertinent part:

> [T]he law of the state in which Donald Trump's personal counsel is located requires consent to disclosure of electronic communications by <u>all parties</u> to same. Accordingly, and although federal law <u>should</u> govern here, I will <u>not</u> be able to release the aforesaid email communications with Trump's counsel absent a subpoena, court order, or other legally-operative change in circumstances.

[Emphasis as in original.][187]

---

[186] Affidavit ¶ 78, and **Tab X1** on USB flash drive [designated "Tab X1_EW(Atty Castor) re_Request for Consent to Disclose Email Comms. Jan. 19-26, 2026"].

[187] Affidavit ¶ 79, and **Tab X2** on USB flash drive (designated "Tab X2_Operation Madcap Public Case File Screenshot re_Comms w_Trump's Counsel February 2026").

In this Misprision Report (written), in the Affidavit of Reporting Attorney, and in the Misprision Report Package of which the former two are part, the undersigned Reporting Attorney is, for the first time, publicly disclosing both the identity of and the undersigned's email communications with **President Donald J. Trump's** personal outside counsel, **Bruce Castor** (see Affidavit ¶¶ 38~43 and 46, and documents at **Tab S**), and the undersigned is doing so for the following three (3) reasons: (**1**) the matters at issue in the general Sandy Hook conspiracy concern potential violations of Title 18 of the U.S. Code and are thus governed by federal law, which allows for one~party~consent for the disclosure of electronic communications under 18 U.S.C. § 2511(2)(d), and which preempts the ostensibly stricter Pennsylvania statutory law [i.e., 18 Pa.C.S. §§ 5703 and 5704(4)]; (**2**) this Misprision Report (written), and the Misprision Report Package of which this report is a part, are being submitted pursuant to and are thus governed by federal statutory law, namely, 18 U.S.C. § 2382, and a full and proper disclosure/reporting under said statute, of possible **treason** and related offenses against the United States, **requires** the undersigned's disclosure of both the identity of and the undersigned's email communications with the President's personal outside counsel, Bruce Castor; and (**3**) while the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"), Pa.C.S. §§ 5701, et seq., **on its face**, appears to broadly define the term "intercept" and to thus criminalize the disclosure of even shared email communications without the consent of all parties to same, in *Commonwealth v. Proetto*, 771 A.2d 823 (Pa. Super. 2001), the Superior Court of Pennsylvania (i.e., an intermediate~level appellate court) ruled that, **by definition**, email communications received by one to whom they are addressed are **not** "intercepted" under WESCA, *Id.* at 828~829, and that, by the very act of sending an email over the internet, one **gives consent** to the recording and disclosure

of same, *Id.* at 830, and such decision of the Superior Court was subsequently **upheld** by the Pennsylvania Supreme Court [aff'd per curiam, 837 A.2d 1163 (Pa. 2003)].[188]

In February 2026, the undersigned Reporting Attorney also prepared an illustrated update to the undersigned's public case file page at https://www.alwayswyn.com/operation-madcap informing readers of the undersigned's communications with **Attorney George Braun** in 2025 and the assertion of a **conflict of interest** which prevented Attorney Braun from fulfilling his **agreement** to sponsor the undersigned for admission to the Bar of the Court, to help the undersigned find a second sponsor, and to move the Court for the undersigned's admission (see Affidavit ¶¶ 47~49, and the documents at **Tab U**). Also attached hereto at **Tab X** is a true and accurate screenshot of the undersigned's February 2026 public case file page update regarding the undersigned's communications with Attorney Braun in 2025 and including the undersigned's reasoned and **necessary** conclusion that:

> Attorney Braun did not previously represent Alex Jones or the Sandy Hook families, as he would have told me that during our Sept. 12th telephone conversation. Mr. Braun must have previously represented a third, unnamed co-conspirator responsible for the Sandy Hook treason. By necessary conclusion, and in accordance with the evidence presented, that would be the federal government and, particularly, the Department of Justice.

[Emphasis as in original.][189]

Also attached hereto at **Tab X** is a true and accurate copy of the Docket Report for the matter of *David Wheeler, et al. v. Alexander E. Jones* (*In re Alexander E. Jones, Debtor*), Bankr. S.D. Tex., Adv. Pro. No. 24-03279, retrieved by the undersigned Reporting Attorney on August

---

188 Affidavit ¶ 80.

189 Affidavit ¶ 81, and **Tab X3** on USB flash drive (designated "Tab X3_Operation Madcap Public Case File Screenshot re_Comms w_Attorney Braun February 2026").

11, 2026, via the PACER system, and showing that Alex Jones filed a Motion for Leave to File a Second Amended Counterclaim against the Sandy Hook Plaintiffs which has been pending and ripe for decision for five (5) months, since March 12, 2026, and that progress in said Adversary Proceeding, No. 24-03279, is and has been essentially stalled in the absence of any decision by Bankruptcy Judge Christopher M. Lopez on Alex Jones' pending Motion for Leave.[190] Also attached hereto at **Tab X** is a true and accurate copy of Alex Jones' proposed Second Amended Counterclaim in Bank. S.D. Tex. Adv. Pro. No. 24-03279, retrieved by the undersigned on or about February 18, 2026, via the PACER system, which seeks to assert claims against the Sandy Hook Plaintiffs, pursuant to **42 U.S.C. § 1983**, for the alleged "deprivation of Jones's First and Fourteenth Amendment rights under color of state law". (**Tab X5** at 3.)[191] Also attached hereto at **Tab X** is a true and accurate copy of the July 2026 PACER Quarterly Invoice the undersigned received on July 10, 2026, for $63.30, said amount being entirely attributable to the undersigned's almost daily checking of the Docket Report for a decision on Alex Jones' Pending Motion for Leave to File a Second Amended Counterclaim in the matter of *Wheeler, et al. v. Jones*, Bankr. S.D. Tex. Adv. Pro. No. 24-03279.[192]

The undersigned Reporting Attorney identified the colluding parties' **motivation** for taking the *Lafferty* case to the Supreme Court of the United States in S. Ct. Case No. 25-268, stating, at Page 26 of the undersigned's amicus brief:

> The issue of fraud or collusion was never raised or litigated in the consolidated Connecticut defamation actions for the simple reason that the parties to said cases

[190] Affidavit ¶ 82, and **Tab X4** on USB flash drive (designated "Tab X4_Wheeler, et al. v. Jones, US Bkr Ct-Tx So Adv. Proc. 24-03279 Dckt. 08.11.26").

[191] Affidavit ¶ 83, and **Tab X5** on USB flash drive (designated "Tab X5_Alex Jones' Proposed 2d Amended Counterclaim Adv. Proc. 24-03279 Doc. 28-1 02.12.26").

[192] Affidavit ¶ 84, and **Tab X6** on USB flash drive (designated "Tab X6_Gmail - 8375625 July 2026 PACER Quarterly Invoice")

> were and are acting in collusion. Based on Alex Jones' consistent pattern of self~sabotage throughout the course of the consolidated Connecticut defamation actions, it is reasonable to conclude that he is now acting on behalf of the colluding parties to secure a denial of certiorari so that, legally speaking, the $1.3 Billion Connecticut state court default judgment will be etched in stone and, on a practical level, the spectre of the monstrous, free~speech~chilling judgment will be etched in the hearts and minds of the people and the press. This will serve the purpose of undermining the constitutional rights the colluding parties have been targeting all along.

(**Tab V5** at 26) The colluding parties got **exactly** what they wanted from the Supreme Court, a denial of certiorari essentially **validating** the $1.3 Billion Connecticut state court default judgment, and the **treasonous fraud** that produced same, in spite of the fact that an attorney with three decades of relevant experience, and **no** connection to any of the parties or event(s) at issue, discovered the **treasonous fraud**, in a federal court remand file for the very matter at issue, and brought it to the attention of the Supreme Court, in a timely~submitted and properly~supported and formatted amicus brief.

In the matters of *In re Alexander E. Jones, Debtor*, Bankr. S.D. Tex. Bankr. Case No. 22-33553; *In re Alexander E. Jones, Debtor, Robert Wyn Young, Appellant*, S.D. Tex. Civil Action Case No. 4:25-cv-02057; and *Jones, et al., Petitioners v. Lafferty, et al.*, S. Ct. Case No. 25-268, Chapter 7 Trustee (and attorney) Christopher R. Murray came the **closest** any party, judge, or justice to addressing the merits (but certainly **not** the specifics) of the undersigned Reporting Attorney's allegation of fraud, opining, in a "Statement of Trustee in Connection with Appeal":

> Young's Motion to Intervene (as defined below) in the bankruptcy case contained highly speculative allegations of prepetition fraud on the part of the Debtor and others in the issuance of a judgment against the Debtor in favor of the Connecticut Plaintiffs in the Connecticut state court.[193]

[193] May 28, 2025, Statement of Trustee in Connection with Appeal of Robert Wyn Young (S.D. Tex. Civil Action No. 4:25-cv-02057, Dckt. 2, at 1).

The undersigned's **supposedly** "highly speculative" allegation of **fraud** is based on what has to be the most straightforward legal issue **imaginable** (i.e., Should Alex Jones have claimed federal question subject matter jurisdiction on removal to federal court of a **First Amendment** SLAPP suit which Jones, himself, identified as such in a **First~Amendment~based** Special Motion to Dismiss he filed one week after removal ??), arising under one of the shortest and most straight~forward, easily~understood statutes in the **entire** U.S. Code, i.e., 28 U.S.C. § 1331, which states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Judge Lee H. Rosenthal readily adopted Trustee Murray's position and, also without addressing the merits or even describing the specifics of the undersigned Reporting Attorney's peer~reviewed and (demonstrably) **<u>inarguable</u>** allegation of **fraud**, she ruled: "The public has a strong interest in the resolution of this case. Young has no right to disrupt that process by staying the bankruptcy case to vindicate his wish to make an indirect and noneconomic point."[194] What possible interest does the **public** have in seeing to it that a Chapter 7 personal bankruptcy gets resolved ?? And how could any such interest **ever possibly** outweigh the public's indisputable interests in the sanctity/protection of the **First Amendment** and in the **integrity of federal judicial process** ?? The quoted, on~record statements of Trustee Murray and Judge Rosenthal concerning the credible allegation of **treasonous fraud** presented aren't just instances of evasive sophistry; they're 180° **inversions of truth** and, as is more fully set forth in the "**Probable Cause Exists for Charges**" section below, such statements of Trustee Murray and Judge Rosenthal reveal, in each, an **<u>intent to betray</u>** the United States.

[194] FN 17, *supra*, at 2, **Tab R2** on USB flash drive.

As is set forth and documented both above and in the **Affidavit of Reporting Attorney** and Exhibits/Attachments to same, **after** Judge Rosenthal dismissed the undersigned's appeal in Case No. 4:25-cv-02057 on August 19, 2025,[195] and within fifty (50) days, the undersigned's supposedly "highly speculative" allegation of **treasonous fraud** on the part of Alex Jones and the Connecticut Sandy Hook Plaintiffs received **four (4) more attorney endorsements**, each of which came from a member of the Bar of the Supreme Court of the United States, and each of which was and is **legally operative** in its own regard.

**Attorney Bruce Castor** would **not** have briefed his client, **President Donald J. Trump**, on the undersigned Reporting Attorney's public case exposing the **two~part** and **treasonous** Sandy Hook conspiracy unless the undersigned convinced Attorney Castor, a former prosecutor and state's Attorney General, that there is probable cause, **at the very least**, for reasonable minds to believe that the alleged Sandy Hook school shooting was a **manufactured, sham event** and that Alex Jones **threw** the Sandy Hook defamation cases from the **get~go**. Accordingly, Attorney Castor's briefing of President Trump on the undersigned's Alex Jones/Sandy Hook public case in late August or early September 2025 constitutes a **tacit** (i.e., logically necessary, though implied) **endorsement** of the undersigned's public case. Said endorsement was and is **legally operative** in at least two (2) respects.

First, after receiving and reviewing the evidentiary materials forwarded by the undersigned, Attorney Castor, as one owing allegiance to the United States, and having **knowledge of treason** against them, became **legally obligated** (i.e., on pain of a potential **misprision** charge under 18 U.S.C. § 2382) to **not** conceal and to further disclose/report the **known treason** to a

[195] (i.e., before expiration of the briefing response period, thus alleviating Alex Jones, the Connecticut Sandy Hook Plaintiffs, and the Chapter 7 Trustee of any obligation to file an Appellee's Brief responding to the undersigned's substantive allegation of **treasonous fraud** asserted in the undersigned's Appellant's Brief)

statutorily~designated official under the terms of 18 U.S.C. § 2382, such as his client, **the President**. By briefing President Trump on the undersigned's Alex Jones/Sandy Hook public case, Attorney Castor fulfilled the necessary non~concealment and disclosure/reporting requirements of 18 U.S.C. § 2382.

Second, Attorney Castor's briefing of President Trump on the undersigned's public case gave President Trump **actual**, not just constructive, **notice** (i.e., **knowledge**) of **(1)** the general, two~part Sandy Hook **treason** against the United States and, more specifically, of **(2)** the undersigned Reporting Attorney's efforts to expose such **treason** via timely admission to the Bar of the Court and submission of an amicus brief in the matter of *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, S. Ct. Case No. 25-268, on or before the October 9, 2025, filing deadline.

**Attorney George Braun's** September 12, 2025, **agreement** to **(1)** sponsor the undersigned Reporting Attorney for admission to the Bar of the Court, **(2)** help the undersigned find a second sponsor for admission to the Bar of the Court, and **(3)** move the Supreme Court of the United States for the undersigned's admission to the Bar of the Court so the undersigned could timely file an amicus brief in S. Ct. Case No. 25-268 on or before the applicable October 9, 2025, deadline, constitutes the **second additional tacit** (i.e., logically necessary, though implied) Bar of the Court **attorney endorsement** the undersigned's supposedly "highly speculative" allegation of **treasonous fraud** received after Judge Rosenthal's August 19, 2025, dismissal of the undersigned's appeal in Case No. 4:25-cv-02057.[196] Attorney Braun's **agreement** to sponsor the undersigned Reporting Attorney (i.e., again, a **tacit endorsement** of the undersigned's Alex Jones/Sandy Hook public case), though never fulfilled, nevertheless became **legally operative** when the **Trump DOJ unlawfully** claimed a **conflict of interest** to prevent Attorney Braun from

[196] Affidavit ¶ 47.

sponsoring the undersigned and to thus block, or ruinously delay, the undersigned's admission to the Bar of the Court and submission of an amicus brief in S. Ct. Case No. 25-268 exposing the Sandy Hook **treasonous fraud**.

How and why was the **Trump DOJ's** claim of a conflict of interest for Attorney George Braun's sponsorship of the undersigned Reporting Attorney's admission to the Bar of the Court to file an amicus brief in S. Ct. Case No. 25-268 "**unlawful**" ?? Because such conduct fits squarely within the definition of **obstruction of justice** under 18 U.S.C. § 1503, which states, in pertinent part: "Whoever corruptly . . . obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be punished as provided in subsection (b)." [18 U.S.C. § 1503(a)] **Only** a third~party co~conspirator, additionally responsible for the Sandy Hook **treasonous fraud**, but not named as a party in the matter of *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, S. Ct. Case No. 25-268, **could** or **would** have **corruptly** claimed a conflict of interest for Attorney Braun[197] so as to block the undersigned's admission to the Bar of the Court and submission of an amicus brief in S. Ct. Case No. 25-268 exposing the Sandy Hook **treasonous fraud**. The publicly~apparent involvement of the **FBI/DOJ** in the **manufactured** and **sham** December 14, 2012, Sandy Hook (alleged) mass school shooting event[198] leaves **little** room for doubt that it was the **Trump DOJ** which claimed a conflict of interest for Attorney Braun. The fact that a conflict of interest was claimed by **any** unnamed third~party with interests at stake in S. Ct. Case No. 25-268 that would be **adversely affected** by an amicus brief exposing Sandy Hook

[197] (who did **not** previously represent Alex Jones, or the Sandy Hook Families, **nor** disclose to the undersigned **any** prior involvement whatsoever with the Sandy Hook event) (Affidavit ¶ 81, and **Tab X3** on USB flash drive)

[198] (due and owing to news footage and photos from the alleged December 14, 2012, Sandy Hook mass school shooting event of men in police combat gear, **with FBI insignia**, carrying guns and marching to and from the Sandy Hook elementary school as a point of rendezvous) (MSHVS at **Tab I9** on USB flash drive)

as a treasonous fraud (i.e., telling the truth) **should** remove any and all doubt that Sandy Hook was, indeed, a **manufactured** and **sham** event. To wit: If Sandy Hook was a **real** event, and 120 lb. Adam Lanza **really** did shoot through a wall of safety glass with an AR-15, get into the elementary school and, in less than five minutes, shoot **and kill** 20 first grade children and 6 adult educators, while injuring 2 others, as alleged at Paragraphs 2 and 3 of the *Lafferty* Complaint,[199] then how or why would **any** third party have **any interest** at stake in S. Ct. Case No. 25-268 that would be **adversely affected** by the submission of an amicus brief based on or referencing an inaccurate "conspiracy theory" ??

After hearing about the undersigned Reporting Attorney's Alex Jones/Sandy Hook public case, and after reading the undersigned's (proposed) amicus brief in S. Ct. Case No. 25-268, Attorneys and Members of the Bar of the Court **Dennis Wilenchik** and **William Fischbach**, of the Phoenix, Arizona, firm Wilenchik & Bartness, P.C., **sponsored** the undersigned for admission to the Bar of the Court, **moved** the Court for the undersigned's admission to practice, and **went to extraordinary lengths** to ensure that the undersigned's completed bar application package was turned around within 48 hours and then overnighted to the Supreme Court Admissions Clerk for delivery on the morning of October 9, 2025, so as to allow for consideration of the undersigned's contemporaneously~submitted amicus brief in S. Ct. Case No. 25-268. Such actions by Attorneys Wilenchik and Fischbach constitute the **third** and **fourth additional tacit** (i.e., logically necessary, though implied) Bar of the Court **attorney endorsements** the undersigned's supposedly "highly speculative" allegation of **treasonous fraud** received after Judge Rosenthal's August 19, 2025, dismissal of the undersigned's appeal in Case No. 4:25-cv-02057.[200] As previously

[199] Remand File at 23, **Tab P1**.

[200] Affidavit ¶ 51, and **Tab V2** on USB flash drive.

mentioned, the undersigned Reporting Attorney's amicus brief in S. Ct. Case No. 25-268, uses the word "**treason**" two (2) times, and the word "**treasonous**" ten (10) times, in describing the general (and two~part) Sandy Hook conspiracy. Thus, Attorneys Wilenchik and Fischbach were fully aware of the nature, scope, and ramifications of the undersigned's full, two~part public case exposing the **two~part** and **treasonous** Sandy Hook conspiracy when they sponsored and moved the Court for the undersigned's admission to the Bar of the Court. These tacit **endorsements** by Attorneys Wilenchik and Fischbach were and are **legally operative** because the same enabled both the undersigned's admission to the Bar of the Court and the timely submission of the undersigned's amicus brief in S. Ct. Case No. 25-268, within the filing deadline for said case, on October 9, 2025.

The **force** of the aforementioned **legal presumption of credibility** of the undersigned Reporting Attorney's public case and report of **treason** herein presented, arguably arising from Attorney Todd Callender's December 23, 2024, unequivocal and express written **endorsement** of the undersigned's public case exposing the **two~part** and **treasonous** Sandy Hook conspiracy,[201] was arguably **multiplied** by a factor of **five (5)** with the **four** (4) additional tacit, though logically necessary and legally operative, **endorsements** the undersigned's public case received in September and October 2025 from **four** (4) additional attorneys, **Bruce Castor**, **George Braun**, **Dennis Wilenchik**, and **William Fischbach**, all members of the Bar of the Supreme Court of the United States.

As is set forth in the **Introduction and Jurisdictional Statement** section above, the continuing **travesty of justice**, embodied in never~ending and collusive Alex Jones/Sandy Hook~related, constitutional~rights~destroying litigation, needs to **come to an end**. Further, the

[201] Affidavit ¶ 17, and **Tab L1** on USB flash drive.

**truth** of the **two~part** and **treasonous** Sandy Hook conspiracy needs to be **revealed** to the American people, and **justice** needs to be **served.**

## NECESSARY CONCLUSIONS

### Sandy Hook was and is a Treasonous Conspiracy

18 U.S.C. § 2381, which defines, proscribes, and sets the penalties for "treason", states, in pertinent part: "Whoever, owing allegiance to the United States, **levies war** against **them** … is guilty of treason". [Emphasis added.] Note, as emphasized, that the **plural** pronoun "them" is used in 18 U.S.C. § 2381 to refer to the United States. Accordingly, one who "levies war" against **the states** of the United States (i.e., Alabama, Alaska, Arizona, Arkansas, etc.) commits "treason".

18 U.S. Code § 2384, which defines, proscribes, and sets the penalties for "seditious conspiracy", states as follows:

> If two or more persons in any State or Territory, or in any place subject to the jurisdiction of **the United States**, conspire to overthrow, put down, or to destroy by force **the Government of the United States**, or to **levy war against them**, or to oppose by force the authority thereof, or by force to prevent, hinder, or delay the execution of any law of the United States, or by force to seize, take, or possess any property of the United States contrary to the authority thereof, they shall each be fined under this title or imprisoned not more than twenty years, or both.

[Emphasis added.] Note, as emphasized, that 18 U.S. Code § 2384 defines "seditious conspiracy", in part, as conspiring to "levy war against them", i.e., **the states** of the United States and/or **the Government of the United States**. This is **the exact same definition** of "treason" as is set forth in 18 U.S.C. § 2381 (i.e., at least as respecting "treason" against **the states** of the United States), minus the conspiracy part, and with subject~verb agreement for the word "levy".

Accordingly, as the **same conduct**, namely, "levying war against" the states of the United States, is defined by the U.S. Code (i.e., in 18 U.S.C. §§ 2381 and 2384) as both "treason" and a "seditious conspiracy" (i.e., when two or more persons conspire to "levy war"), it **necessarily**

follows that two or more persons in any State (e.g., Connecticut) may engage in a "seditious conspiracy to commit treason (i.e., to levy war) against the United States".

Further, and significantly, as is also emphasized above, 18 U.S. Code § 2384 clearly distinguishes between **the United States** (i.e., **the states** of the United States), and **the Government of the United States** (a singular entity) using the same term "**them**" as is used in 18 U.S. Code § 2381 to refer to **both** "the United States" and "the Government of the United States". Thus, by the plain language of 18 U.S.C. §§ 2384 and 2381, "the Government of the United States", or any agency, officer or official thereof, such as the U.S. Department of Justice, aka "DOJ", or the President, aka "POTUS", is clearly capable of conspiring with other persons to engage in a "**seditious conspiracy** to commit treason (i.e., to levy war) against the United States", in a particular State, such as Connecticut, in violation of 18 U.S.C. §§ 2384 and/or 2381.

The question thus becomes: What does it mean to "levy war" against the United States ?? In *Ex parte Bollman and Ex parte Swartwout*, 8 U.S. 75 (1807), the Supreme Court of the United States defined "a levying of war" against the United States. The Court's Syllabus provides a succinct summary of its holdings in this regard, stating, in pertinent part:

> To constitute **a levying of war**, there must be an **assemblage of persons** for the purpose of **effecting by force a treasonable purpose**. * * *
>
> When war is levied, **all** those **who perform any part**, however minute or however remote from the scene of action, **and** who **are actually leagued in** the **general conspiracy**, are **traitors**.
>
> **Any assemblage of men** for the purpose of **revolutionizing by force the government established** by the United States in any of its territories, **although** as **a step** to **or** the **means** of executing some **greater projects**, amounts to **levying war**. The traveling of individuals to the place of rendezvous is not sufficient, but the **meeting of particular bodies of men and their marching** from places of partial **to a place of general rendezvous** is such an assemblage as constitutes **a levying of war**.

*Id.* at Paragraphs 2~4 of the Syllabus. [Emphasis added.]

A further question necessarily arises: What kind of activity by assembled persons or men constitutes "effecting **by force** a treasonable purpose" or "revolutionizing **by force**" ?? [Emphasis added.] The undersigned respectfully submits that 18 U.S.C. § 2331(5), enacted October 26, 2001, as part of the USA Patriot Act, certainly provides an appropriate (if not necessary) standard in this regard via the following definition of "**domestic terrorism**":

> (5) the term "domestic terrorism" means activities that-
>
> > (A) **involve acts dangerous to human life** that are **a violation of the criminal laws** of the United States or **of any State**;
> >
> > (B) **appear to be** intended-
> >
> > > (i) to **intimidate** or **coerce** a civilian population;
> > > (ii) to **influence** the **policy** of a government by **intimidation** or **coercion**; or
> > > (iii) to affect the conduct of a government by mass destruction, assassination, or kidnapping; **and**
> >
> > (C) occur primarily **within** the territorial jurisdiction of **the United States**[.]

[Emphasis added.] Thus, under the express language of 18 U.S.C. § 2331(5), dangerous crimes that **appear to be** intended ~ **<u>not</u>** that **are** intended (by the actors) ~ but that **merely appear** (to reasonable observers) to be intended (1) to intimidate or coerce a civilian population, or (2) to influence the policy of a government by intimidation or coercion, constitute "**domestic terrorism**".

It is nothing short of **<u>astounding</u>** how **closely** and **squarely** the DOJ~orchestrated and manufactured Sandy Hook mass school shooting sham event of December 14, 2012, fits within the foregoing definitions of "**domestic terrorism**" and "**a levying of war**".




(Sandy Hook Dec. 14, 2012, Image Collage, Affidavit ¶ 13, **Tab I8** on USB flash drive)

The DOJ–orchestrated and manufactured Sandy Hook mass school shooting sham event of December 14, 2012, qualifies as "**domestic terrorism**" under the express terms of 18 U.S.C. § 2331(5).

**First**, men in **FBI** combat and/or state police uniforms marching through chaotic crowds of terrified school children and parents, while carrying (presumably) **loaded firearms** and, at times, carelessly pointing them at women or children,[202] most assuredly involves "**acts dangerous to human life**" under 18 U.S.C. § 2331(5)(A); as does the shooting of glass windows and window walls of a public elementary school, with rifle and breaching rounds (inherently dangerous

[202] FN 98, *supra*, **Tab I9** (MSHVS) on USB flash drive.

activities for and to any humans in proximity), in order to fake a mass school shooting event.[203] Further, the shooting and destruction of the widows and window walls of the Sandy Hook public elementary school constitute **violations of the criminal laws** of Connecticut, among them:

- **C.G.S. § 53a-115. - Criminal mischief in the first degree**, a class D felony, stating, in pertinent part: "(a) A person is guilty of criminal mischief in the first degree when: *** or (5) with intent to cause damage to tangible **property owned by the state or a municipality that is located on public land** and having no reasonable ground to believe that such person has a right to do so, such person **damages** such **tangible property** in an amount exceeding one thousand five hundred dollars." [CT Gen Stat § 53a-115. (2024)] [Emphasis added.]

- **C.G.S. § 53-203. - Unlawful discharge of firearms**, a class C misdemeanor, stating: "Any person who intentionally, negligently or carelessly discharges any firearm in such a manner as to be likely to cause bodily injury or death to persons or domestic animals, or **the wanton destruction of property**, shall be guilty of a class C misdemeanor." [CT Gen Stat § 53-203. (2024)] [Emphasis added.]

**Second**, The DOJ~orchestrated and manufactured Sandy Hook mass school shooting sham event of December 14, 2012, certainly **appears** to have been **intended** to (and it actually did) **intimidate** and/or **coerce a civilian population**, namely, the American people, with a horrific story and chaotic live news action scene, eleven days before Christmas 2012, of twenty (20) first graders and six (6) adult educators (allegedly) being **slaughtered** by a maniac running loose with an **AR-15** through the halls of an elementary school in idyllic Connecticut.[204]

The DOJ~orchestrated and manufactured Sandy Hook mass school shooting sham event of December 14, 2012, certainly **appears** to have been **intended** to **intimidate** or **coerce** the American people toward accepting and even demanding **gun control**, in clear derogation of our Second Amendment rights to keep and bear arms. This apparent intent to **influence government**

---

203 Affidavit ¶ 13, **Tabs I2**, **I3**, and **I8** on USB flash drive (designated "Tab I2_MSHVS Photograph Movie Slide 4"; "Tab I3_MSHVS Photograph Movie Slide 8"; and "Tab I8_Sandy Hook Dec. 14, 2012, Image Collage"), and MSHVS **Tab I9** on USB flash drive.

204 FNs 98 and 174, *supra*, **Tabs I8** and **I9** (MSHVS) on USB flash drive.

**policies** through intimidation or coercion is well demonstrated by the fact that, shortly after the (alleged) event, several of the (alleged) Sandy Hook surviving parents went on **lobbying tours** to advocate for **gun control.**[205]

The prime example of anti-Second Amendment lobbying activities undertaken by (alleged) Sandy Hook victim parents, and occurring shortly after the (alleged) December 14, 2012, shooting event, is undoubtedly the April 13, 2013, performance of "The President's Weekly Address" by David and Francine Wheeler, "sitting in" for President Barack Obama. See the White House Office of the Press Secretary release for April 13, 2013: "Weekly Address: Sandy Hook Victim's Mother Calls for Commonsense Gun Responsibility Reforms" and **the** video thumbnail from said press release pictured below.[206]




[205] FN 98, *supra*, **Tab I9** (MSHVS) on USB flash drive.

[206] Affidavit ¶¶ 76 and 77, **Tabs W1** and **W2** on USB flash drive (designated "Tab W1_Weekly Address by Sandy Hook Parents whitehouse.gov 04.13.2013" and "Tab W2_White House Press Release Video Still for Weekly Address, by Sandy Hook Parents 04.13.2013").

President Obama's **showcasing** of alleged Sandy Hook parents David and Francine Wheeler on an **official White House platform** to talk about "Commonsense Gun Responsibility Reforms" wasn't just intimidation or coercion of a civilian population toward a given policy direction ~ Who's going to **dare argue against**, or **even question**, a dear sweet mother whose child was (allegedly) murdered with an assault rifle as he sat in his first grade classroom, four months earlier, getting ready for Christmas break ?! ~ it was, indeed, **psychological <u>war</u>fare**. It was part of an overall campaign relating to the (alleged) horrific Sandy Hook school shooting of December 14, 2012, and, as is more fully set forth further below, it was and is "**a levying of <u>war</u>**" against the United States.

<u>**Third**</u>, and finally in this regard, as the alleged event of December 14, 2012, occurred primarily in Connecticut, which is within the territorial jurisdiction of the United States, and as **all other criteria** set forth in 18 U.S.C. § 2331(5) are **satisfied** (as substantiated above), it must **necessarily** be concluded that the DOJ~orchestrated and manufactured Sandy Hook mass school shooting sham event of December 14, 2012, qualifies as "**domestic terrorism**".

The DOJ~orchestrated and manufactured Sandy Hook mass school shooting sham event of December 14, 2012, also qualifies as "**a levying of war**" against the United States as defined by the Supreme Court of the United States in *Ex parte Bollman*, *supra*. Again, to constitute "**a levying of war**" and, thus, "**treason**" under 18 U.S.C. § 2381, there must be "an assemblage of persons for the purpose of effecting by force a treasonable purpose." *Id.* at ¶ 2 of the Court Syllabus. Further, "[a]ny assemblage of men for the purpose of revolutionizing by force the government established by the United States *** amounts to levying war." The Court **specifically** noted that "the meeting of particular bodies of men and their <u>**marching**</u> from places of partial to a place of general rendezvous is such an assemblage as constitutes a levying of war." *Id.* at ¶ 4 of

the Court Syllabus. [Emphasis added.] Notably, the assemblage of persons or men **needn't be armed**, there **needn't be** an **actual** exercise of **force** (i.e., a purpose to effect/revolutionize by force is sufficient), and there **needn't be** any physical **injuries** to or death of persons, **or damages** to property, for there to be a treasonous "**levying of war**" against the United States.

It is **indisputable** that there was an **assemblage** of persons at Sandy Hook on December 14, 2012, and that particular bodies of men met and marched that day from "places of partial to a place of general rendezvous", i.e., the Sandy Hook elementary school.[207] Further, this report points to and attaches ample public source evidence demonstrating probable cause for reasonable minds to believe the **assemblage** and **marching of men** at Sandy Hook was done for a "**treasonable**" or "**revolutionizing**" **purpose**, namely, to **undermine or destroy the Second Amendment**, one of the core and foundational rights of the American Republic, by turning legislators, laws, and the American people against the Second Amendment and, particularly, against AR-15s, the most common and best~selling rifle in the United States.

Thus, the only remaining question left for determining the existence of a treasonous "**levying of war**" against the United States, is whether the purpose of the Sandy Hook sham event of December 14, 2012, was to effect the described change or to revolutionize "**by force**" ?? Any act that meets the statutory definition of "**domestic terrorism**" of 18 U.S.C. § 2331(5) must assuredly be said to be done "**by force**". As substantiated above, the Sandy Hook manufactured mass school shooting sham event of December 14, 2012, qualifies as "**domestic terrorism**" under the express terms of 18 U.S.C. § 2331(5). Further, the Sandy Hook event indisputably involved heavily armed men marching to and from a point of rendezvous (i.e., the Sandy Hook elementary

[207] MSHVS, **Tab I9** on USB flash drive.

school) in a massive show **of force**;[208] thus, it is reasonable, if not necessary, to conclude that the assembled men sought to achieve their ends **by force**.

Accordingly, probable cause exists for reasonable minds to believe that the alleged Sandy Hook mass school shooting of December 14, 2012, was a DOJ~orchestrated and manufactured sham event that qualifies as "**a levying of war**" against the United States in violation of 18 U.S.C. §§ 2381 and 2384. When a war is levied against the United States, as it was in the treasonous Sandy Hook event, "**all** those **who perform any part**, however minute or however remote from the scene of action, **and** who **are actually leagued in** the **general conspiracy**, are **traitors**." *Ex parte Bollman*, *supra*, at ¶ 3 of the Court Syllabus. [Emphasis added.]

**Sandy Hook was and is a Two~Part and Continuing Treasonous Conspiracy**

"A conspiracy is a partnership in criminal purposes. That, as such, it may have continuation in time is shown by the rule that an overt act of one partner may be the act of all without any new agreement specifically directed to that act." *United States v. Kissel*, 218 U. S. 601, 608 (1910). It "does not become several conspiracies because it continues over a period of time" or because it is an "agreement to commit several offenses." *Braverman v. United States*, 317 U. S. 49, 52 (1942). More recently, in *Smith v. United States*, 568 U.S. 106 (2013), the Supreme Court of the United States summarized the law regarding a **continuing conspiracy**, stating:

> Since conspiracy is a continuing offense, *United States v. Kissel*, 218 U. S. 601, 610 (1910), a defendant who has joined a conspiracy continues to violate the law "through every moment of [the conspiracy's] existence," *Hyde v. United States*, 225 U. S. 347, 369 (1912), and he becomes responsible for the acts of his co-conspirators in pursuit of their common plot, *Pinkerton v. United States*, 328 U. S. 640, 646 (1946).

*Smith*, *supra*, at 111.

---

[208] FN 98, *supra*, **Tab I9** (MSHVS) on USB flash drive.

The fraudulent Sandy Hook defamation suits against Alex Jones and others[209] were and are the second and **necessary** stage of the two~part, overall, general, and **treasonous** Sandy Hook conspiracy against the United States and our First **and** Second Amendments, the core and foundational rights of the American Republic. The first **overt act** and first part of the conspiracy, the DOJ~orchestrated and manufactured Sandy Hook mass school shooting sham event of December 14, 2012, targeted our **Second Amendment** and legislative and public support for same.

Thereafter, the **second** and **necessary** part **continued the general conspiracy**, in 2018, through bogus defamation suits, based on the **same** alleged Sandy Hook mass school shooting of December 14, 2012, brought by the **same** alleged Sandy Hook surviving family members involved in the first part of the general conspiracy, against Alex Jones and other alleged Sandy Hook "**massacre deniers**",[210] in order to generate massive, **free~speech~chilling** default/court~ordered judgments, in derogation of our **First Amendment** protections for freedom of speech and of the press. The second part of the general Sandy Hook conspiracy wasn't just about curtailing speech and public participation in the political process; as emphasized, the second part of the general conspiracy was very much **necessary** to "scare off" further and proper public scrutiny[211] of the alleged December 14, 2012, Sandy Hook elementary school shooting "**massacre**".[212] After all, who is going to further and **publicly question** Sandy Hook if doing so might cost them more than

---

209 (as well as continuing related proceedings, such as Alex Jones' Chapter 7 bankruptcy case, Bankr. S.D. Tex. Case No. 22-33553, and *David Wheeler, et al. v. Alexander E. Jones, et al.*, Bankr. S.D. Tex. Adv. Pro. No. 24-03279, attendant to same)

210 "Sandy Hook dad wins suit against massacre deniers", CNN, June 18, 2019, retrieved from cnn.com/2019/06/18/us/sandy-hook-victim-father-lawsuit-deniers/index.html; Affidavit ¶ 20, **Tab N1** on USB flash drive [designated "Tab N1_Sandy Hook dad wins suit against massacre deniers (Fetzer) (CNN) 06.18.19 ScrnShts 1-3 of 3"].

211 (or, at least, public speech regarding the findings of any further and proper scrutiny)

212 (an obvious and easily provable **hoax**, see MSHVS, **Tab I9** on USB flash drive)

a **billion dollars** ?? Thus, and in practicality, the **second part** of the **treasonous** Sandy Hook conspiracy, namely, the slew of bogus defamations cases against Alex Jones and others in 2018 (related proceedings continuing through to the present), was **necessary** to cover up or **conceal** the **truth** of the sham, fraudulent, and **treasonous** nature of the **first part** of the conspiracy, namely, the alleged Sandy Hook mass school shooting sham event of December 14, 2012.

Accordingly, **all persons** and **organizations** who/which joined in the second part of the **continuing** Sandy Hook **treasonous conspiracy** (i.e., the bogus defamation litigation phase starting in 2018 and continuing to present) have violated the law (i.e., various sections of Title 18 of the U.S. Code) through **every moment** of the conspiracy's existence,[213] going all the way back in time, **at least**, to December 14, 2012, the date of the first overt act in the overall and continuing Sandy Hook **treasonous** conspiracy.

**The Co~Conspirators Cannot be Saved by the Smith~Mundt Modernization Act of 2012**

On several occasions during the course of pursuit of this public case, the undersigned Reporting Attorney has been asked in interviews/livestreams if the **entire** Sandy Hook saga (i.e., including the alleged underlying event of December 14, 2012, and the slew of Sandy Hook defamation suits which followed and are being litigated up to the present day) could possibly be a **propaganda campaign** conducted under the auspices of the Smith~Mundt Modernization Act of 2012.[214] These questions were and are **not** entirely misplaced. In a July 15, 2013, article titled "Americans Finally Have Access to American Propaganda", *The Atlantic* reported that:

> A law went into effect this month that ends the ban on U.S. government-made propaganda from being broadcast to Americans. In a remarkably creative spin, the

[213] *Smith*, *supra*, at 111.

[214] See, for example, the undersigned's February 13, 2025, appearance on "The Kate Dalley Show" at: https://rumble.com/v6kn6ba-021325-2nd-hr-wyn-young-did-the-lawyers-throw-this-very-high-profile-case-t.html?playlist_id=AJkOYcgkw2c

> supporters of this law say that allowing Americans to see American propaganda is actually a victory for transparency.
>
> As *Foreign Policy's* John Hudson explains, the Smith-Mundt Modernization Act of 2012 went into effect July 2, and allows government-made news — which includes products like Voice of America, Radio Free Europe, and the Middle East Broadcasting Networks — to reach Americans.

[Emphasis as in original.][215]

The undersigned Reporting Attorney respectfully submits that the Smith~Mundt Modernization Act of 2012,[216] to the extent, if any, that it may viewed as permitting the Government of the United States to **propagandize** (i.e., **lie to**) the American people via orchestrated/manufactured events, is **unconstitutional**. But, more immediately, and as is noted in *The Atlantic* article, although **named** the Smith~Mundt Modernization Act **of 2012**, the legislation did **not** actually go into effect until **July 2, 2013**, seven (7) months after the DOJ~orchestrated and manufactured Sandy Hook mass school shooting sham event of December 14, 2012, the first overt act in the general, **two~part** and **treasonous** Sandy Hook conspiracy against the United States.[217]

Accordingly, **all who have joined**, at any time, in the **treasonous** general Sandy Hook conspiracy, which has continued since at least December 14, 2012 (if not earlier), and through to the present day, violated the law **through every moment** of the conspiracy's existence, including the moments of that pivotal day on December 14, 2012, seven (7) months **before** the Smith~Mundt Modernization Act of 2012 (effective July 2, 2013) could even conceivably have allowed for the orchestrated/manufactured Sandy Hook mass school shooting sham event as government~

---

[215] Reeve, Elspeth. "Americans Finally Have Access to American Propaganda". *The Atlantic*, July 15, 2013, theatlantic.com/politics/2013/07/americans-finally-have-access-american-propaganda/313305/.

[216] Codified at 22 U.S. Code §§ 1461 and 1461-1a.

[217] See "Facts About Smith-Mundt Modernization". U.S. Agency for Global Media. Retrieved from: https://www.usagm.gov/who-we-are/oversight/legislation/smith-mundt-faqs/

authorized **propaganda**. Thus, even if constitutional (which the undersigned Reporting Attorney would dispute), the Smith~Mundt Modernization Act of 2012 (effective July 2, 2013) **does not** and **cannot** serve: (a) as an affirmative defense for the Sandy Hook co~conspirators to the legally~justified charges delineated in the section which follows, or (b) as an impediment to further and formal investigation of such potential charges.

**PROBABLE CAUSE EXISTS FOR CHARGES, OR FOR FURTHER JUSTIFIED AND FORMAL INVESTIGATION OF POTENTIAL CHARGES, AGAINST THE FOLLOWING PERSONS AND ORGANIZATIONS, FOR TREASON, SEDITIOUS CONSPIRACY, MISPRISION OF TREASON, CONSPIRACY TO COMMIT OFFENSE OR TO DEFRAUD THE UNITED STATES, OBSTRUCTION OF JUSTICE, AND/OR OTHER RELATED OFFENSES AGAINST THE UNITED STATES**

The undersigned respectfully submits that this Misprision Report Package provides and points to a paper and evidentiary trail demonstrating **probable cause** for charges, or for further justified and formal investigation of potential charges, against the persons and organizations listed in the sections set forth below, for: (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **conspiracy to commit offense or to defraud United States** in violation of 18 U.S.C. § 371, (4) **misprision of treason** in violation of 18 U.S.C. § 2382, (5) **obstruction of justice** in violation of 18 U.S.C. § 1503, and/or other related offenses, in relation to the **two~part** and **treasonous** Sandy Hook conspiracy against the United States and, specifically, against our First and Second Amendment protections under the Constitution of the United States.

**The Two~Part and Treasonous Sandy Hook Conspiracy, Part I: the Orchestrated and Manufactured Sandy Hook Mass School Shooting Sham Event of December 14, 2012**

As set forth in the **Necessary Conclusions** section above, the (alleged) Sandy Hook mass school shooting of December 14, 2012, though being a manufactured and sham event, constituted "**a levying of war**", as defined by the Supreme Court of the United States in *Ex parte Bollman*, *supra*, at Paragraphs 2 and 4 of the Court Syllabus, and as such terminology is used in the **treason**

and **seditious conspiracy** statutes, 18 U.S.C. § 2381 and 18 U.S.C. § 2384. Under Paragraph 3 of the Court Syllabus in *Ex parte Bollman*, *supra*, **all** those who performed any part of the Sandy Hook conspiracy, however minute or however remote from the scene of action at the Sandy Hook elementary school in Newtown, Connecticut, on December 14, 2012, and who were (and are) actually **leagued** in the general Sandy Hook conspiracy, are **traitors**.

The undersigned Reporting Attorney respectfully submits that **probable cause** evidence exists (and is herein produced or pointed to) justifying charges, or further and formal investigation of potential charges, as delineated below, against the following persons and organizations (among others), who were "**leagued**" and played various parts or roles in **Part I** of the general Sandy Hook **treasonous** conspiracy:

❖ **FBI/DOJ**

- The FBI/DOJ orchestrated the manufactured Sandy Hook mass school shooting sham event of December 14, 2012, exercising publicly~apparent, on~scene command of the law enforcement response to said alleged school shooting which included men wearing and using police combat gear, **with FBI insignia**, while carrying guns and marching to and from the Sandy Hook elementary school as a point of rendezvous. (MSHVS, **Tab I9** on USB flash drive)

- The four (4) page record, at Pages 197~201 of the *Lafferty* federal case Remand File (**Tab P1**), published by the Criminal Justice Information Services Division of the FBI/DOJ, titled "Crime in the United States 2012", and showing that there were **zero** (0) **Murder(s) and nonnegligent manslaughter(s)** in Newtown, Connecticut, in 2012, constitutes an **after~the~fact admission**, by the FBI/DOJ, that, in and of itself, and **as a matter of law**, provides probable cause evidence that the alleged December 14, 2012, Sandy Hook mass school shooting was a **manufactured**, **sham** event. See, also, the **composite image** below of said FBI/DOJ "Crime in the United States 2012" record.

- Accordingly, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against the FBI/DOJ, **as organizations/agencies** of the Government of the United States, for: (1) **treason** against the United States, in violation of 18 U.S.C. § 2381, and (2) **seditious conspiracy** against the United States, in violation of 18 U.S.C. § 2384, for "levying war" and conspiring with others to "levy war" against the United States (as proscribed by said statutes and as defined by the Supreme Court in *Ex parte Bollman*, *supra*) via the Sandy Hook conspiracy. 18 U.S.C. § 2384 clearly

**distinguishes between** "the United States" **and** "the Government of the United States". The Government of the United States is clearly **capable** of "levying war" against "the United States" (i.e., the collection of 50 united states ~ Alabama, Alaska, Arizona, Arkansas, etc.), which both 18 U.S.C. § 2381 and § 2384 refer to as "**them**"; and the Government of the United States **did, in fact**, levy war against the United States, via its FBI/DOJ agencies, in the Sandy Hook conspiracy, from the time of the first overt act of said conspiracy on December 14, 2012, and **continuing** through to the present day.

- Probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against the FBI/DOJ, **as organizations/agencies** of the Government of the United States, for conspiring with others to commit offense against the United States, or to defraud the United States, via the Sandy Hook conspiracy, in violation of 18 U.S.C. § 371.

- Probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against current and former FBI/DOJ **officials, agents, and employees** (identities yet unknown), under every presidential administration from December 14, 2012, to present, who took any part, however minute or remote, in planning, implementing, or concealing evidence of the Sandy Hook conspiracy, for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382 (for any and all instances where an FBI/DOJ official/agent/employee knew of the Sandy Hook **treasonous** conspiracy, concealed such information, and did not further and properly disclose/make a report of same), and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

❖ **Connecticut State Police**

- Probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against the Connecticut State Police which, **as an organization**, participated and assisted in the orchestration and implementation of the manufactured Sandy Hook mass school shooting sham event of December 14, 2012, a "levying of war" against the United States, for: (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382 (for any and all instances where a Connecticut State Police official/officer/employee knew of the Sandy Hook **treasonous** conspiracy, concealed such information, and did not further and properly disclose/make a report of same), and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371. The publicly~apparent involvement of the Connecticut State Police in the implementation of the manufactured Sandy Hook mass school shooting sham event of December 14, 2012, is evidenced by news footage and photos from the day, time, and location of the event showing men wearing Connecticut State Police uniforms, carrying guns, and marching with men wearing police combat gear, with FBI insignia, to and from the Sandy Hook elementary school as a point of rendezvous. (MSHVS, **Tab I9** on USB flash drive) Further, a publicly~published photo, attributed to the Connecticut State Police, appears to show Connecticut State Police personnel setting

up a sham police emergency response scene outside the Sandy Hook elementary school on the morning of December 14, 2012, **before** the classroom windows were shot and the safety glass wall at the school's entrance was shattered, later that day. (**Tabs I2**, **I3**, **I5**, **I6**, **I8**, and **I9**, MSHVS, on USB flash drive)

- Probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against current and former Connecticut State Police **officials, officers, and employees** (identities yet unknown), who, at any time from December 14, 2012, to present, took any part, however minute or remote, in planning, implementing, or concealing evidence of the Sandy Hook conspiracy, for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382 (for any and all instances where a Connecticut State Police official/officer/employee knew of the Sandy Hook **treasonous** conspiracy, concealed such information, and did not further and properly disclose/make a report of same), and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

❖ **Alleged Sandy Hook Victims/Surviving Family Members**

- Probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against persons **falsely** claiming to be victims, or surviving family members of victims, of the alleged, but fictitious, Sandy Hook mass school shooting event of December 14, 2012, including, but not limited to (a) **all Plaintiffs** in **all** Sandy Hook defamation cases filed in Connecticut, Texas, and Wisconsin, who asserted **false**, **fraudulent**, and **treasonous** claims based on the **sham** Sandy Hook school shooting, and (b) **all** Sandy Hook **Plaintiffs** in the matter of *Soto v. Bushmaster Firearms International, LLC*, 331 Conn. 53, 202 A.3d 262 (2019), who, likewise, asserted **false**, **fraudulent**, and **treasonous** claims based on the **sham** Sandy Hook school shooting, all of whom have participated and played key roles in aiding and perpetuating the Sandy Hook conspiracy, from December 14, 2012, to present, for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

❖ **Former Connecticut Governor Dannel P. Malloy**

- On December 14, 2012, (former) Connecticut Governor Dannel P. Malloy gave an outdoor press conference after and regarding the alleged Sandy Hook mass school shooting event and stated, in pertinent part: "Earlier today, a tragedy of unspeakable terms **played itself out** in this community. The Lieutenant Governor and I have been spoken to in an attempt that we might be prepared for something like this **playing itself out** in our state." (MSHVS, **Tab I9** on USB flash drive) [Emphasis added.] Random acts of mass murder by deranged individuals don't "play themselves out". **Theatrical productions** or planned, orchestrated

events are what "play themselves out" **after** being set up and arranged by person(s) with foreknowledge and intention.

- In a **November 27, 2012**, article headlined "Holder, Malloy give a new look at an old idea on guns" (https://ctmirror.org/2012/11/27/holder-malloy-give-new-look-old-idea-guns/), The Connecticut Mirror reported that "U.S. Attorney General Eric Holder and Gov. Dannel P. Malloy gave a high-profile roll out Tuesday [November 26th] to an anti-gun violence strategy" at a meeting in New Haven, Connecticut. Probable cause exists to believe it was at the November 26, 2012, meeting in New Haven, Connecticut, when and where (former) U.S. Attorney General Eric Holder spoke to Governor Malloy and his Lieutenant Governor to prepare them for the "**tragedy of unspeakable terms**" that would be "**playing itself out**" in their state in the near future. Accordingly, Governor Dannel P. Malloy had **foreknowledge** of the manufactured nature of the FBI/DOJ~orchestrated Sandy Hook mass school shooting sham event that took place at the Sandy Hook elementary school, in Newtown, Connecticut, on December 14, 2012.

- Governor Malloy cooperated with the FBI/DOJ and played a critical part and role in **deceiving** and **terrorizing** the American people via the treasonous Sandy Hook conspiracy. Probable cause exists for charges, or for further and formal investigation of potential charges, against former Connecticut Governor Dannel P. Malloy for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

❖ **Former Attorney General Eric Holder**

- Probable cause evidence exists that Eric Holder, as Attorney General and head of the FBI/DOJ, had foreknowledge of and participated in the planning, supervision, and implementation of the FBI/DOJ~orchestrated and manufactured Sandy Hook mass school shooting sham event of December 14, 2012, as probable cause evidence exists that Attorney General Holder gave advance notice of the forthcoming sham Sandy Hook event to the Governor and Lieutenant Governor of Connecticut at an anti~gun meeting/media event in New Haven on November 26, 2012. (MSHVS, **Tab I9** on USB flash drive and ctmirror.org/2012/11/27/holder-malloy-give-new-look-old-idea-guns/) Thus, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against former Attorney General Eric Holder for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

❖ **<u>Former President Barack Obama</u>**

- Probable cause evidence exists that former President Barack Obama had not only constructive, but also actual knowledge of and participated in and aided the treasonous Sandy Hook conspiracy. In addition to possessing and exercising ultimate command and supervisory authority over the FBI/DOJ, within days after FBI/DOJ~orchestrated and manufactured Sandy Hook mass school shooting sham event of December 14, 2012, President Obama met with alleged surviving Sandy Hook family members for gun control themed media appearances, and he even took several alleged Sandy Hook parents, including known actors David and Francine Wheeler, for a publicity ride on Air Force One. (Affidavit ¶ 89, and **Tab Y2** on USB flash drive)

- On April 13, 2013, President Barack Obama turned the official communications platform of The White House Weekly Address over to alleged Sandy Hook victim parents and known actors, David and Francine Wheeler, in a brazen act of psychological warfare against the United States and our Second Amendment rights. (See "Weekly Address: Sandy Hook Victim's Mother Calls for Commonsense Gun Responsibility Reforms", Affidavit ¶¶ 76 and 77, **Tabs W1** and **W**2 on USB flash drive.) Sandy Hook was both "domestic terrorism" and a "levying of war" against the United States, as statutorily and judicially defined [18 U.S.C. § 2331(5) and *Ex parte Bollman*, *supra*], and President Barack Obama was **<u>in charge of it</u>**.

- Accordingly, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against former President Barack Obama for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

❖ **<u>Media Organizations and Journalists</u>**

- Probable cause evidence exists that media organizations featured in the undersigned Reporting Attorney's evidentiary video, <u>My Sandy Hook Video Scrapbook</u> (MSHVS, **Tab I9** on USB flash drive), including, but not limited to Fox News and CNN, and journalists employed by same, knowingly participated in the treasonous Sandy Hook conspiracy and terrorized and deceived viewers and readers (via numerous false and fraudulent publications and means of communicating same) to "sell" the treasonous and farcical Sandy Hook mass school shooting hoax to the American people (i.e. to convince the public of the authenticity of said **<u>sham</u>** event). As is set forth above, Sandy Hook was and is "domestic terrorism", as defined by 18 U.S.C. § 2331(5), and a "levying of war" against the United States, as judicially defined in *Ex parte Bollman*, *supra*, and the preposterous

deception at the heart of the Sandy Hook **treason** could **never** have been accomplished without the willing assistance of said media organizations and journalists.

- Accordingly, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against media organizations featured in the undersigned Reporting Attorney's evidentiary video, My Sandy Hook Video Scrapbook (MSHVS, **Tab I9** on USB flash drive), including, but not limited to Fox News and CNN, and journalists employed by same, for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

❖ **Sandy Hook Promise**

- Probable cause evidence exists to believe that the Sandy Hook Promise Action Fund ("Sandy Hook Promise"), a 501(c)(4) tax~exempt organization cofounded by alleged Sandy Hook victim parents, Mark Barden and Nicole Hockley, on January 14, 2013 (i.e., one month after their children were allegedly shot and killed at Sandy Hook), is and, since its inception, has been: (1) entirely based on the **false** and **fraudulent** premise that 20 first grade children and 6 adult educators were shot and killed on December 14, 2012, at the Sandy Hook elementary school in Newtown, Connecticut [even though official records of the Criminal Justice Information Services Division of the FBI/DOJ state that there were **zero (0) Murder(s) and nonnegligent manslaughter(s)** in Newtown, Connecticut, in 2012 (Remand File at 197~201, **Tab P1**, and composite image below)]; (2) participating in, assisting with, and **continuing** the **treasonous** Sandy Hook conspiracy, a "levying of war" against the United States and our First and second Amendments; and (3) engaging in **massive** mail and wire fraud in a continuing scheme to defraud the public through solicitation of donations based on the false premise that school children and educators were shot and killed at Sandy Hook on December 14, 2012. See sandyhookpromise.org/get-involved/ways-to-give/. See, also, projects.propublica.org/nonprofits/organizations/461665232, reporting that the Sandy Hook Promise Action Fund claimed $7.35 Million in tax~free charitable contributions for 2025.

- Accordingly, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against the Sandy Hook Promise Action Fund and its officers and agents, including, but not limited to Mark Barden and Nicole Hockley, for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371, and/or (5) **mail** and **wire fraud** in violation of 18 U.S.C §§ 1341 and 1343.

premium Search:

THE FBI FEDERAL BUREAU OF INVESTIGATION

REPORT THREATS • A-Z INDEX • SITE MAP

Search Site SEARCH

CONTACT US ABOUT US MOST WANTED NEWS STATS & SERVICES SCAMS & SAFETY JOBS FUN & GAMES

CRIME in the United States 2012

**CONNECTICUT**
**Offenses Known to Law Enforcement by City, 2012**

| City | Population | Violent crime | Murder and nonnegligent manslaughter | Forcible rape | Robbery | Aggravated assault | Property crime | B |
|---|---|---|---|---|---|---|---|---|
| New London | 27,643 | 366 | 3 | 10 | 45 | 308 | 764 | |
| New Milford | 28,047 | 21 | 0 | 9 | 1 | 11 | 363 | |
| Newtown | 27,904 | 7 | 0 | 5 | 0 | 2 | 185 | |
| North Branford | 14,422 | 5 | 1 | 1 | 1 | 2 | 201 | |

'Newtown NUKE! Sandy Hook FAKE FBI On TV (Smoking Gun PROOF), NEW Footage' - 2016

[Composite image of FBI/DOJ "Crime in the United States 2012" record, Affidavit ¶ 11; full, four~page record (with cover sheet) in *Lafferty* Remand File at 197~201, **Tab P1**]

**The Two~Part and Treasonous Sandy Hook Conspiracy, Part II: Treasonous Fraud, Both On and By the Courts, in the Sandy Hook Defamation Cases**

**Even if** the underlying alleged Sandy Hook mass school shooting of December 14, 2012, was real (which the FBI/DOJ's own official, published records **confirm** it was **not**),[218] **none** of the Sandy Hook defamation cases filed in three (3) separate jurisdictions in 2018 (i.e., Connecticut, Texas, and Wisconsin) should **ever** have gotten past a motion to dismiss based on the 60~year~old **controlling** precedent of *N.Y. Times Co. v. Sullivan*, *supra*, and its **actual malice** standard for public figure defamation liability. Yet, **somehow, each** of the Sandy Hook cases filed **in all three jurisdictions** managed to **not only** get past *Sullivan*, but to proceed to a massive final judgment based on default/court~ordered liability. Only **treasonous fraud**, both **on** and **by the courts** in the

[218] See "Crime in the United States 2012" FBI/DOJ record for Newtown, Connecticut. (Remand File at 197~201, **Tab P1**)

Sandy Hook defamation cases, could ever possibly account for this **incredible** and **illegitimate** anomaly. The **treasonous fraud** by the **litigating parties** can be easily seen and demonstrated in the litigating parties' court filings (e.g., Alex Jones' blatantly deficient and faulty Notice of Removal, and his co~defendants' consents to same, in *Lafferty*).[219] In 2025, the undersigned Reporting Attorney's public case and litigation in the matters of *In re Alexander E. Jones, Debtor*, Bankr. S.D. Tex. Bankr. Case No. 22-33553; *In re Alexander E. Jones, Debtor, Robert Wyn Young, Appellant*, S.D. Tex. Civil Action Case No. 4:25-cv-02057; and *Jones, et al., Petitioners v. Lafferty, et al.*, S. Ct. Case No. 25-268, produced/uncovered probable cause evidence of **systemic criminality** in the federal judiciary, itself, from **top to bottom**, respecting/regarding Sandy Hook that allowed for assignment of Connecticut Sandy Hook~related cases **only** to judges (federal or state) who would tolerate, permit, and facilitate **treasonous fraud**, i.e., who were and are **in on** the **treasonous** conspiracy.

The probable cause evidence of **criminality** the undersigned has produced and that justifies the pressing of criminal charges against the **parties**, **counsel**, and **judges** involved in **all** **Connecticut** Sandy Hook~related cases also and **necessarily** presents probable cause justifying the pressing of charges, or further and formal investigation of possible **treasonous fraud**, by the **parties**, **counsel**, and **judges** involved in the **Texas** and **Wisconsin** Sandy Hook defamation cases. Why does evidence of **systemic criminality** in the Connecticut Sandy Hook~related proceedings **necessarily** point to **potential systemic criminality** in the Texas and Wisconsin cases ?? Because the Connecticut, Texas, and Wisconsin cases all arose from the **same** alleged underlying event, involved claimants from the **same** defined group,[220] asserted nonviable defamation claims against

[219] Remand File at 11-82, **Tab P1**.

[220] i.e., alleged surviving family members of alleged Sandy Hook victims

journalists and investigators who had no possible reason to hold or show actual malice toward the alleged victims, and proceeded to default/court~ordered judgments on liability in spite of the **firmly~established** and **controlling** precedent of *Sullivan*, *supra*. Why, on earth, would attorneys, who earn contingent fees from amounts **recovered** in personal injury cases, **ever** take on costly litigation where controlling law, i.e., *Sullivan*, *supra*, provided **no hope** of recovery ?? Because the attorneys asserting the Sandy Hook claims **knew the fix was in** ~ across the board.

The co~conspirators had to be absolutely sure **the fix was in**, across the board and with every party, attorney, and judge involved in each of the Sandy Hook cases; otherwise, by involving **any player** who was **not** joined in the conspiracy, they would have risked compromise and exposure of the entire, two~part, and **treasonous** Sandy Hook conspiracy against the United States, going all the way back to December 14, 2012.[221] And that's a risk the co~conspirators **would not** and, the evidence shows, in fact, **did not** take.

Accordingly, the undersigned Reporting Attorney respectfully submits that **probable cause** evidence exists (and is herein produced or pointed to) justifying charges, or further and formal investigation of potential charges, as delineated below, against the following persons and organizations (among others), who were "**leagued**" and played various parts or roles in **<u>Part II</u>** of the general Sandy Hook **treasonous** conspiracy:

- **<u>Alex Jones and Counsel</u>**

    - Alex Jones, Texas~born, world~famous purported journalist and self~professed champion of <u>our First and Second Amendment rights</u>, threw the defense of the Connecticut Sandy Hook SLAPP suits, with his very first responsive pleadings,[222] as **the major act** in **<u>Part II</u>**

[221] (i.e., seven months <u>before</u> Smith~Mundt Modernization, effective July 2, 2013, could even **conceivably** have given a green light to such government~sponsored "propaganda", i.e., **lies**)

[222] (i.e., by deliberately failing to claim federal question jurisdiction when removing the related and nearly identical *Lafferty* and *Sherlach* Sandy Hook Connecticut First Amendment lawfare cases to federal court)

of the general Sandy Hook **treasonous** conspiracy against the United States and ~ ironically enough ~ our First and Second Amendment rights.

- As stated in the undersigned Reporting Attorney's February 27, 2025, email to Christopher R. Murray, Chapter 7 Trustee, and as thereafter quoted in the undersigned's filings in the matters of *In re Alexander E. Jones, Debtor*, Bankr. S.D. Tex. Bankr. Case No. 22-33553; *In re Alexander E. Jones, Debtor, Robert Wyn Young, Appellant*, S.D. Tex. Civil Action Case No. 4:25-cv-02057; and *Jones, et al., Petitioners v. Lafferty, et al.*, S. Ct. Case No. 25-268:

> **Alex Jones** and his **Randazza** law firm attorney, **Jay Wolman**, a graduate of **Cornell** and **Georgetown Law**, and a 25~year, **AV-Preeminent** rated lawyer, did **not** simply **forget**, **twice**, in removing the Lafferty and Sherlach cases to federal court in July 2018, **to claim federal question jurisdiction** under **28 U.S.C. Section 1331** to ensure the **U.S. District Court for the District of Connecticut** would have **subject matter jurisdiction** to consider and rule upon the merits of the **1st Amendment~based Special** [Anti~SLAPP] **Motion to Dismiss** they also filed with the federal court in July 2018. *** This was a setup, and **Alex Jones** and his **Randazza** attorneys took an immediate and purposeful dive on the defense of the Connecticut Sandy Hook defamation cases."[223] [Emphasis as in original.]

- Even if Alex Jones is afforded plausible deniability for his sanctionable conduct occurring after the remand of *Lafferty* back to state court in November 2018 and resulting in (1) disallowance of his refiled and unanswered Anti~SLAPP Special Motion to Dismiss on June 19, 2019 (Trial Ct. Dckt. 113.00, 114.00, and 269.00) and (2) the granting of a default judgment on liability on November 15, 2021 (Trial Ct. Dckt. 574.00), there is **no** plausible deniability for Alex Jones' failure to claim federal question jurisdiction for First Amendment lawfare cases he removed to federal court and thereafter defended as such in a mere show of a fight. Such conduct provides **legally~operative**, **inescapable**, and **conclusive** evidence of **collusive** and **treasonous fraud**.

- But the **inescapable evidence** of Alex Jones' joining in and continuation of the **treasonous** Sandy Hook conspiracy is **not** limited to his **deliberately faulty** (and, thus, dishonest) Notices of Removal in the *Lafferty* and *Sherlach* cases. As reported by the AP on August 3, 2022, in regard to SLAPP suits filed against Alex Jones in Travis County, Texas, by alleged Sandy Hook victim parents Neil Heslin and Scarlett Lewis:[224]

---

[223] Bankr. Dckt. 1120-11, Affidavit ¶ 28, and **Tab P11**.

[224] (which story is prominently featured at the conclusion of the undersigned Reporting Attorney's documentary evidentiary video, "My Sandy Hook Video Scrapbook", **Tab I9** on USB flash drive)

> Under oath and facing a jury that could hit him with $150 million or more in damages for his false claims, Jones said Wednesday he now realizes that was irresponsible and believes that what happened in the deadliest school shooting in American history was "100% real."[225]

That's false testimony by Alex Jones, given knowingly, under oath, on a material issue, i.e., **aggravated perjury**,[226] committed in furtherance, continuation, and protection of the general Sandy Hook **treasonous** conspiracy against the United States which began, at the latest, with the first overt act, i.e., the manufactured and sham mass school shooting event, on December 14, 2012.

- Accordingly, in addition to an **aggravated perjury** charge, under Texas law, as described immediately above, probable cause evidence also exists justifying charges, or further and formal investigation of potential charges, against Alex Jones for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

- Further, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against (**a**) Alex Jones' attorneys in the *Lafferty* and *Sherlach* Connecticut Sandy Hook defamation cases, including, but not limited to Jay M. Wolman (CT Juris No. 433791),[227] (**b**) Alex Jones' attorneys in the consolidated Texas

---

[225] Vertuno, J. (2022, August 3) *Alex Jones concedes Sandy Hook attack was '100% real'*. Associated Press. [Hyperlink omitted.] https://apnews.com/article/health-us-news-shootings-texas-lawsuits-d029d6736d2ce6755c9e89e7cf9f27af

[226] i.e., under Texas Penal Code Chapter 37 (§§ 37.02 and 37.03)

[227] The undersigned Reporting Attorney reasonably believes that there is presently probable cause justifying further and formal investigation of, but not necessarily the present assertion of charges against, Attorney Norman A. Pattis (CT Juris No. 408681), Alex Jones' second counsel in the consolidated Connecticut Sandy Hook defamation cases. There is no smoking~gun, inescapable evidence of **collusive fraud** and **treason** on the part of Attorney Pattis, as there is with Attorney Wolman; but **common sense** dictates that the co~conspirators involved in **Part I** of the treasonous Sandy Hook conspiracy would **not** have risked exposure of the entire conspiracy, and criminal charges and penalties under Title 18 of the U.S. Code (including capital punishment under 18 U.S.C. § 2381) by allowing co~conspirator Alex Jones to be represented by **any attorney** in **the major act** of **Part II** of the **treasonous** Sandy Hook conspiracy (i.e., the unfounded and farcical Connecticut Sandy Hook defamation cases) who was **not** in on the conspiracy. While Attorney Pattis did not arrange for the procedural **sleight of hand** that defeated federal court subject matter jurisdiction and sent the Sandy Hook cases back to the local Connecticut state court, Mr. Pattis did **nothing** after remand to disclose the **obvious treason** at play in the baseless Connecticut lawsuits [i.e., as **operatively evidenced** in the *Lafferty* federal court Remand File, Trial Ct. Dckt. 112.00, **Tab P1**, by (1) the faulty Notice of Removal of *Lafferty* and co~defendants' consents to same, at Pages 11~82, and (2) the FBI/DOJ "Crime in the United States 2012" record, at Pages 197~201, showing that there were **zero (0) murders and nonnegligent manslaughters** in Newtown, CT, in 2012] and, on appeal, Mr. Pattis **admitted**

Sandy Hook defamation cases, *Neil Heslin and Scarlett Lewis v. Alex E. Jones and Free Speech Systems, LLC*, Travis Co. Cause No. D-1-GN-18-001835, including, but not limited to F. Andino Reynal (TX Bar Card Number: 24060482) and Jacquelyn Blott (TX Bar Card Number: 07473250) and **(c)** Alex Jones' attorneys in the matters of *In re Alexander E. Jones, Debtor*, Bankr. S.D. Tex. Bankr. Case No. 22-33553; *In re Alexander E. Jones, Debtor, Robert Wyn Young, Appellant*, S.D. Tex. Civil Action Case No. 4:25-cv-02057; and *Alex Emric Jones, et al., Petitioners v. Lafferty, et al.*, S. Ct. Case No. 25-268, including, but not limited to Ben C. Broocks (TX Bar Card Number: 03058800) and Shelby A. Jordan (TX Bar Card Number: 11016700), for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371. **Common sense** dictates that the co~conspirators involved in **Part I** of the treasonous Sandy Hook conspiracy would not have risked exposure of the entire conspiracy, and criminal charges and penalties under Title 18 of the U.S. Code (including capital punishment under 18 U.S.C. § 2381) by allowing co~conspirator Alex Jones to be represented in the Connecticut or Texas Sandy Hook defamation cases, or in proceedings predictably flowing from and relating to the entry of the **$1.43 Billion** Connecticut state court default judgment (namely, Jones' bankruptcy proceedings and his eventual appeal to the Supreme Court of the United States), by **any attorney** who was **not** joined in on **Part II** of the **treasonous** Sandy Hook conspiracy. **Even if** the attorneys representing Alex Jones in his bankruptcy proceedings and Petition for a Writ of Certiorari to the Supreme Court claim ignorance of the **fraudulent** and **treasonous** nature of the Connecticut state court judgment and of the December 14, 2012, alleged school shooting event giving rise to same (which is simply **not** credible), said attorneys nevertheless **undeniably** received **undeniable** evidence of the **fraudulent** and **treasonous** Sandy Hook scheme on March 19, 2025, and thereafter, via the undersigned Reporting Attorney's 2025 filings in Alex Jones' bankruptcy~related proceedings and in Jones' discretionary appeal to the Supreme Court, all of which filings by the undersigned pointed to federal court file evidence of **treasonous fraud** in the *Lafferty* Remand file, **Tab P1**.

---

**actual malice** on the part of Alex Jones and specifically **disclaimed First Amendment protections** for his client's free speech (Jones' Appeal Brief at 47 and 50, **Tab E**), while reaffirming the **false** underlying Sandy Hook mass school shooting story and lauding the separate Sandy Hook alleged victims' suit, *Soto v. Bushmaster Firearms Int'l, LLC*, 331 Conn. 53 (2019), which bankrupted Remington, America's oldest, continuously operating gunmaker. (Jones' Appeal Brief at 47, **Tab E**) These are most assuredly sufficient grounds justifying **further** and **formal investigation** of Attorney Pattis for possible **treason** and related offenses against the United States.

❖ **Sandy Hook Parents/Plaintiffs and Counsel**

- Probable cause evidence exists to believe that the alleged surviving family members of alleged Sandy Hook mass school shooting victims, including, but not limited to **all Plaintiffs** in the *Lafferty* and *Sherlach* consolidated Connecticut defamation actions; in the consolidated Texas defamation actions captioned as *Neil Heslin and Scarlett Lewis v. Alex E. Jones and Free Speech Systems, LLC*, Travis Co. Cause No. D-1-GN-18-001835; in the defamation action of *Leonard Pozner v. James Fetzer, et al.*, Dane County, WI Cir. Ct. No. 2018CV3122; and in the matter of *Soto v. Bushmaster Firearms International, LLC*, 331 Conn. 53, 202 A.3d 262 (2019), were and are **crisis actors**, **deceivers**, **fraudsters**, "**domestic terrorists**",[228] and **traitors**[229] against the United States.

- In the undersigned Reporting Attorney's March 19, 2025, Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment, the undersigned noted that "network, cable, and local TV station video footage and pictures from the day, time, and location of the alleged Sandy Hook mass school shooting" provide **probable cause** for reasonable minds to conclude that the alleged underlying Sandy Hook mass school shooting of December 14, 2012, was a manufactured, sham event;[230] but the alleged underlying event was **not** directly at issue in Alex Jones' bankruptcy proceedings, and the undersigned did **not need** to prove the falsity of the underlying event in order to prove the Connecticut litigating parties' **collusive** and **treasonous fraud** in producing the outrageous, free~speech~chilling $1.43 Billion Connecticut state court default judgment. Accordingly, beyond including the foregoing note regarding day, time, and location news footage and pictures (or one similar to it), the undersigned did not further expound (in the undersigned's filings in proceedings relating to Alex Jones' bankruptcy/judgment debt) upon all the evidence proving the underlying event to be a **sham**.

- For this Misprision Report (written) regarding **treason** in both **Parts I** and **II** of the two~part, continuing, and treasonous Sandy Hook conspiracy, the Undersigned Reporting Attorney points to the undersigned's 43~minute compilation documentary evidentiary video, My Sandy Hook Video Scrapbook (MSHVS, **Tab I9** on USB flash drive), which contains, embodies, and/or points to the entirety of the **substantive** evidence the undersigned offers and presents to establish probable cause for reasonable minds to believe that the alleged Sandy Hook, Connecticut, mass school shooting of December 14, 2012, was a **manufactured** and **sham event**, orchestrated by the DOJ. Attorney Bruce Castor, a former prosecutor and state's Attorney General, obviously found that the undersigned's compilation documentary evidentiary video provides probable cause to believe the alleged

---

[228] i.e., per the 18 U.S.C. § 2331(5) statutory definition of "domestic terrorism"

[229] i.e. as such term is defined in *Ex parte Bollman*, *supra*, at Paragraph 3 of the Court Syllabus.

[230] (Bankr. Dckt. 1120 at 6, **Tab P**)

school shooting was a hoax; otherwise, Attorney Castor would not have briefed his client, **President Donald J. Trump**, on the undersigned's public case exposing the two~part and **treasonous** Sandy Hook conspiracy.

- But, in addition to the **substantive evidence** of the underlying event's **falsity** that is contained in MSHVS (**Tab I9** on USB flash drive), the undersigned Reporting Attorney also herein points to **after~the~fact circumstantial evidence** demonstrating the **falsity** of the alleged underlying school shooting event, namely, the fact that **every** defendant in **every** Sandy Hook defamation case (filed in three separate jurisdictions, i.e., Connecticut, Texas, and Wisconsin) took a dive on their defense, in some manner, allowing **every** one of the Sandy Hook SLAPP suits to magically get past the ironclad, 60~year~old precedent of *N.Y. Times Co. v. Sullivan*, *supra*, and to achieve a sizable judgment on court~ordered liability. Common sense says that the curiously catastrophic defense in every case wasn't coincidental; it was coordinated collusion, corruption, and conspiracy providing cover for the original, underlying **con** of December 14, 2012.

- Further, the undersigned Reporting Attorney also herein points to the **after~the~fact admission** by the FBI/DOJ, a **co~conspirator** in the Sandy Hook **treason**, that there were **zero (0) Murder(s) and nonnegligent manslaughter(s)** in Newtown, Connecticut (within which the Village of Sandy Hook and the Sandy Hook elementary school are located), in 2012. See the "Crime in the United States 2012" FBI/DOJ record for Newtown, Connecticut. (Remand File at 197~201, **Tab P1**) The FBI/DOJ's "Crime in the United States 2012" record provides **probable cause** evidence, **as a matter of law**,[231] demon~strating (1) that the underlying alleged Sandy Hook mass school shooting of December 14, 2012, was a manufactured, sham event, (2) that **nobody** was shot and killed at Sandy Hook (or anywhere else in Newtown, CT) on December 14, 2012 (or on any other day that year), and (3) that **all** the Sandy Hook Plaintiffs, indeed, were and are **crisis actors**, **deceivers**, **fraudsters**, **"domestic terrorists"**,[232] and **traitors** against the United States, as pointedly asserted and alleged by the undersigned Reporting Attorney.

- Accordingly, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against the alleged surviving family members of alleged Sandy Hook mass school shooting victims, including, but not limited to (a) **all Plaintiffs** in **all** Sandy Hook defamation cases, who asserted **false**, **fraudulent**, and **treasonous** claims in actions filed in Connecticut, Texas, and Wisconsin, and (b) **all** Sandy Hook **Plaintiffs** in the matter of *Soto v. Bushmaster Firearms International, LLC*, 331 Conn. 53, 202 A.3d 262 (2019), who, likewise, asserted **false**, **fraudulent**, and **treasonous** claims based on the **sham** Sandy Hook school shooting, for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in

[231] (i.e., meaning that reasonable minds cannot reasonably differ in this regard)

[232] FN 228, *supra*.

violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

- Further, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against (a) **all attorneys** for **all** Plaintiffs in **all** Sandy Hook defamation cases, filed in Connecticut, Texas, and Wisconsin, (b) **all attorneys** for **all** Sandy Hook **Plaintiffs** in the matter of *Soto v. Bushmaster Firearms International, LLC*, 331 Conn. 53, 202 A.3d 262 (2019), and (c) **all attorneys** for **all** Sandy Hook Creditors and Plaintiffs in Alex Jones' bankruptcy case, No. 22-33553, and **all** related proceedings, **all** of whom knowingly prosecuted/are prosecuting **false**, **fraudulent**, and **treasonous** claims, for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

- The group of **attorneys** knowingly prosecuting **false**, **fraudulent**, and **treasonous** Sandy Hook claims, and thus subject to charges/formal investigation of charges as delineated in the preceding paragraph, includes, but is not limited to William M. Bloss (CT Juris No. 302902), Matthew S. Blumenthal (CT Juris. No. 438605), Joshua Koskoff (CT Juris. No. 410518), Christopher Mattei (CT Juris No. 425074), Alinor C. Sterling (CT Juris No. 411754), Mark Bankston (TX Bar Card Number: 24071066), Wesley Todd "Wes" Ball (TX Bar Card Number: 24038754), Kyle Wayne Farrar (TX Bar Card Number: 24034828), Jacob Zimmerman (MN Lawyer ID: 0330656), Genevieve Zimmerman (WI Member ID: 1100693), Randy J. Pflum (WI Member ID: 1096694), Emily M. Feinstein (WI Member ID: 1037924), and Ryan E. Chapple (TX Bar Card Number: 24036354).

❖ **<u>Wolfgang Halbig</u>**

- Being **treasonous fraudsters**, the Sandy Hook Plaintiffs would **not** have sued Alex Jones, or **anyone** else, and risked exposure and compromise of the entire Sandy Hook conspiracy, as well as the lives and liberty of all co-conspirators, unless they **<u>knew</u>** the Defendant being sued would take a dive on the defense. **Any** Defendant sued by **any** Sandy Hook Plaintiff could have hired **any** reasonably competent and honest attorney who **could** and inevitably **would** have discovered and wrecked the entire conspiracy. Even **without** the assistance of counsel, **any** uncontrolled Defendant (i.e., one **<u>not</u>** in on the conspiracy) could have spoiled the entire process and plan of the Sandy Hook scheme in **any** number of ways.

- Sandy Hook **<u>researcher</u>**, investigator, reporter, and "massacre denier" Wolfgang Halbig was sued by the Connecticut Sandy Hook Plaintiffs, along with Alex Jones, in the *Lafferty* case. **<u>Not</u>** surprisingly, and in accordance with the undersigned Reporting Attorney's

peer~reviewed contention,[233] Wolfgang Halbig played a critical role in allowing, assisting, and facilitating the **treasonous** Sandy Hook **fraud** by consenting to Alex Jones' blatantly deficient and faulty Notice of Removal in *Lafferty* which failed to claim federal question subject matter jurisdiction, under 28 U.S.C. § 1331, for a First Amendment SLAPP suit.[234] Mr. Halbig could **easily** have disrupted, spoiled, and exposed the entire Sandy Hook scheme and conspiracy by, for example, (a) **conducting** one minute's worth of **research** on Google and acquiring the Civil Procedure 101, Day 1 (or, perhaps, even high school Civics Class) level information that there are two (2) main grounds for subject matter jurisdiction in federal court, being federal question jurisdiction under 28 U.S.C. § 1331 and diversity of citizenship jurisdiction under 28 U.S.C. § 1332, (b) **concluding** that the *Lafferty* **First Amendment** lawfare **SLAPP** suit probably arises "under the Constitution, laws, or treaties of the United States", and (c) **refusing** to consent to Jones' Notice of Removal in *Lafferty* because it failed to claim federal question jurisdiction under 28 U.S.C. § 1331 (one of the shortest, clearest, and most easily~understood statutes in the entire U.S. Code). But Mr. Halbig **didn't** do that. Because he was **in on** the conspiracy. And the Sandy Hook fraudsters **never** would have sued him if he **wasn't**.

- Accordingly, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against Wolfgang Halbig for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

❖ **James Fetzer**

- As set forth above, being **treasonous fraudsters**, the Sandy Hook Plaintiffs would **not** have sued Alex Jones, or **anyone** else, **anywhere** else, and risked exposure and compromise of the entire Sandy Hook conspiracy, as well as the lives and liberty of all co~conspirators, unless they **knew** the Defendant being sued would take a dive on the defense.[235]

- In 2018, alleged Sandy Hook victim parent and **treasonous fraudster** Leonard Pozner sued Sandy Hook researcher, investigator, reporter, book author, and "massacre denier" Dr. James Fetzer, in Fetzer's home state of Wisconsin, for writing and publishing an allegedly defamatory research/investigative, scholarly/academic book in 2015 titled

---

[233] Affidavit ¶¶ 17~19, and **Tabs L1** and **M1** on USB flash drive.

[234] See July 11, 2018, Consent to Removal in *Lafferty* by Wolfgang Halbig (Remand File at 76, **Tab P1**).

[235] FN 233, *supra*.

"Nobody Died at Sandy Hook". See *Leonard Pozner v. James Fetzer, et al.*, Dane County, WI Cir. Ct. No. 2018CV3122.

- Interestingly enough, Dr. Fetzer, a college professor, well~seasoned author of more than 20 academic/scholarly books, and **no stranger** to the publishing industry **failed** to secure **publisher's liability insurance coverage** for his provocatively~titled book, "Nobody Died at Sandy Hook" before publishing the same. A publisher's liability policy would **not only** have provided liability coverage (i.e., up to policy limit) for the author and publisher of "Nobody Died at Sandy Hook", but additionally, and **much more importantly**, a publisher's liability policy would have obligated the insurer to provide a competent, **controlled** defense against any defamation claim asserted against Dr. Fetzer, as a result of the publication, through a defense counsel of **the insurer's choosing**. That is **the last thing** Dr. James Fetzer **and his fellow co~conspirators** in the **treasonous** Sandy Hook conspiracy wanted ~ an independent advocate with a law license and an ounce of integrity to defend against (and undoubtedly expose the **treasonous fraud** in) the anticipated **and planned** 2018 Pozner Sandy Hook defamation claim and suit. **Not** surprisingly, Dr. Fetzer chose **not** even to hire defense counsel on his own dime, and, instead, he decided to defend **himself**, through the course of all proceedings, **pro se**.

- **Not** surprisingly, representing himself **pro se** and going along with the overall **scheme**, Dr. Fetzer eventually suffered a massive, $450,000 adverse judgment, on court~ordered liability, in a public figure defamation case, based on the publishing of a sourced scholarly/academic book, **in spite** of the 60~year~old and controlling precedent of *Sullivan, supra*.[236] It was all **part of the plan**. The **fix was in**. Dr. Fetzer even took his case to the Supreme Court of the United States on a petition for a writ of certiorari, where his **pro se** request for a discretionary appeal was, **not** surprisingly, denied **twice** (i.e., including on motion for a rehearing).[237]

- Dr. Fetzer can profess his innocence **ad nauseum** and on as many online platforms as his co~conspirators (i.e., "handlers") will open up for him (which, indeed, are many); but the **unavoidable conclusion** remains that **no** Sandy Hook fraudster would **ever** have sued Dr. Fetzer unless that fraudster **and** his co~conspirators in the **treasonous** Sandy Hook conspiracy **knew** that Dr. Fetzer would somehow, conveniently, and **without question**, take a dive on the defense. And that's **exactly** what "Professor Pro Se" did ~ set up his own failure before his book, "Nobody Died at Sandy Hook", even hit the shelves. Further, if Dr. Fetzer was/is innocent and **not** involved in the **treasonous** Sandy Hook conspiracy, as he so often and forcefully proclaims, then why, after the undersigned Reporting Attorney's

---

[236] Affidavit ¶¶ 19 and 20, and **Tabs N1** and **N2** on USB flash drive.

[237] See S. Ct. online Search Results for *James Fetzer, Petitioner v. Leonard Pozner*, S. Ct. Case No. 21-7916, cert. denied, supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/21-7916.html

January 15, 2025, livestream interview with Attorney Todd Callender, did Dr. Fetzer sic his "associate" (i.e., goon), former New England Patriots linebacker, Bill Bonitati, on the undersigned Reporting Attorney, if **not** to harass, intimidate, and threaten the undersigned **against** further pursuit of efforts to expose Dr. Fetzer's complicity in the **treasonous** Sandy Hook conspiracy ??[238]

- Accordingly, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against Dr. James Fetzer (and his agent, Bill Bonitati)[239] for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371,

- Further, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against Dr. James Fetzer and his agent, Bill Bonitati, for thirty~six (36) separate violations of 18 U.S.C. §§ 875, 1512, and 1503 (or related sections), one (1) for each harassing, threatening, and intimidating voice message Mr. Bonitati left for the undersigned on Dr. Fetzer's behalf, the number of such voice messages having been limited only by the maximum capacity of the undersigned's voice mail message inbox.[240]

❖ **<u>D. Conn. U.S. District Ct. Judge Janet C. Hall</u>**

- Probable cause evidence exists and is attached hereto justifying charges, or further and formal investigation of potential charges, against Connecticut U.S. District Ct. Judge Janet C. Hall, for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

- The documentary evidence the undersigned Reporting Attorney offers in support of the foregoing assertion is **<u>not</u>** limited to the *Lafferty* Connecticut U.S. District Court remand file[241] which, **<u>in and of itself</u>**, arguably supports only reasonable suspicion of such charges against Judge Hall, who terminated the First~Amendment~based, Anti~SLAPP Special

---

[238] Affidavit ¶¶ 21~24, and Tabs O1 and O2 on USB flash drive.

[239] (who joined in the **treasonous** Sandy Hook conspiracy by harassing, intimidating, and threatening the undersigned Reporting Attorney, at the behest of Dr. Fetzer, in order to **protect** said conspiracy)

[240] FN 238, *supra*.

[241] [*Lafferty* D. Conn. Case No. 3:18-cv-01156 remand file, Trial Ct. Dckt. 112.00 (11/21/18), Bankr. Dckt. 1120-1, Remand File, **Tab P1**]

Motion to Dismiss Alex Jones filed with said federal court in the *Lafferty* case on July 20, 2018 (Remand File at 151~204, **Tab P1**), and remanded the removed *Lafferty* case, No. 3:18–cv–01156, back to state court, for **lack of subject matter jurisdiction**, on November 5, 2018 (Remand File at 385~398, **Tab P1**), without protecting the Constitution and the integrity of the federal judicial system against **treasonous fraud**, by calling out the litigating parties/holding them to account for their **obvious collusion**, being **operatively evidenced** in the **faulty Notice of Removal** for *Lafferty*, which failed to claim federal question jurisdiction, under 28 U.S.C. § 1331, for a **First Amendment** public figure defamation SLAPP suit being removed to federal court and **ostensibly** defended as such.

- Common sense dictates that the colluding parties would not have **even attempted** such a **sophomoric trick** as defeating federal court subject matter jurisdiction in *Lafferty*[242], with a blatantly faulty notice of removal, unless they **knew** they could get away with it. The entire Sandy Hook general conspiracy, going back to December 14, 2012, and **all of the co~conspirators**, would have been put at risk of exposure and potential criminal liability (including possible **capital punishment** for treason under 18 U.S.C. § 2381), if the Connecticut Sandy Hook defamation cases had been removed and assigned to any judge who **wasn't** in on the conspiracy. Thus, to safely proceed to the Connecticut U.S. District Court in July 2018, which the colluding Sandy Hook Plaintiffs and Defendants, including Alex Jones, did, they **had** to know: (1) that there would be a **cooperating judge** (i.e., a **co~conspirator** in the general Sandy Hook conspiracy), among the eight (8) Connecticut U.S. District Court judges, who would go along with the obvious procedural sleight of hand being employed and **not** expose the entire charade/general conspiracy, and (2) that the case would be **assigned** to the cooperating judge (i.e., the co~conspirator) on removal. This required fraud, corruption, and criminality in the federal judiciary, itself, and on a systemic level. The *Lafferty* Remand File, **Tab P1**, in and of itself, does **not** provide necessary proof of the **systemic criminality** in the federal **judiciary**, itself, concerning Sandy Hook, that was needed to **ensure** the **assignment** of a significant First Amendment case, with massive potential negative implications for the Second Amendment, to a **crooked judge**.
- However, as is more fully set forth both below and, generally, throughout this Misprision Report (written), the undersigned, through litigating in 2025 as a pro se reporting attorney, seeking simply to submit evidence exposing **treasonous fraud** in the matters of *In re Alexander E. Jones, Debtor*, Bankr. S.D. Tex. Bankr. Case No. 22-33553; *In re Alexander E. Jones, Debtor, Robert Wyn Young, Appellant*, S.D. Tex. Civil Action Case No. 4:25-cv-02057; and *Alex Emric Jones, et al., Petitioners v. Lafferty, et al.*, S. Ct. Case No. 25-268, both encountered, and has herein and herewith documented proof of, **systemic criminality** in the federal judiciary, itself, respecting the Sandy Hook conspiracy. The **systemic**

[242] (and the federal court's likely, if not inevitable, dismissal of *Lafferty* under the controlling precedent of *N.Y. Times Co. v. Sullivan, supra*)

**criminality** in the federal judiciary, demonstrated **in 2025** by the wrongful suppression of federal court file evidence of **treasonous fraud** (namely, the *Lafferty* Remand file, **Tab P1**) at the Bankruptcy Court and District Court levels in the Southern District of Texas, and at the Supreme Court of the United States in the certiorari stage of review, provides **necessary probable cause evidence** for reasonable minds to conclude that the **assignment** of the removed *Lafferty* case to a **cooperating judge** (i.e., a co~conspirator in the general conspiracy) **back in 2018** was **no accident** and resulted from the **same systemic criminality** that is otherwise herein and hereby demonstrated as existing and continuing in the federal judiciary, respecting Sandy Hook, up through 2025, and to present.

- Additionally, it is interesting to note, as the undersigned Reporting Attorney discovered in conducting further research for this Misprision Report (written), that, perhaps **not** coincidentally, the U.S. District Court for the District Connecticut **amended** its Local Rule 40 concerning civil case Assignments, effective April 10, 2017,[243] so as to **eliminate** any element of **randomization** in its process for assigning judges to cases,[244] contrary to the norm among U.S. District Courts in the nation.[245] The convenient amendment of the Local Rules of the U.S. District Court for the District of Connecticut, so as to eliminate procedural protection against what the United States Courts official website, uscourts.gov, itself, calls "judge shopping",[246] approximately one (1) year before the filing and predictable (and normally appropriate) removal of the (fraudulent and treasonous) Connecticut Sandy Hook defamation cases to the Connecticut U.S. District Court, provides additional probative evidence of **systemic criminality** in the federal judiciary which, as part of a broader, two~part, and treasonous/seditious conspiracy **against** the United States, **by** the Government of the United States, **ensured** assignment of fraudulent civil actions to a cooperating judge (i.e., a co~conspirator) who would play a **pivotal** and **necessary** role in both protecting and advancing the continuing general Sandy Hook conspiracy into and through its second stage or part.

---

[243] (approximately one year before the 2018 Connecticut Sandy Hook defamation cases were filed in state court and then, **predictably**, and in accordance with sound defense practice, were promptly removed to federal court)

[244] The April 10, 2017, amendment modified D. Conn. L. Civ. R. 40 so as to completely eliminate the following long~standing provision: "Personnel of the Clerk's office shall not reveal to any person other than a Judge or the Clerk of this Court the order of assignment of cases or the identity of the Judge to be assigned a particular case, until after the case is filed and assigned." Affidavit ¶ 85, and **Tab X7** on USB flash drive (designated "Tab X7_D. Conn. Proposed Amendments Local Rules March 2017").

[245] "The majority of courts use some variation of a random drawing." **FAQs: How are judges assigned to cases?** United States Courts official website, uscourts.gov.

[246] *Id.*

- Further, it must also be noted the Alex Jones filed the "Crime in the United States 2012" FBI/DOJ record, showing that there were **zero** (0) **Murder(s) and nonnegligent manslaughter(s)** in Newtown, Connecticut (the city within which Sandy Hook is located) in 2012, as **Exhibit 1** to his July 20, 2018, Special [Anti~SLAPP] Motion to Dismiss Plaintiffs' Complaint in *Lafferty*, D. Conn. Case No. 3:18-cv-01156. (Remand File at 197~201, Tab P1) Thus, Judge Hall must be charged with not only constructive, but also with **actual notice** and **knowledge** that the alleged mass school shooting of December 14, 2012, giving rise to the claims in *Lafferty*, was a **manufactured, sham** event (i.e., a hoax).

- Accordingly, as set forth above, and for the foregoing reasons, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against Judge Janet C. Hall, for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

❖ **Connecticut Superior Court Judge Barbara N. Bellis**

- As stated above, the co~conspirators in **Part I** of the Sandy Hook treasonous conspiracy had to be absolutely sure the fix was in, across the board and with every party, attorney, **and judge** involved in **each** of the Sandy Hook lawsuits to be filed; otherwise, by involving **any** player who was not joined in the conspiracy, the co~conspirators would have risked compromise and exposure of the entire, two~part, and treasonous Sandy Hook conspiracy against the United States, going all the way back to December 14, 2012. And that's a **risk** the co~conspirators **would not** and, the evidence shows, in fact, **did not** take.

- There are **reasons why** the colluding parties in *Lafferty*, after making a brief **show** of a fight in federal court,[247] were anxious and resolved to get the case back to Connecticut state court and back to Judge Barbara Bellis' courtroom. Perhaps the **first reason** is that the colluding parties in *Lafferty* **knew** that Judge Bellis was (and is) **in on** the Sandy Hook treasonous conspiracy (i.e., a co~conspirator) and would **never** betray it. And she **didn't**. Perhaps the **second reason** is that the colluding parties **knew** Judge Bellis wouldn't question a federal court's remand of a **First Amendment** lawfare suit **for lack of subject matter jurisdiction**. And she **didn't**; even though only collusive **fraud** and **treason** in the form of a deliberately faulty Notice of Removal could have defeated federal court subject matter jurisdiction in **one of the most significant First Amendment cases in our nation's history**; and even though she had the **blatantly** and **deliberately faulty** Notice of Removal sitting **right in front of her** in the federal court Remand File (at Pages 11~18, **Tab P1**), which was filed and entered into the record in the *Lafferty* state court action, Case No.

[247] i.e., thus "paying lip service" to the standard and prudent defense practice of removing a controversial case from the local jurisdiction where the event in question occurred, to a more distant federal court, if and when a basis for federal subject matter jurisdiction exists, in order to avoid a local and impassioned jury.

UWY-CV-18-6046436-S, on November 21, 2018 (Trial Ct. Dckt. 112.00).[248] Perhaps the **third reason** is that the colluding parties **knew** Judge Bellis would **ignore** the four (4) page record published by the Criminal Justice Information Services Division of the FBI/DOJ, titled "Crime in the United States 2012", and showing that there were **zero (0) Murder(s) and nonnegligent manslaughter(s)** in Newtown, Connecticut (the city within which Sandy Hook is located), in 2012. And that's exactly what Judge Bellis did ~ **ignore** the "Crime in the United States 2012" record ~ even though said record constitutes an **admission** by the FBI/DOJ, the same agency that was in charge of the law enforcement "response" at Sandy Hook, that the alleged mass school shooting **never occurred** ~ and even though said record presents probable cause, **as a matter of law**, for reasonable minds to conclude that, not only was the alleged Sandy Hook mass school shooting a manufactured, sham event; but it was **also** an act of **treason** (or **seditious conspiracy**), against the United States, by the FBI/DOJ and its co~conspirators. The "Crime in the United States 2012" record was and is contained in the *Lafferty* federal court Remand File at Pages 197~201 (Trial Ct. Dckt. 112.00, **Tab P1**), and it was and is attached as **Exhibit 1** to the Special Motion to Dismiss Plaintiffs' Complaint that Alex Jones recaptioned and filed in the *Lafferty* state court action, and submitted to Judge Bellis, **immediately** after remand, on November 21, 2018. (Trial Ct. Dckt. 113.00 and 114.00) Judge Bellis **tried** to **ignore** the FBI/DOJ's record **admitting** that **no one** was shot and killed at Sandy Hook (or anywhere else in Newtown, CT) on December 14, 2012 (or on any other day that year), but she, of course, is charged with knowledge of the same.

- Perhaps the **fourth reason** why the colluding parties in *Lafferty* were anxious and resolved to get the case back to Connecticut state court and back to Judge Barbara Bellis was because they **knew** she would cynically and improperly apply the second sentence of subsection (d) of Connecticut's Anti~SLAPP statute, Conn. Gen. Stat. § 52-196a,[249] in order to (1) **immediately shelve** Defendants' Special Motion to Dismiss Plaintiffs' Complaint (Trial Ct. Dckt. 113.00 and 114.00), (2) open a **fishing expedition of discovery** into extraneous matters concerning a journalist/press organization's business, in direct contravention of the primary purpose of Connecticut's Anti~SLAPP statute, and then (3) use **phony histrionics** of the colluding parties as a **false premise** to **disallow** Defendants' Special Motion to Dismiss, thus **negating First Amendment protections** for political speech and **relieving** the public figure Sandy Hook defamation Plaintiffs of **any obligation** to actually produce

[248] Case Detail for *Lafferty* (UWY-CV18-6046436-S) available at: https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=UWYCV186046436S

[249] Conn. Gen. Stat. § 52-196a(d) states: "The court shall stay all discovery upon the filing of a special motion to dismiss. The stay of discovery shall remain in effect until the court grants or denies the special motion to dismiss and any interlocutory appeal thereof. Notwithstanding the entry of an order to stay discovery, the court, upon motion of a party and a showing of good cause, or upon its own motion, may order specified and limited discovery relevant to the special motion to dismiss."

**evidence** (1) that they had loved ones who were shot and killed at the Sandy Hook elementary school, in Newtown, Connecticut, on December 14, 2012, and (2) that Alex Jones lied about such alleged shooting deaths, or acted with reckless disregard for the alleged truth of the matter.[250] And that's **exactly** what Judge Bellis did in a June 19, 2019, hearing in *Lafferty*, on a motion for sanctions against Alex Jones, for what Judge Bellis, **herself**, called "an intentional, calculated act of rage for his viewing audience.".[251] Thus, Judge Barbara Bellis sandbagged **<u>our</u> First Amendment**, in an undeniably seminal free speech/free press case, for what she, herself, described as a theatrical "act" for a "viewing audience". Such conduct both reveals and affirmatively demonstrates an **<u>intent to betray</u>** the United States on the part of Judge Barbara N. Bellis.

- Perhaps the **<u>fifth reason</u>** why the colluding parties in *Lafferty* were anxious and resolved to get the case back to Connecticut state court and back to Judge Barbara Bellis was because they **<u>knew</u>** she would (1) **default** an appearing and defending world~famous (purported) journalist on the issue of liability in a significant First Amendment/public discourse public figure defamation action arising from a highly controversial matter of public concern, i.e., the alleged Sandy Hook mass school shooting, for an alleged violation of a discovery order[252], (2) **hold** a kangaroo court trial on **damages only**, and then (3) **uphold** a ridiculous, runaway, **free~speech~chilling** $1.43 **<u>Billion</u>** damages verdict/award against such defendant. And, yet again, that's **exactly** what Judge Barbara N. Bellis did. Since when does the enforcement of a **discovery order** take precedence over the enforcement of a bedrock provision of the **Constitution of the United States**, namely, the **First Amendment**?? Since **traitors** against the United States were put in charge of making such decisions, one **must** presume.

- Accordingly, and for the foregoing reasons, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against Judge Barbara N. Bellis, for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

❖ **<u>Travis County, Texas, Civil District Court Judge Maya Guerra Gamble</u>**

- As stated above, the co~conspirators in **<u>Part I</u>** of the Sandy Hook treasonous conspiracy had to be absolutely sure the fix was in, across the board and with every party, attorney,

---

[250] i.e., according to the standard for public figure defamation claims established by *Sullivan*, *supra*.

[251] (Trial Ct. Dckt. 269.00) See, also, Affidavit ¶ 12, and Slide 17 of 23 of PowerPoint at **Tab H**.

[252] i.e., for the production of **extraneous** Google Analytics and financial records of the defendant journalist/ media company. (Trial Ct. Dckt. 574.00, November 15, 2021)

**and judge** involved in **each** of the Sandy Hook defamation lawsuits to be filed in all three jurisdictions, including Texas; otherwise, by involving **any** player who was not joined in the conspiracy, the co~conspirators would have risked compromise and exposure of the entire, two~part, and **treasonous** Sandy Hook conspiracy against the United States, going all the way back to December 14, 2012. And that's a **risk** the co~conspirators **would not** and, the evidence shows, in fact, **did not** take, **anywhere**, including Texas.

- While the **treasonous fraud** in the consolidated *Lafferty* Connecticut Sandy Hook defamation action was the subject of the undersigned Reporting Attorney's investigation and, later, litigation to both report upon and expose,[253] it must be **considered** and **reported** that the consolidated Texas Sandy Hook defamation actions, styled as *Neil Heslin and Scarlett Lewis v. Alex E. Jones and Free Speech Systems, LLC*, Travis Co. Cause No. D-1-GN-18-001835, followed the **exact same** **pattern, course**, and **modus** to produce the **same sort** of **constitutionally unsupportable and destructive** precedential result as the co~conspirators were eager and able to produce in the Connecticut *Lafferty* case. Common sense says that the **constitutionally catastrophic results** in **both** sets of Sandy Hook cases against Alex Jones (i.e., in Connecticut and Texas) **weren't** coincidental; it was coordinated collusion, corruption, and conspiracy that produced the **common results** in different states.

- The Texas Sandy Hook defamation suits were filed against Alex Jones in the spring of 2018, as were the Connecticut Sandy Hook defamation cases, and the Texas suits also asserted the same **demonstrably false** claims, based on the same alleged Sandy Hook shooting deaths as were at issue in the Connecticut cases, but which **didn't actually occur**, as **admitted** by the FBI/DOJ, which was in publicly~apparent charge of the December 14, 2012, law enforcement "response" at the scene of the Sandy Hook elementary school.[254] Three and a half **years** later, in SLAPP suits that should **never** have survived motions to dismiss based on *Sullivan*, *supra*, **even if** the alleged underlying school shooting was real (which it was **not**), Judge Guerra Gamble **defaulted** Alex Jones and his company, Free Speech Systems LLC, on liability, in constitutionally~significant First Amendment free speech/free press/public discourse cases, for alleged "discovery abuse". In an October 1, 2021, article headlined "Judge Issues Default Judgment In Alex Jones' Sandy Hook Defamation Suits", **First Amendment Watch** reported:

> A district court judge for Travis County, Texas issued a default judgment against Alex Jones for failing to comply with discovery requests in the

[253] i.e., in the matters of (1) *In re Alexander E. Jones, Debtor*, Bankr. S.D. Tex. Case No. 22-33553; (2) *In re Alexander E. Jones, Debtor, Robert Wyn Young, Appellant*, S.D. Tex. Civil Action Case No. 4:25-cv-02057; and (3) *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, S. Ct. Case No. 25-268.

[254] See FBI/DOJ "Crime in the United States 2012" record (Remand File at 197~201, **Tab P1**) and MSHVS, **Tab I9** on USB flash drive.

> defamation suits brought by two families in the Sandy Hook Elementary School mass shooting. The shooting, which occurred on December 14, 2012, resulted in the deaths of 20 children and six adult school staff members.
>
> "The Court find that Defendants unreasonably and vexatiously failed to comply with their discovery duties. The Court finds that Defendants' failure to comply with discovery in this case is greatly aggravated by Defendants' consistent pattern of | discovery abuse throughout the other similar cases pending before this Court," reads the ruling by Judge Maya Guerra Gamble.
>
> The rulings mean that the suits will proceed to trial to determine how much Jones and his media company, Infowars, will pay the parents for defamation and emotional stress. Jones has repeatedly called the Sandy Hook shootings a "hoax," and has gone so far as to accuse one of the shooting victim's parents of being a paid actor rather than a grieving parent.[255]

- **Not** coincidentally, on November 15, 2021, three and a half **years** after the filing of the **Connecticut** Sandy Hook defamation cases, which should **never** have survived either of the Special Motions to Dismiss *Lafferty* that Alex Jones filed in both federal and state courts, **even if** the underlying alleged school shooting event was real (which it was **not**), **Judge Barbara Bellis** defaulted Alex Jones on liability in constitutionally~significant consolidated First Amendment free speech/free press/public discourse cases, for his alleged "callous disregard " and "pattern of obstructive conduct" in refusing to produce discovery as ordered by the court.[256]

- As reported by **The Texas Tribune**, in a November 22, 2022, hearing on *Heslin, et al. v. Jones, et al.*, Judge Guerra Gamble ruled that Alex Jones must pay the alleged parents of an alleged 6~year~old Sandy Hook victim the full **$49 Million** awarded by a Travis County jury in an August 2022 jury trial on **damages only**, "despite a state law that limits the amount of punitive damages that can be awarded in civil suits."[257] **The Texas Tribune** further reported:

[255] "Judge Issues Default Judgment In Alex Jones' Sandy Hook Defamation Suits". First Amendment Watch at New York University, 1 October 2021. https://firstamendmentwatch.org/judge-issues-default-judgement-in-alex-jones-sandy-hook-defamation-suits/

[256] (Trial Ct. Dckt. 574.00)

[257] Asgarian, Roxanna. "Texas judge rules Alex Jones must pay Sandy Hook parents full $49 million in defamation case". *The Texas Tribune*, 23 November 2022. https://www.texastribune.org/2022/11/23/alex-jones-texas-lawsuit-damages/

> Travis County District Court Judge Maya Guerra Gamble questioned the constitutionality of the law, which could limit the amount of punitive damages in this case to $750,000, The New York Times reported.
>
> "This person and this company have done something horrible," Guerra Gamble said in the hearing.[258]

- Again, it was **no** coincidence that the **same type** of **constitutionally catastrophic results**, namely, **liability by default** in a free speech/free press case and a massive, adverse, **free~speech~chilling** judgment, were produced in **both** sets of Sandy Hook cases against Alex Jones (i.e., in Connecticut and Texas) at around the **same time** and by the **same means**, i.e., court~ordered default for alleged discovery abuses. It was coordinated collusion, corruption, and conspiracy that produced the **common anomalous results** in the vastly different and distant states of Connecticut and Texas. Corrupt judges don't get to **destroy our Constitution** through the use of **coordinated discovery sanctions** against private litigants in precedentially significant cases. That's **not** how it works. The "it" being **justice**.

- The last sentence from the **First Amendment Watch** article quoted above: "Jones has repeatedly called the Sandy Hook shootings a 'hoax,' and has gone so far as to accuse one of the shooting victim's parents of being a paid actor rather than a grieving parent[,]"[259] reveals both the **ultimate irony** and the **entire point** of **Part II** of the **treasonous** Sandy Hook conspiracy. Alex Jones did **not lie** about Sandy Hook; he told the **truth**. As **admitted** by the FBI/DOJ, **nobody** was shot and killed at Sandy Hook.[260] The **ultimately irony** of the Sandy Hook cases is that Alex Jones was punished and vilified **for telling the truth**. That does **not** make Alex Jones an **innocent victim** of the Sandy Hook litigation; indeed, Alex Jones **conspired** to throw the Connecticut Sandy Hook defamation cases with his very first responsive pleadings.[261] As stated in the above section addressing **Part I** of the **treasonous** conspiracy, Sandy Hook was and is **psychological warfare**. It was and is Alex Jones' **role** in **the main act** of **Part II** of the **treasonous** Sandy Hook conspiracy (1) to **tell the** uncomfortable, shocking and infuriating **truth** about Sandy Hook (i.e. that it was a horrific hoax), (2) to **get sued** for telling the **truth**, (3) to **throw** the Sandy Hook cases from the get~go, (4) to **feign recalcitrance** in discovery to help **generate spurious defaults** on liability that essentially serve as **guilty verdicts** on the **truth**, (5) to **take** the

---

[258] Was this a court proceeding, or a "struggle session" at an adult daycare ??

[259] FN 255, *supra*.

[260] See FBI/DOJ "Crime in the United States 2012" record (Remand File at 197~201, **Tab P1**).

[261] (i.e., by deliberately failing to claim federal question jurisdiction when removing the related and nearly identical *Lafferty* and *Sherlach* Sandy Hook Connecticut First Amendment lawfare cases to federal court)

**pretend punishment** of around $1.5 Billion in **phony default judgments** (while still broadcasting **and** living a lavish lifestyle), and (6) to **become** the **contemptible** public representation of what is actually the **truth** of Sandy Hook, painted as a **lie**. Every aspect of Sandy Hook presents and seeks to impose a 180° **inversion of truth**. Ultimately, that's the **entire point** of **Part II** of the **treasonous** Sandy Hook conspiracy ~ to target, vilify, punish, and **eliminate** the expression of **truth**. Indeed, Judge Guerra Gamble described **telling the truth** as doing "something horrible".[262] **Woe** to those who say that **up** is "**down**", who call a **bitter** thing "**sweet**". They'll receive their **reward** ~ when **justice** reigns.

- Accordingly, and for the foregoing reasons, probable cause evidence exists justifying further and formal investigation of potential charges against Judge Maya Guerra Gamble for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.[263]

❖ **United States Chapter 7 Trustee Christopher R. Murray**

- **Reasonable suspicion** of criminality necessarily existed with respect to **any** Chapter 7 Trustee who was assigned to handle Alex Jones' inevitable bankruptcy resulting from the **blatantly fraudulent** adverse $1.43 Billion Connecticut state court default judgment and who, by February 2025, after two and a half **years** of Chapter 7 proceedings, had not "ferreted out"[264] the **obvious collusive fraud** that produced said outlandish default

[262] FN 257, *supra*.

[263] The undersigned Reporting Attorney does not assert that probable cause presently exists for the **pressing of charges** against Judge Guerra Gamble, but only for **further and formal investigation of potential charges** against Judge Guerra Gamble for the listed offenses. The undersigned so limits the allegation asserted **only** because the *Lafferty* Connecticut state court case file (and its 1,000+ docket entries) was the subject of the undersigned's investigation, **not** the docket(s) of the consolidated Texas Sandy Hook defamation cases styled as *Neil Heslin and Scarlett Lewis v. Alex E. Jones and Free Speech Systems, LLC*, Travis Co. Cause No. D-1-GN-18-001835. **If** an in~depth review of the Texas docket(s) for Cause No. D-1-GN-18-001835 reveals that the FBI/DOJ "Crime in the United States 2012" record [showing that there were **zero** (0) **Murder(s) and nonnegligent manslaughter(s)** in Newtown, Connecticut, in 2012, see Remand File at 197~201, **Tab P1**] was filed/submitted as evidence, at **any** time, by **any** party to the Texas Sandy Hook action(s), **then** the undersigned respectfully submits that probable cause exists for **the immediate pressing of charges** against Judge Guerra Gamble for **treason** and **related offenses** against the United States.

[264] See "Partners in Combatting Crime: The Vital Roles of Chapter 7 Trustees and The United States Trustee Program" article published by the **U.S. Department of Justice** in its Archives for the **U.S. Trustee Program**, FN 6, *supra*, stating, in pertinent part, under the "Duty to Refer Violations" section: "Trustees are in an excellent position to ferret out bankruptcy fraud and abuse." Retrievable at:
https://www.justice.gov/archives/ust/blog/partners-combatting-crime-vital-roles-chapter-7-trustees-and-

judgment. **Common sense** dictates that the co~conspirators involved in **Part I** (and **Part II**) of the treasonous Sandy Hook conspiracy would **not** have risked exposure of the entire conspiracy, and criminal charges and penalties under Title 18 of the U.S. Code (including capital punishment under 18 U.S.C. § 2381), by allowing co~conspirator Alex Jones' inevitable bankruptcy arising from the $1.43 Billion default judgment to be handled by **any bankruptcy trustee** who was **not** joined in on **Part II** of the **treasonous** Sandy Hook conspiracy.

- **Reasonable suspicion** turned to **probable cause** in late February 2025 when, in response to the undersigned Reporting Attorney's submission of a credible, peer~reviewed, federal~court~file~evidence~based allegation of **treasonous fraud**,[265] Chapter 7 Trustee Christopher R. Murray **refused** to investigate and report, per statutory and ethical obligations, and, instead, he informed the undersigned that he could not give legal advice and that he was lawyered up.[266] The undersigned Reporting Attorney did **not** ask Trustee Murray for legal advice; the undersigned both asked and demanded that Chapter 7 Trustee Murray **do his job**, as was and is statutorily and ethically required of him, to protect the bankruptcy process and the federal court system from **treasonous fraud**.[267]

- Chapter 7 Trustee Christopher R. Murray not only refused to perform his statutory and ethical obligations to **investigate and report** the credible allegation of **fraud** presented, he also "went to bat" for the colluding parties, to ensure they would **not** have to respond in substantive fashion to the substantiated, peer~reviewed allegation of **fraud** presented.[268]

- **What**, in the world, **has been going on** in Alex Jones' bankruptcy, Case No. 22-33553, such that it has **not** been resolved after nearly **four (4) years** of proceedings, with **no end** in sight ?? Here's a possible **clue**: a "Ctrl + F" search of the 138~page, 1,323~entry Docket Report for Case No. 22-33553 (as of September 5, 2026) reveals **296 hits** for the word "**Fee**". A reasonable observer **might** suspect that Alex Jones' never~ending bankruptcy, with its payouts of **millions** of dollars in fees or "administrative expenses", is really just a

---

united-states-trustee-program

[265] See 02.24.25 Email to Trustee Murray (Bankr. Dckt. 1120-4; Affidavit ¶ 28, **Tab P4**), and 02.27.25 Email to Trustee Murray (Bankr. Dckt. 1120-11; Affidavit ¶ 28, **Tab P11**).

[266] See 02.28.25 Email from Trustee Murray (Bankr. Dckt. 1120-13; Affidavit ¶ 28, **Tab P13**).

[267] See 03.04.25 Email to Trustee Murray & Counsel (Bankr. Dckt. 1120-14; Affidavit ¶ 28, **Tab P14**).

[268] See Statement of Trustee in Connection with Appeal of Robert Wyn Young (S.D. Tex. Dckt 2), filed on May 28, 2025, in S.D. Tex. Civil Action No. 4:25-cv-02057, fourteen (14) days before the undersigned Reporting Attorney was even granted pro hac vice admission, on June 11, 2025, to pursue said appeal (S.D. Tex. Dckt. 4). See, also, Trustee's Objection to Motion for Stay Pending Appeal (S.D. Tex. Dckt. 10, July 10, 2025).

giant **money laundering operation** for **payoffs** to **corrupt attorneys** and **Trustee(s)** litigating endlessly over a blatantly fraudulent and facially ridiculous $1.43 Billion **default** judgment against a purported journalist/member of the press. **Even if** the attorneys involved in Alex Jones' bankruptcy claim prior ignorance of the **fraudulent** nature of the $1.43 Billion[269] Connecticut state court default judgment (which is simply **not** credible), said attorneys nevertheless **undeniably** received **undeniable** evidence of the **fraudulent** and **treasonous** nature of such judgment on March 19, 2025, via the undersigned Reporting Attorney's Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment in Case No. 22-33553 (Bankr. Dckt. 1120, **Tab P**) which pointed to federal court file evidence of **treasonous fraud** in the *Lafferty* Remand file, attaching same as **Exhibit 1** to said Motion for Leave to Intervene (Bankr. Dckt. 1120-1, **Tab P1**). Thus, **all attorneys** litigating what are, in truth, **fraudulent** Sandy Hook claims in Alex Jones' bankruptcy, Case No. 22-33553, received **actual notice** as of March 19, 2025, of both (1) Alex Jones' deliberately faulty Notice of Removal in *Lafferty* (Bankr. Dckt 1120-1, Remand File at 11~18, **Tab P1**) which, in and of itself, constitutes **operative evidence of collusive fraud**, and (2) the FBI/DOJ "Crime in the United States 2012" record showing that there were **zero (0) Murder(s) and nonnegligent manslaughter(s)** in Newtown, Connecticut, in 2012 (Bankr. Dckt 1120-1, Remand File at 197~201, **Tab P1**).

- Accordingly, and for the foregoing reasons, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against Chapter 7 Trustee Christopher R. Murray, for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

- Additionally, probable cause evidence exists justifying further and formal investigation, and a forensic accounting, of all **fees** and **administrative expenses** requested, approved and paid in relation to *In re Alexander E. Jones, Debtor*, Bankr. S.D. Tex. Case No. 22-33553, and in all related **sham** "adversary" proceedings (e.g., *Wheeler, et al. v. Jones, et al.*, Bankr. S.D. Tex. Adv. Pro. No. 24-03279), for **fraud** and/or **criminality** potentially associated with such fee and administrative expense transactions, under the terms of applicable federal law.

❖ **S.D. Tex. U.S. Bankr. Ct. Judge Christopher M. Lopez**

- **Reasonable suspicion** of criminality necessarily existed with respect to **any** bankruptcy judge who was assigned to handle Alex Jones' inevitable bankruptcy resulting from the **blatantly fraudulent** adverse $1.43 Billion Connecticut state court default judgment and

[269] Later reduced by the Connecticut Appellate Court to $1.3 Billion in *Erica Lafferty, et al. v. Alex Emric Jones, et al.*, No. AC 46131, slip op. at 62 (Conn. App. Ct. December 10, 2024).

who, by March 2025, after two and a half years of Chapter 7 proceedings, had not **discovered, exposed**, and taken appropriate **judicial action** with respect to the **obvious collusive fraud** that produced the outlandish $1.43 Billion Connecticut state court default judgment. **Common sense** dictates that the co~conspirators involved in **Part I** (and **Part II**) of the treasonous Sandy Hook conspiracy would **not** have risked exposure of the entire conspiracy, and criminal charges and penalties under Title 18 of the U.S. Code (including capital punishment under 18 U.S.C. § 2381), by allowing co~conspirator Alex Jones' inevitable bankruptcy arising from the $1.43 Billion default judgment to be handled by **any bankruptcy judge** who was **not** joined in on **Part II** of the **treasonous** Sandy Hook conspiracy.

- **Reasonable suspicion** of criminality turned to **probable cause** on April 22, 2025, when Judge Lopez denied the undersigned Reporting Attorney's Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment on the basis of lack of standing (Bankr. Dckt. 1129)[270], i.e., according to Judge Lopez, "Young has no identifiable economic interest in this case." *Id.* at 2. Judge Lopez further ruled: "The concerns raised by Young are adequately represented by existing parties and permitting intervention risks causing undue delay in a case that has been pending since December 2022." *Id.*

- **First**, the standing doctrine derives from the Constitution's **Case or Controversy Clause** (Article III, Section 2, Clause 1) which requires **adversity** for justiciability in **any** federal case.[271] How can an alleged insufficiency of standing, for purposes of the Case or Controversy Clause, serve as an impediment to intervention in a case where the existing parties are **acting in collusion** and which, therefore, by definition, does **not** involve a **real** controversy in the first place ??

- **Second**, and **significantly**, the undersigned Reporting Attorney included an **alternative request for relief** in the Conclusion section of the undersigned's March 19, 2025, Motion for Leave to Intervene in Alex Jones' bankruptcy case, No. 22-33553, stating:

> **Alternatively**, and if the Court, for any reason, finds that the undersigned lacks standing to present or submit evidence of a fraudulent judgment giving rise to this Chapter 7 bankruptcy **directly** to the Court, then the Court should nevertheless, and **in the interests of justice**, order the Chapter 7 Trustee, or some other **appropriate** and **impartial** designee, to review the **sixteen (16)** evidentiary **Exhibits** submitted herewith and to promptly prepare and publicly file a **written summary report** regarding same for review and

[270] Affidavit ¶ 30, and **Tab Q1** on USB flash drive.

[271] See, *e.g.*, *GTE Sylvania, Inc. v. Consumers Union of U.S., Inc.*, 445 U.S. 375, 382 (1980) (holding that Article III limits "the business of federal courts to questions presented in an adversary context") (quoting *Flast v. Cohen*, 392 U.S. 83, 95 (1968)).

consideration by the Court.[272] [Emphasis as in original.]

Judge Lopez summarily rejected the undersigned's **alternative request for relief** stating, "the Court * * * will not order any party to submit reports about the exhibits." (Bankr. Dckt. 1129 at 2)[273] Why did Judge Lopez **entirely reject** the submission of evidence of **collusive fraud** giving rise to the generation of Alex Jones' primary judgment debt (particularly **Exhibit 1**, the *Lafferty* Remand File, **Tab P1**), if **not** to protect the **treasonous** Sandy Hook conspiracy ?? What was the basis for his ruling in this regard ?? Judge Lopez didn't say.

- Where does **Section 523(a)(2)(A)** of the Bankruptcy Code, which prohibits Chapter 7 discharge for debts incurred by fraud, say that a bankruptcy judge may, in his discretion, **reject** the submission, admission, and consideration of **credible evidence** of **actual fraud** giving rise to the generation of a judgment debt ?? It **doesn't**.
- Where, exactly, in the **unanimous** decision of the Supreme Court in ***Bartenwerfer***, *supra* (holding that debts incurred by fraud **cannot** be discharged in Chapter 7 bankruptcy, even if the debtor didn't personally commit the fraud), does it say that a bankruptcy judge may, in his discretion, **reject** the submission, admission, and consideration of **credible evidence** of **actual fraud** giving rise to the generation of a judgment debt ?? It **doesn't**.
- Where, exactly, in the Supreme Court's decision in ***Hazel-Atlas***, *supra*, does it say that a bankruptcy judge may, in his discretion, **reject** the submission, admission, and consideration of **credible evidence** of **fraud on federal courts** by colluding parties ?? It **doesn't**. In fact, *Hazel-Atlas* specifically states that: "The **public welfare demands** that the agencies of public justice **be not * * * mute** and helpless **victims of** deception and **fraud**." *Id.*, 322 U.S. at 246. [Emphasis added.]
- As previously indicated, the undersigned Reporting Attorney used the word "**treason**" once, and the word "**treasonous**" eight (8) times, in describing the Sandy Hook conspiracy in the Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment the undersigned filed and presented to Judge Lopez on March 19, 2025. (Bankr. Dckt. 1120)[274] Where in the **misprision statute**, 18 U.S.C. § 2382, does it say that **any** federal judge may reject the submission of a credible report of **treasonous fraud** ?? It **doesn't**. Further, it must be noted that, at Page 11 of the transcript of the above-referenced June 5, 2025, status conference/hearing, Judge Lopez stated: "I've read everything that was submitted as well. So it's not like I turned a blind eye to anything that came my way. I read it." (Bankr. Dckt.

[272] Bankr. Dckt. 1120 at 16, **Tab P**.

[273] Affidavit ¶ 30, and **Tab Q1** on USB flash drive.

[274] Affidavit ¶ 29, and **Tab P**.

1193)[275] Accordingly, Judge Lopez is charged not only with constructive, but also with **actual notice**, as of March 19, 2025, of both (1) Alex Jones' deliberately faulty Notice of Removal in *Lafferty* (Bankr. Dckt 1120-1, Remand File at 11~18, **Tab P1**) which, in and of itself, constitutes **operative evidence** of **collusive fraud**, and (2) the FBI/DOJ "Crime in the United States 2012" record showing that there were **zero (0) Murder(s) and nonnegligent manslaughter(s)** in Newtown, Connecticut, in 2012 (Bankr. Dckt 1120-1, Remand File at 197~201, **Tab P1**). Accordingly, and **as a matter of law**,[276] as of March 19, 2025, Judge Lopez received **actual notice**, and as of June 5, 2025, he had **actual knowledge**, of probable cause evidence of both **Parts I** and **II** of the two~part and **treasonous** Sandy Hook conspiracy against the United States.

- Judge Lopez's **intent to betray** the United States was and is, perhaps, most definitively and poignantly demonstrated by the manner in which he unscrupulously, yet brazenly, acted to defeat **mandatory certification** of a direct appeal to the Fifth Circuit Court of Appeals, as requested by the undersigned, on appeal of the Order Denying Motion to Intervene (Bankr. Dckt. 1129), pursuant to 28 U.S.C. § 158(d)(2)(A)(i), which **requires** the certification of a direct and immediate appeal if and when requested by a party to an order that "**involves a matter of public importance**". [Emphasis added.] In denying the undersigned's Request for Certification pursuant to 28 U.S.C. § 158(d)(2)(A) (Bankr. Dckt. 1144)[277] and Fed. R. Bankr. P. 8007 Motion for Stay of Proceedings Pending Appeal (Bankr. Dckt. 1153)[278] at the June 5, 2025, status conference/hearing, Judge Lopez stated the following, with respect to whether "a matter of public importance" was involved:

> And for whether the granting of the stay would serve the public interest. I don't, have no -- nothing showing the public interest, and I've read all the papers.

(Bankr. Dckt. 1193, hearing transcript at 12)[279] This is the **exact same type** of 180° **inversion of truth** as was/is seen and identified above in Judge Guerra Gamble's rulings in the Texas Sandy Hook cases, and it reveals a **common scheme** and **modus**, among the judges handling Sandy Hook cases, of **concealing** the **truth** of the Sandy Hook **treason**.

---

[275] Affidavit ¶ 32, and **Tab Q5** on USB flash drive.

[276] i.e., meaning that reasonable minds cannot reasonably differ in this regard.

[277] Affidavit ¶ 30, and **Tab Q3** on USB flash drive.

[278] Affidavit ¶ 30, and **Tab Q4** on USB flash drive.

[279] Affidavit ¶ 32, and **Tab Q5** on USB flash drive.

- Judge Lopez, in egregious fashion, **abused** what discretion, if any, he had[280] to reject intervention for the purpose of submission of **credible evidence** of **treasonous fraud** giving rise to Alex Jones' primary bankruptcy debt. Further, Judge Lopez engaged in utter sophistry, or **outright dishonesty**, in order to defeat a **mandatory**, immediate appeal to the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 158(d)(2)(A)(i), of an order, namely, the April 22, 2025, Order denying Motion for Leave to Intervene (Bankr. Dckt. 1129, Tab Q1), that **undeniably involves matters of public importance** (i.e., the sanctity/viability of the First Amendment; the integrity of federal judicial process; and the legality of an order denying intervention for the submission of credible evidence of **treasonous fraud**, on the courts, and **against** such interests).

- Accordingly, and for the foregoing reasons, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against Judge Christopher M. Lopez, for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

❖ **S.D. Tex. Senior U.S. District Ct. Judge Lee H. Rosenthal**

- On the undersigned's appeal of the Judge Lopez's Order Denying Motion for Leave to Intervene,[281] Judge Rosenthal ruled that: "The Bankruptcy Court was well within its discretion to deny intervention."[282] An abuse of discretion occurs where a bankruptcy court fails to take relevant facts constraining its exercise of discretion into account. *Roberson, supra*, 188 B.R. at 365. The decision to permit intervention under Fed. R. Bankr. P. 2018(a) is wholly discretionary **within the bounds of controlling law**. No judicial **discretion** can be said to exist **without** scope or **limit**; and applicable, controlling legal authority necessarily **constrains** the range of discretion a judge may **properly** exercise.

- According to Judge Rosenthal, Judge Lopez was "well within", i.e., **not even close** to the limit of discretion **Section 523(a)(2)(A)** of the Bankruptcy Code supposedly allows for a bankruptcy judge to reject admission of plain, operative, federal~court~file~based evidence of **actual collusive fraud** generating a Chapter 7 bankruptcy debt, even though Section 523(a)(2)(A) **specifically prohibits** Chapter 7 discharge for debts incurred by **actual fraud**.

---

[280] See *Roberson*, *supra*, 188 B.R. at 365, holding that a bankruptcy court **must** take relevant facts "constraining its exercise" of discretion into account.

[281] Bankr. Dckt. 1129, Affidavit ¶ 30, and **Tab Q1** on USB flash drive.

[282] Memorandum and Opinion (S.D. Tex. Dckt. 14, at 2), Affidavit ¶ 35, and **Tab R4** on USB flash drive.

- According to Judge Rosenthal, Judge Lopez was "well within", i.e., **not even close** to the limit of discretion the Supreme Court's **unanimous** decision in *Bartenwerfer*, *supra*, supposedly allows for a bankruptcy judge to reject admission of plain, operative, federal~court~file~based evidence of **actual collusive fraud** generating a Chapter 7 bankruptcy debt, even though *Bartenwerfer* **unequivocally disallows** the provision of **any** Chapter 7 bankruptcy relief for a debt incurred by **fraud**, even where the debtor did not participate in the **fraud**.

- According to Judge Rosenthal, Judge Lopez was "well within", i.e., **not even close** to the limit of discretion the Supreme Court's decision in *Hazel-Atlas*, *supra*, supposedly allows **any** judge to reject admission of collusive **fraud on the courts**, even though *Hazel-Atlas* specifically **commands** that the courts "**be not * * * mute** [i.e., willing] and helpless **victims of** deception and **fraud**." *Id.*, 322 U.S. at 246. [Emphasis added.]

- Judge Rosenthal's holding that Judge Lopez was acting "well within" his discretion to reject intervention for presentation and admission of plain, operative, federal~court~file~based evidence of **actual collusive fraud** in the generation of Alex Jones' $1.3 Billion Connecticut state court default judgment bankruptcy debt[283] was and is **not** just sophistry; it was and is a 180° **inversion of truth**, specifically designed and **intended to conceal**, protect, and continue the **treasonous** Sandy Hook conspiracy.

- In **denying** the undersigned's June 22, 2025, Fed. R. Bankr. P. 8007(b) Motion for Stay of Proceedings Pending Appeal[284] a **month after** the undersigned's filing of same, Judge Rosenthal specifically acknowledged that the interests the undersigned was/is advancing are the "viability of the 1st Amendment" and the "integrity of the federal judicial process", but Judge Rosenthal characterized these interests as "attenuated",[285] and she further stated:

  > [T]he stay will disserve, not serve, the public interest. The public has a strong interest in the resolution of this case. Young has no right to disrupt that process by staying the bankruptcy case to vindicate his wish to make an indirect and noneconomic point.[286]

  Thus, according to Judge Rosenthal, the "viability of the 1st Amendment" and the "integrity of the federal judicial process" are merely "attenuated" [i.e., which Merriam-

---

[283] See Remand File at 11~82, and **Tab P1** (i.e., deliberately faulty Notice of Removal of *Lafferty* and consents to same).

[284] S.D. Tex. Dckt. 6, Affidavit ¶ 33, and **Tab R1** on USB flash drive.

[285] S.D. Tex. Dckt. 12 at 2 (07/23/25), Affidavit ¶ 33, and **Tab R2** on USB flash drive.

[286] *Id.*

Webster defines as "lessened or weakened (as in amount, force, or magnitude)"][287] interests in a federal bankruptcy proceeding, and such interests are most assuredly outweighed by "a strong interest" the public supposedly has "in the resolution of this case." That doesn't even make sense. What **possible interest** does the **public** have in the resolution (i.e., discharge and final accounting) of Alex Jones' Chapter 7 bankruptcy ?? A passing sense of **curiosity** ?? A sense of **closure** for those caught up in the **drama** ?? Judge Rosenthal's ruling ~ that a phantom, undefined, alleged public interest in the resolution (i.e., discharge and final accounting) of a Chapter 7 bankruptcy case **somehow outweighs** the undeniably significant and paramount interests of the "viability of the 1st Amendment" and the "integrity of the federal judicial process" is more than mere **sophistry**; in this case, it was and is a 180° **inversion of truth**, specifically designed and **intended to conceal**, protect, and continue the **treasonous** Sandy Hook conspiracy.

- In denying the undersigned's Request for Certification of a direct and immediate appeal to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2)(A)(i), which **mandates** certification where the order being appealed "involves a matter of public importance", Judge Rosenthal summarily ruled: "Whether the Bankruptcy Court erred in denying Mr. Young permissive intervention is not a matter of public importance. *See id.* § 158(d)(2)(A)(i)."[288] If and when **would** the denial of an individual's motion for leave to intervene **ever** be a matter of public importance ?? That's a **non sequitur**. It's **not** a question of whether the procedural order denying intervention is, itself, publicly important; the issue is whether the "order . . . **involves** a matter of public importance."[289] The April 22, 2025, Order appealed,[290] and with respect to which the Request for Certification was made,[291] **involved** the undersigned's March 19, 2025, Motion for Leave to Intervene,[292] which **involved** a request to present evidence in a Chapter 7 bankruptcy of **treasonous fraud** in the generation of a notorious, **free~speech~chilling** $1.3 Billion defamation default judgment debt against the bankruptcy Debtor, a public figure and purported journalist. As asserted by the undersigned, the **involved** circumstances necessarily implicated and **involved** the sanctity/viability of the First Amendment and the integrity of

---

[287] Retrieved from: https://www.merriam-webster.com/dictionary/attenuated

[288] Memorandum and Opinion (S.D. Tex. Dckt. 14, at 5), Affidavit ¶ 35, and **Tab R4** on USB flash drive.

[289] 28 U.S.C. § 158(d)(2)(A)(i). [Emphasis added.]

[290] Order Denying Motion for Leave to Intervene (Bankr. Dckt. 1129), Affidavit ¶ 30, and **Tab Q1** on USB flash drive.

[291] Appellant's Request for Certification Under 28 U.S.C. § 158(d)(2)(A) (Bankr. Dckt. 1144), Affidavit ¶ 30, and **Tab Q3** on USB flash drive.

[292] Bankr. Dckt. 1120, Affidavit ¶ 28, and **Tab P**.

federal judicial process, which are matters of undeniable **public importance**.[293] Thus, Judge Rosenthal **knowingly** employed a **non sequitur** to defeat a **mandatory** immediate and direct appeal to the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 158(d)(2)(A)(i), where matters of **public importance** were (and continue to be) at jeopardy. This ruling, **in an of itself**, presents **probable cause** evidence of an **intent**, on the part of Judge Rosenthal, **to betray** the United States.

- As emphasized above, Judge Rosenthal **knowingly** acted to betray the United States by deliberately misapplying 28 U.S.C. § 158(d)(2)(A)(i) so as to defeat an immediate appeal to the Fifth Circuit that might, **and should**, have exposed the entire **two~part** and **treasonous** Sandy Hook conspiracy against the United States. Why "**knowingly**" ?? Because at Page 3 of her August 19, 2025, Memorandum and Opinion dismissing the undersigned's appeal, Judge Rosenthal specifically noted, and thus **admitted**, that she reviewed the record.[294] Therefore, Judge Rosenthal is charged with not only constructive notice, but also with **actual knowledge**, of the contents of the *Lafferty* federal court Remand File, **Exhibit 1** to the undersigned's Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment,[295] including the blatantly deficient, dishonest, and collusive Notice of Removal and consents to same[296] and the FBI/DOJ "Crime in the United States 2012" record **admitting** that there were **zero** **(0)** **Murder(s)** **and** **nonnegligent manslaughter(s)** in Newtown, Connecticut, in 2012.[297] Thus, Judge Lee H. Rosenthal had **actual knowledge** of **probable cause evidence** of both **Parts** **I** and **II** of the two~part and treasonous Sandy Hook conspiracy when she dismissed the undersigned's appeal in order to **conceal**, protect, and continue said **treasonous** conspiracy. If Judge Rosenthal was not already "in league" with the Sandy Hook conspiracy prior to August 19, 2025, she nevertheless **joined** in same, on said date, with and through the aforesaid **deliberately unlawful** ruling denying certification pursuant to 28 U.S.C. § 158(d)(2)(A)(i).

- Both Judge Lopez and Judge Rosenthal were presented with, but they both **unlawfully refused** to accept and give due consideration to the merits of, **credible reports** of treason against the United States submitted by the undersigned Reporting Attorney.

  The undersigned used the word "**treason**" once, and the word "**treasonous**" eight (8) times, in describing the Sandy Hook conspiracy in the Motion for Leave to Intervene to Present

---

[293] Bankr. Dckt. 1144 at 11~13, Affidavit ¶ 30, **Tab Q3** on USB flash drive.

[294] S.D. Tex. Dckt. 14 at 3, Affidavit ¶ 35, and **Tab R4** on USB flash drive.

[295] Bankr. Dckt. 1120 (Motion for Leave) and 1120-1 (**Exhibit 1**: Remand File), Affidavit ¶ 28, and **Tabs P** and **P1**.

[296] Remand File at 11~82, **Tab P1**.

[297] Remand File at 197~201, **Tab P1**.

Evidence of Fraudulent Judgment the undersigned filed and presented to Judge Lopez on March 19, 2025.[298] The undersigned used the word "**treasonous**" three (3) times, in describing the Sandy Hook conspiracy in the Request for Certification the undersigned filed with the Bankruptcy Court, in Case No. 22-33553, on May 15, 2025.[299] The undersigned used the word "**treasonous**" twice in describing "the **collusive** and **treasonous** conduct of Alex Jones and the Connecticut Sandy Hook Families" and "the Alex Jones/Sandy Hook **abuse of federal judicial process** and **treasonous fraud** being perpetrated against the courts and the American people" in the Fed. R. Bankr. P. 8007(b) Motion for Stay of Proceedings Pending Appeal the undersigned filed and presented to Judge Rosenthal on June 22, 2025.[300] [Emphasis as in original.] The undersigned used the word "**treasonous**" eight (8) times in describing the "Sandy Hook conspiracy" in the Appellant's Brief the undersigned filed and presented to Judge Rosenthal on August 7, 2025.[301]

Where does 18 U.S.C. § 2382 say that **any** federal judge can reject the submission of a **credible report** of **treason** ?? It **doesn't**. Where does 18 U.S.C. § 2382 say that a person owing allegiance to the United States has to possess an independent basis for **standing** in a federal case in order to fulfill their statutory **obligation** (i.e., on pain of a potential **misprision** charge) of disclosing a **known treason** to a federal judge[302] ?? It **doesn't**.

Judges Lopez and Rosenthal not only **unlawfully rejected** the credible **reports** of treason the undersigned submitted to them; they **also knowingly acted** to **conceal** the aforesaid credible reports and evidence of **treason** provided and identified by the undersigned,[303] by (1) improperly denying the undersigned's Motion for Leave to Intervene to Present Evidence of Fraudulent Judgment (as well as the alternative relief therein requested for an independent review of **the evidence** submitted, if intervention was denied based on alleged lack of standing),[304] (2) improperly denying the undersigned's Fed. R. Bankr. P. 8007(b) Motion for Stay of Proceedings Pending Appeal,[305] which, if granted, would have made national news and exposed the entire two~part and **treasonous** Sandy Hook conspiracy,

---

[298] Bankr. Docket 1120, Affidavit ¶¶ 28 and 29, and **Tab P**.

[299] Bankr. Dckt. 1144, Affidavit ¶ 31, and **Tab Q3** on USB flash drive.

[300] S.D. Tex. Dckt. 6, at 13 and 17, Affidavit ¶¶ 33 and 34, and **Tab R1** on USB flash drive.

[301] S.D. Tex. Dckt. 13, Affidavit ¶¶ 33 and 36, and **Tab R3** on USB flash drive.

[302] (among other statutorily~designated recipients of an 18 U.S.C. § 2382 report of treason)

[303] i.e., namely, the blatantly deficient, dishonest, and collusive Notice of Removal of *Lafferty* and consents to same (Remand File at 11~82, **Tab P1**) and the FBI/DOJ record **admitting** that there were **zero** **(0)** **Murder(s) and nonnegligent manslaughter(s)** in Newtown, Connecticut (within which the Village of Sandy Hook is located), in 2012 (Remand File at 197~201, **Tab P1**), which, respectively, provide probable cause evidence, **as a matter of law**, for both **Parts I** and **II** of the treasonous Sandy Hook conspiracy.

[304] Bankr. Dckt. 1120 and 1129, Affidavit ¶¶ 28 and 30, and **Tab P** and **Tab Q1** on USB flash drive.

[305] S.D. Tex. Dckt. 6 and 12, Affidavit ¶ 33, and **Tabs R1** and **R2** on USB flash drive.

(3) improperly denying the undersigned's Request for Certification Under 28 U.S.C. § 158(d)(2)(A) of an immediate appeal to the Fifth Circuit Court of Appeals,[306] which, if granted, would have made national news and exposed the entire two~part and **treasonous** Sandy Hook conspiracy, and (4) improperly dismissing the undersigned's appeal, S.D. Tex. Civil Action No. 4:25-cv-02057, on August 19, 2025, before expiration of the 30~day appellee's response period under Fed. R. Bankr. P. 8018(a)(2), and in the absence of any brief filed in opposition,[307] so as to (a) **relieve** the **colluding parties**, Alex Jones and the Connecticut Sandy Hook Plaintiffs, of **any obligation** to respond to the **merits** of the undersigned's allegation of **treasonous fraud**, and (b) **prevent** the undersigned's appeal from making national news and exposing the two~part and **treasonous** Sandy Hook conspiracy.

Accordingly, and for the foregoing reasons, probable cause exists justifying charges, or further and formal investigation of potential charges, against **both** S.D. Tex. U.S. Bankr. Ct. Judge Christopher M. Lopez and S.D. Tex. Senior U.S. District Ct. Judge Lee H. Rosenthal for **misprision of treason** in violation of 18 U.S.C. § 2382.

- Although, in denying the undersigned's Fed. R. Bankr. P. 8007(b) Motion for Stay, District Court Judge Rosenthal stated: "Young therefore has not shown a likelihood of success on the merits of his appeal of the denial of his intervention[,]" Judge Rosenthal did not, at that time, dismiss the undersigned's appeal.[308] Accordingly, and to maintain the viability of the appeal, the undersigned was **duty~bound** to prepare and, on August 7, 2025, the undersigned did file an Appellant's Brief in Case No. 4:25-cv-02057.[309] In dismissing the undersigned's appeal, Judge Rosenthal stated, in pertinent part:

> Mr. Young does not have an economic or similar interest in this case. He cannot manufacture such an interest by pointing to the filing fees, transcript fees, and "significant economic loss" he has voluntarily incurred "in pursuing this case without pay." * * * The interest that Mr. Young asserts—his desire to protect the First Amendment and the judicial process—does not given him a practical stake in the bankruptcy proceeding. Recognizing such a self-proclaimed interest would provide a basis for intervention to anyone with a law degree, or, indeed, anyone at all. The Bankruptcy Court did not err by denying Mr. Young intervention based on his attenuated and

---

[306] Bankr. Dckt. 1144 (Request for Certification), 1193 (06/05/25 status conference/hearing transcript), and 1164 (corresponding 06/05/25 Order Denying Request for Certification of Direct Appeal and Denying Motion to Stay Pending Appeal, copy not included with this report), Affidavit ¶¶ 30 and 32, and **Tabs Q3** and **Q5** on USB flash drive; and S.D. Tex. Dckt. 14, at 4~5 (Memorandum and Opinion), Affidavit ¶ 35, and **Tab R4** on USB flash drive.

[307] S.D. Tex. Dckt. 14 (Memorandum and Opinion) and 15 (Dismissal Order), Affidavit ¶ 35, and **Tabs R4** and **R5** on USB flash drive.

[308] S.D. Tex. Dckt. 12, at 2, Affidavit ¶ 33, and **Tab R2** on USB flash drive.

[309] S.D. Tex. Dckt. 13, Affidavit ¶ 33, and **Tab R3** on USB flash drive.

non-economic interest.[310]

**First**, Judge Rosenthal **didn't even address, let alone refute** the undersigned's consistently repeated claim to be **duty~bound**, as a state and federally licensed attorney, and per multiple oaths taken to **support and defend the Constitution**, to expose the Sandy Hook **treasonous** conspiracy (a) by seeking intervention in Alex Jones' bankruptcy case to present evidence of **treasonous fraud** in the generation of the $1.3 Billion Connecticut state court default judgment debt, and (b) by pursuing an appeal of the denial of intervention. **Further**, the undersigned was **obligated**, as a U.S. citizen and one "owing allegiance to the United States", on pain of a potential **misprision charge** under 18 U.S.C. § 2382, to **not** conceal and to further and properly **disclose** a **known treason** (such knowledge being acquired from the undersigned's **review** of the *Lafferty* Remand File, **Tab P1)** to a statutorily~designated official, including **any federal judge**, such as Judge Lopez and Judge Rosenthal. Judge Rosenthal's characterization of the undersigned as a "volunteer" wasn't just **sophistry**; it was and is a 180° **inversion of truth**, specifically designed and **intended to conceal**, protect, and continue the **treasonous** Sandy Hook conspiracy.

- Judge Rosenthal waited a **month** before bothering to rule[311] on the undersigned's June 22, 2025, Rule 8007(b) Motion for Stay of Proceedings Pending Appeal, which stated the following with respect to the grounds for the stay of proceedings requested and the undersigned's obligation to seek such relief on appeal:

> The interests being advanced in the instant appeal, namely, **(a)** the integrity of **federal judicial process** and **(b)** the viability of the **1st Amendment**, are at jeopardy of suffering **irreparable harm** if, during the pendency of the instant appeal, **any** form of bankruptcy relief is afforded in respect of a collusive/fraudulent $1.3 Billion free~speech~chilling default judgment.
>
> As set forth in the **Motion for Leave to Intervene**, the undersigned is **duty~bound**, as a state and federally~licensed attorney, to protect and defend these identified interests of **public importance**. (Docket 1120 at 6 and 11) The undersigned has suffered significant economic loss in pursuing this case without pay. The undersigned's **duty** to pursue this action would not have arisen but for the **collusive** and **treasonous** conduct of Alex Jones and the Connecticut Sandy Hook Families.[312] [Emphasis as in original.]

- As stated above, although, in denying the undersigned's Fed. R. Bankr. P. 8007(b) Motion for Stay, District Court Judge Rosenthal stated: "Young therefore has not shown a likelihood of success on the merits of his appeal of the denial of his intervention[,]" Judge

[310] S.D. Tex. Dckt. 14, at 2~3, Affidavit ¶ 35, and **Tab R4** on USB flash drive.

[311] S.D. Tex. Dckt. 12 (07/23/25), Affidavit ¶ 33, and **Tab R2** on USB flash drive.

[312] S.D. Tex. Dckt. 6, at 13, Affidavit ¶ 33, and **Tab R1** on USB flash drive.

Rosenthal did not, at that time, dismiss the undersigned's appeal.[313] Accordingly, and to maintain the viability of the appeal, the undersigned was **duty~bound** to prepare and, on August 7, 2025, the undersigned did file an Appellant's Brief in Case No. 4:25-cv-02057.[314] On August 19, 2025, before expiration of the 30~day appellee's response period under Fed. R. Bankr. P. 8018(a)(2), and in the absence of any brief filed in opposition,[315] Judge Rosenthal dismissed the undersigned's appeal, Civil Action No. 4:25-cv-02057.

- Thus **knowing** that the undersigned was and is **duty~bound**, as a state and federally~licensed attorney, to support and defend the Constitution, **knowing** that ethical duty **required** the undersigned pursue intervention in Alex Jones' bankruptcy and the appeal denying same, **knowing** that the undersigned was pursuing intervention and the appeal, as a matter of duty, and **without pay**, Judge Rosenthal **needlessly** **forced** the undersigned to the gargantuan task of preparation of a federal court appellant's brief, **knowing**, as she indicated when denying the undersigned's Rule 8007(b) Motion for Stay,[316] that she had no intention of doing anything other than dismissing the undersigned's appeal before the colluding parties had any obligation to respond to the undersigned's Appellant's Brief.

- From June 22, 2025, when the undersigned filed the Rule 8007(b) Motion for Stay, to August 7, 2025, the undersigned was **forced** to reasonably expend two hundred (200) hours of professional work time preparing an Appellant's Brief, being 65 pages in total length, and presenting eleven (11) separate arguments that due diligence reasonably required the undersigned to assert and make. Thus, at the reasonable, below~market rate of $500 per hour,[317] the undersigned was **needlessly** and **unlawfully forced**, as a result of Judge Rosenthal's rulings, to perform $100,000 worth of labor, as a matter of duty, **without pay**.[318]

---

[313] S.D. Tex. Dckt. 12, at 2, Affidavit ¶ 33, and **Tab R2** on USB flash drive.

[314] S.D. Tex. Dckt. 13, Affidavit ¶ 33, and **Tab R3** on USB flash drive.

[315] S.D. Tex. Dckt. 14 (Memorandum and Opinion) and 15 (Dismissal Order), Affidavit ¶ 35, and **Tabs R4** and **R5** on USB flash drive.

[316] S.D. Tex. Dckt. 12, at 2 (stating: "Young therefore has not shown a likelihood of success on the merits of his appeal of the denial of his intervention."), Affidavit ¶ 33, and **Tab R2** on USB flash drive.

[317] Affidavit ¶¶ 92~95, and Tabs Z1 through Z4 on USB flash drive.

[318] Which sounds **a bit** like the legal definition of "involuntary servitude" which, according to the Supreme Court, "necessarily means a condition of servitude in which the victim is forced to work for the defendant by * * * coercion through law or the legal process." *United States v. Kozminski*, 487 U.S. 931, at 952 (1988). By asserting a claim for reimbursement of reasonable attorney's fees and expenses pursuant to *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), *see* Affidavit ¶¶ 92~95, **Tabs Z1** through **Z4** on USB flash drive, and the **Requests for Relief** section below, the undersigned does **not** waive and, rather, the undersigned specifically **reserves** all rights and potential claims for recovery which the undersigned does or might possess against Judge Lee H. Rosenthal, for deprivation of clearly~established statutory or constitutional rights of the undersigned, of which a reasonable person would have known.

- Why did Judge Rosenthal, in her rulings, essentially rebuke the undersigned Reporting Attorney for **daring** to intervene in a bankruptcy proceeding in order to present evidence of **treasonous fraud**, ruling that the undersigned "has no right to disrupt"[319] the process ?? Why did Judge Rosenthal **punish** the undersigned by **forcing** the undersigned to the pointless, but arduous task of preparing an Appellant's brief, and expending 200 hours of attorney work time, when Judge Rosenthal was clearly **predetermined** to dismiss the undersigned's appeal ?? **What** did the undersigned Reporting Attorney ever do to incur Judge Rosenthal's malice ?? To quote from *The Godfather*,[320] **"It wasn't personal; it was business."** A **punitive deterrent** to any other upstart attorneys who might dare get it in their minds to question the Sandy Hook **treason.** Probable cause evidence demonstrates that Judge Rosenthal's **job**, in **Part II** of the overall scheme, is and has been to serve as a **backstop** for Judge Lopez and to **keep a lid** on the two~part and **treasonous** Sandy Hook conspiracy, so that word of same **never** escapes from the Bankruptcy and District Courts of the Southern District of Texas.
- Accordingly, and for the foregoing reasons, probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against Judge Lee H. Rosenthal, for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

❖ **Personnel of the Supreme Court of the United States**

- On August 13, 2025, and before learning that he serves as personal counsel for **President Donald J. Trump**, the undersigned sent Attorney Bruce Castor an email with subject line, "Ohio Attorney Seeking Assistance with Supreme Court Bar Sponsorship to File Amicus Brief", stating, in pertinent part: "I somewhat doubt **Jones** will actually follow~through and file the **petition**, but if he does, I intend to file an **amicus brief** in opposition pursuant to **Supreme Court Rule 37**".[321] As of August 13, 2025, the undersigned Reporting Attorney's lingering doubt as to whether the colluding parties would **actually** take the **fraudulent** and **treasonous** Sandy Hook **farce** to the Supreme Court of the United States[322] was based on an obviously justified expectation, yet also, perhaps, on a naïve sliver of

---

[319] S.D. Tex. Dckt. 12, at 2, Affidavit ¶ 33, and **Tab R2** on USB flash drive.

[320] *The Godfather*. Directed by Francis Ford Coppola, Paramount Pictures, 1972.

[321] Affidavit ¶ 38, and **Tab S1** on USB flash drive. [Emphasis as in original.]

[322] (in an obvious move and attempt to acquire a **denial** of certiorari that would essentially **validate** the **ludicrous**, **treasonous**, and **free~speech~chilling** $1.3 Billion Connecticut state court default judgment)

hope, that "the fix was **not** in" at the **Supreme Court of the United States** on the Sandy Hook **treason**; but, unfortunately, events which thereafter transpired proved that "the fix **was** and **is** in" ~ on treason most high ~ at our nation's highest court.

- On September 5, 2025, Alex Jones filed a Petition for a Writ of Certiorari, seeking a discretionary appeal to the Supreme Court of the United States, in *Alex Emric Jones, et al., Petitioners v. Lafferty, et al.*, S. Ct. Case No. 25-268.[323] As is delineated and substantiated with attached documentary evidence at ¶¶ 37~62 (and **Tabs S1** through **V12**) of the attached Affidavit of Reporting Attorney (**Tab B**), **despite** the efforts of **President Trump** and the **Trump FBI/DOJ** to (a) **block sponsorship** for the undersigned's admission to the Bar of the Court and, thus, (b) **prevent** the undersigned's timely submission of an **amicus brief** in S. Ct. Case No. 25-268 exposing the Sandy Hook **treasonous fraud**, the undersigned **nevertheless** gained the required admission sponsorship (and additional case endorsements) of two members of the Bar of the Court and, on October 9, 2025, **timely submitted** to the Supreme Court of the United States, in the required paper/hard copy form: (1) a completed, compliant, and qualifying Application for Admission to Practice, on **written** motion, and (2) a fully compliant amicus brief in S. Ct. Case No. 25-268[324] exposing the "**treasonous fraud**"[325] that produced the $1.3 Billion *Lafferty* Connecticut state court default judgment at issue and the "**fraud on the courts**"[326] (including the Supreme Court, itself)[327] that the *Lafferty* case (and all related litigation) **was** and **is**.

- However, **despite** the **timely submission** of the undersigned's fully compliant **admission application package** and fully compliant **amicus brief** in S. Ct. Case No. 25-268, and **despite representations** by Supreme Court personnel to the contrary [namely, that, **if** said items were timely submitted (i.e., by the October 9, 2025, filing deadline in S. Ct. Case No. 25-268), and the undersigned's application was found to be in order, **then**, during the next Court session (i.e., on Tuesday, October 14, 2025), the Court **would** issue an Order retroactively granting the undersigned's admission to the Bar of the Court, effective October 9, 2025, and deeming the undersigned's amicus brief in S. Ct. Case No. 25-268 to be timely submitted],[328] the Supreme Court of the United States, **nevertheless**, **slow~rolled**

---

323 Affidavit ¶ 44, and **Tabs T1** and **T2** on USB flash drive.

324 See Affidavit ¶¶ 57 and 58, and **Tabs V8** and **V9** (i.e., UPS Tracking records for the undersigned's application package and separate amicus brief package, both delivered to the Supreme Court at 9:28 AM ET, on October 9, 2025).

325 Amicus Brief at 24 and 27, **Tab V5**.

326 Amicus Brief at 5 and 26, **Tab V5**.

327 Amicus Brief at *i*, 23, and 28, **Tab V5**.

328 Affidavit ¶ 52, and **Tab V3**.

the undersigned's application and amicus brief exposing **treasonous fraud** to October 14, 2025, and it **fast~tracked** a **denial of certiorari** in the Alex Jones ~ Sandy Hook case, S. Ct. Case No. 25-268, on October 14, 2025,[329] giving the colluding parties, namely, Alex Jones and the Connecticut Sandy Hook Plaintiffs, **exactly** what they wanted, an **effective validation** of the **fraudulent**, **treasonous**, and **free~speech chilling** $1.3 Billion Connecticut state court default judgment. Thus, in violation of its **own precedential ruling** in *Hazel-Atlas*, *supra*, 322 U.S. at 246, the Supreme Court of the United States **willingly** served as a **mute** "[victim] of deception and fraud". In the case of a **treasonous** conspiracy, a **willing victim**, who or which **assists** in the conspiracy, is also known as a "co~conspirator", and as a "traitor", per *Ex parte Bollman*, *supra*, at Paragraph 3 of the Court Syllabus.

- Further, at some point between December 19 and 21, 2025, unknown personnel of the Supreme Court, without notice, order, or explanation, simply removed the undersigned's amicus brief and certificates of compliance and service from Supreme Court's online docket for Case No. 25-268, at supremecourt.gov/search.aspx?filename=200b/docket/docketfiles/html/public/25-268.html, which were viewable, downloadable, and shareable from said government website from October 14, 2025, through at least December 19, 2025.[330] To date, the undersigned has **never** received any notice of nonconformity or rejection by the Supreme Court of the undersigned's submissions in S. Ct. Case No. 25-268.[331] **Significantly**, the undersigned's amicus brief in S. Ct. Case No. 25-268 uses the word "**treason**" two (2) times, and the word "**treasonous**" ten (10) times, with bold emphasis in original for each instance, in describing the Sandy Hook conspiracy.[332] The Supreme Court's removal of the undersigned's amicus brief from the online docket for S. Ct. Case No. 25-268, without Order, explanation, or legal justification, constitutes a **concealment** of a **credible report** of **treason** and a **textbook case** of **misprision of treason**, in violation of 18 U.S.C. § 2382.

- Accordingly, and for the foregoing reasons, probable cause evidence exists justifying further and formal investigation of potential charges, against personnel of the Supreme Court of the United States, for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, (4) **conspiracy to**

---

[329] Affidavit ¶¶ 63, 64, 70, and 74, and **Tabs V13**, **V19**, and **V22**.

[330] Affidavit ¶¶ 68, 73, and 75, and **Tabs V17**, **V21**, and **V23**.

[331] Affidavit ¶ 69.

[332] Affidavit ¶ 54, and **Tab V5**.

**commit offense or to defraud the United States** in violation of 18 U.S.C. § 371, and/or (5) **obstruction of justice** in violation of 18 U.S.C. § 1503.

❖ **President Donald J. Trump**

- Why would an attorney, particularly one of Bruce Castor's experience, skills, knowledge, and caliber, **ever** place his client, who happens to be the President of the United States, in a position where the client, as one owing allegiance to the United States, becomes **legally obligated**, on pain of a potential **misprision** charge under 18 U.S.C. § 2382, to **not** conceal and to further and properly disclose (e.g., to a federal judge or Justice of the Supreme Court of the United States) what is undoubtedly one of the most egregious **treasons** ever committed **against** the United States, given that it was perpetrated **by** "the Government of the United States"[333] and affiliated co~conspirators ?? The answer is **simple**: Because, under the terms of the **misprision** statute, 18 U.S.C. § 2382, Attorney Castor, as one owing allegiance to the United States, himself, was **legally obligated**, himself, i.e., on pain of potential misprision charge, to **not** conceal and to further and properly disclose, to the President, a federal judge, a state governor, or a state judge or justice, what he obviously found to be a **credible report of treason** provided by the undersigned Reporting Attorney.

- As it turned out, reporting the undersigned's credible report of treason to **the President** was the most **convenient** and **safest** way for Attorney Castor to fulfill the necessary disclosure/reporting requirements of 18 U.S.C. § 2382 while, at the same time, having the overall Sandy Hook treasonous conspiracy kept quiet. Why "the most **convenient** way" ?? Because, unlike the undersigned Reporting Attorney, Attorney Castor, being personal, outside counsel to **Donald J. Trump**, had (and has) a **direct line to the President**.

- Why "the **safest** way" ?? Because, as it turned out, and as the **probable cause evidence** herein cited and attached demonstrates, **Donald J. Trump**, the President, and a person owing allegiance to the United States, **kept it quiet** by committing: (1) **misprision of treason**, in violation of 18 U.S.C. § 2382, by concealing and **not** further and properly disclosing the **credible report** of the Sandy Hook treasonous conspiracy he received, **from his own personal counsel**, to a federal judge or Justice of the Supreme Court of the United States, or to any state governor, judge, or justice (let alone Congress or the American people); and (2) **obstruction of justice**, in violation of 18 U.S.C. § 1503, **not** just (a) by disallowing Attorney Castor to sponsor the undersigned Reporting Attorney for admission to the Supreme Court Bar in a **passive** attempt to block the eventual and timely submission of the undersigned's amicus brief in S. Ct. Case No. 25-268 exposing the general and two~part Sandy Hook **treasonous** conspiracy, but also, thereafter, and more significantly, (b) by actively ordering or allowing the **Trump DOJ** to claim a **conflict of interest** for

---

[333] See language of 18 U.S.C. § 2384, and discussion of the distinction said statute makes between "the United States" and "the Government of the United States", in the **Necessary Conclusions** section above.

Attorney George Braun[334] in order to **block** and **ruinously delay** submission of the undersigned's Supreme Court bar admission application package and amicus brief in *Alex Emric Jones, et al., Petitioners v. Lafferty, et al.*, S. Ct. Case No. 25-268, until October 9, 2025, the very last day for submission of amicus briefs in said case. This delay **then allowed** the Supreme Court of the United States to **slow~roll** the undersigned's (1) fully compliant application package for admission and (2) fully compliant amicus brief in S. Ct. Case No. 25-268, both timely submitted on and by the October 9, 2025, deadline in S. Ct. Case No. 25-268[335] (as the undersigned was advised by the Supreme Court Admissions Clerk would be acceptable),[336] **until** the morning of **October 14, 2025**, the same morning that the Supreme Court **denied certiorari** in *Jones, et al. v. Lafferty, et al.*, S. Ct. Case No. 25~268.

- **If** Donald J. Trump **technically complied** with the disclosure/reporting requirements of 18 U.S.C. § 2382 by reporting the undersigned's **credible report** of **treason** he received to some statutorily~designated official, such as a Justice of the Supreme Court (which is quite possible in view of the facts), then, while perhaps **not** guilty of **misprision of treason**, Mr. Trump **nevertheless** likely made himself part and parcel to (i.e., a **co~conspirator** in) the overall, two~part, and general Sandy Hook **treasonous** conspiracy against the United States, in violation of 18 U.S.C. §§ 2381, 2384 and/or 371, by cooperating (i.e. **conspiring**) with the Supreme Court to **delay**, **slow~roll**, and thereafter **conceal**, the undersigned Reporting Attorney's amicus brief exposing the aforesaid overall, two~part, and general Sandy Hook **treasonous** conspiracy against the United States.

- Further, and again, as is delineated in the preceding paragraphs, probable cause evidence exists and is attached hereto demonstrating that Donald J. Trump committed (1) **obstruction of justice**, in violation of 18 U.S.C. § 1503, by (a) forbidding his attorney, Bruce Castor, to sponsor the undersigned for Supreme Court bar admission, and (b) ordering or allowing the **Trump FBI/DOJ** to **claim a conflict of interest** for another potential Supreme Court bar sponsor of the undersigned, Attorney George Braun, in order to block the undersigned's amicus brief exposing the aforesaid overall, two~part, and general Sandy Hook **treasonous** conspiracy against the United States. If President Trump, as a person owing allegiance to the United States, did **not** report the credible report of treason he received, through his own attorney, to some other statutorily~designated recipient, then President Trump should be charged with **misprision of treason**, in violation of 18 U.S.C. § 2382. However, if further **necessary** and formal investigation reveals that

[334] (who, on September 12, 2025, agreed to sponsor, help find a co~sponsor for, and move the Supreme Court for the bar admission of the undersigned Reporting Attorney) (Affidavit ¶¶ 47~49, and documents at **Tab U** on USB flash drive)

[335] Affidavit ¶¶ 57 and 58, and **Tabs V8** and **V9** on USB flash drive.

[336] Affidavit ¶¶ 52, 59, 60, and 61, and **Tabs V3, V10,** and **V11** on USB flash drive.

President Trump or his administration **did, in fact**, report to a Justice of the Supreme Court, but thereafter coordinated or cooperated with any personnel of the Supreme Court of the United States to block distribution and consideration of and/or to subsequently conceal the undersigned's timely and properly submitted amicus brief in S. Ct. Case No. 25-268, then, in addition to an **obstruction of justice charge** under 18 U.S.C. §§ 1503, charges should **also** be brought against President Trump for **(2) treason** against the United States in violation of 18 U.S.C. § 2381, **(3) seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, and/or **(4) conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

- Why, as emphasized above, is further and formal investigation of President Trump **necessary** ?? Because the described violations of the criminal code, for which probable cause exists to charge or to further investigate the President, are also **impeachable offenses** under the United States Constitution. (U.S. Const. art. II, § 4) Congress, and the American people, have an **absolute right to know the Truth**, not only of the President's possible "high Crimes and Misdemeanors", but also of **all such acts of villainy**, against the core and foundational rights of the American Republic, that reside within the rotten framework of the broader, overall, two~part, and general Sandy Hook **treasonous conspiracy** against the United States.

❖ **X Corp.**

- The undersigned Reporting Attorney joined the X social media platform and created a verified (i.e., paid) profile account, @RWynYoung, in November 2025 on the basis that X and Elon Musk advertise a free speech platform and for the specific and intended purpose of informing the public about and exposing the general Sandy Hook **treasonous** conspiracy. From the time the undersigned first joined X in November 2025, and during the eight (8) months that followed, through June 2026, the undersigned observed a **consistent pattern of suppression** by X of the undersigned's Posts and Replies regarding the Sandy Hook **treasonous** conspiracy. Indeed, through a process of trial and error, the undersigned learned to identify and get around various algorithmic restrictions, apparently imposed by X, and to get a few thousand Views, on occasion, for a Post or Reply on the Sandy Hook story before being shut down or "throttled". Based upon a multitude of information and eight (8) months of first~hand experience, the undersigned has reasonable grounds to believe the X Corp. has been **cooperating/working with the DOJ** and/or affiliated federal agencies to **wrongfully and illegally suppress** promulgation of the undersigned's Posts and Replies on X regarding the Sandy Hook **treasonous** conspiracy.[337]

[337] Affidavit ¶¶ 72, 86, and 87, and Tabs X8 and X9 on USB flash drive.

- Accordingly, probable cause evidence exists justifying further and formal investigation of potential charges against X Corp. and/or its officers for (1) **treason** against the United States in violation of 18 U.S.C. § 2381, (2) **seditious conspiracy** against the United States in violation of 18 U.S.C. § 2384, (3) **misprision of treason** in violation of 18 U.S.C. § 2382, and/or (4) **conspiracy to commit offense or to defraud the United States** in violation of 18 U.S.C. § 371.

* * *

The Sandy Hook defamation cases (not just in Connecticut, but in Texas and Wisconsin, as well) were **designed** to create **punitive deterrents** to the exercise of First Amendment freedoms; to make it clear to the public and the press that anyone who **questions** "an official story" pushed by government officials, or who would **dare to accuse** the government, its officials, and their craven counterparts in the private sector of **treason** or **seditious conspiracy** against the United States, **will** be **punished**, **bankrupted**, and **thrown out** of business or onto the street. Unfortunately, **thus far** (i.e., to date only), the **traitors**, including, but not limited to the persons and organizations listed above, have succeeded in their evil **designs**. But, thankfully, our late 18th century Founders, whether owing to Providence or genius, provided a specific mechanism, namely, the **misprision statute** of 1790 (i.e., 18 U.S.C. § 2382), pursuant to which (a) **one** owing allegiance to the United States and having knowledge of "treason against **them**" [emphasis added] is given wide latitude in choosing the recipient of a **mandatory** report of treason from a narrowly~defined, but necessarily **large** group of statutorily~designated recipients (i.e., the President, a federal judge, a state governor, or a state judge or justice), and (b) the submission of a **credible report** of treason creates an "upwardly spiraling chain of accountability", requiring that such report be **not concealed** but, instead, be **further** and **properly disclosed** within the reporting framework established by the **misprision statute**, itself. Thus, pursuant to **federal statutory law** that has been in place for **236 years**, **one citizen**, fulfilling their duty of allegiance to the United States, can **start** an inexorable process that will put a **stop** to **treason most foul**, even a **treason**

that is committed/joined in with by those who are elected, appointed, and **entrusted** to serve, lead, govern, and judge us, the American people.

**A Visually Assisted Section Summation**

The *Lafferty* federal court Remand File (**Tab P1**) contains **two items** of legally~operative evidence that establish probable cause, **as a matter of law**, for both **Parts I** and **II** of the two~part and **treasonous** Sandy Hook conspiracy against the United States and our First and Second Amendments, namely, (**1**) Alex Jones' deliberately faulty Notice of Removal in *Lafferty*,[338] and his co~defendants' consents to same (Remand File at 11~82, **Tab P1**) and (**2**) the "Crime in the United States 2012" FBI/DOJ record for Newtown, Connecticut (Remand File at 197~201, **Tab P1**), showing that there were **zero** (**0**) **Murder(s) and nonnegligent manslaughter(s)** in Newtown, Connecticut,[339] in 2012. For the Sandy Hook **traitors**, there's **no** getting around these two items of evidence. That's why the **co~conspirators**, including, but not limited to Chapter 7 Trustee **Christopher R. Murray**, S.D. Tex. U.S. Bankr. Ct. Judge **Christopher M. Lopez**, S.D. Tex. Senior U.S. District Ct. Judge **Lee H. Rosenthal**, and **personnel of the Supreme Court of the United States**, committed **misprision of treason** (at the very least) to keep the *Lafferty* Remand File (**Tab P1**) and its **devastating contents**[340] from being **admitted into evidence** via the undersigned's intervention in Alex Jones' bankruptcy case, and from **coming to light** via the undersigned's amicus brief in the *Jones, et al. v. Lafferty, et al.*, S. Ct. Case No. 25-268, discretionary appeal before the Supreme Court.

---

[338] (which failed to claim federal question jurisdiction, under 28 U.S.C. § 1331, for a First Amendment SLAPP suit being removed to federal court and ostensibly defended as such)

[339] i.e., which includes the Village of Sandy Hook and the Sandy Hook elementary school.

[340] i.e., devastating to the ingrained, 14~year~old narrative of the Sandy Hook mass school shooting **horror story** and to the co~conspirators/traitors in the two~part and **treasonous** Sandy Hook conspiracy.

Further, **President Donald J. Trump's** own, personal defense attorney, Bruce Castor, a former prosecutor and state's Attorney General, obviously found the undersigned's My Sandy Hook Video Scrapbook compilation documentary evidentiary video (MSHVS, **Tab I9** on USB flash drive) to provide **probable cause evidence** that the alleged Sandy Hook mass school shooting of December 14, 2012, was a **manufactured, sham** event; otherwise, Mr. Castor would never have been obligated or compelled to brief **President Trump** on the undersigned Reporting Attorney's public case exposing the Sandy Hook **treasonous fraud**. And the undersigned didn't even point Mr. Castor to or provide him with a copy of the FBI/DOJ's **after~the~fact admission** that **nobody** was murdered at Sandy Hook (or anywhere else in Newtown, Connecticut) in 2012.[341]

The items of evidence cited in the two preceding paragraphs **are conclusive** on the issue of probable cause, **close the loop** (or "noose", if you will) on the Sandy Hook **treason most foul**, and **leave little else** for the undersigned Reporting Attorney to say regarding proof for the crimes alleged. Thus, in closing, the undersigned points to and attaches copies of the following four (4) **public case visual aids** (i.e., "memes") the undersigned created and published in the course of pursuing this public case to support and defend the Constitution of the United States: the "**Sandy Hook Treasonous Conspiracy**", "**Sandy Hook Obama Quarterback**", "**Sandy Hook Trump Cover~Up**", and "**Lord Mansfield**" memes.

[341] See FBI/DOJ "Crime in the United States 2012" record (Remand File at 197~201, **Tab P1**).




**Sandy Hook Treasonous Conspiracy** meme (Affidavit ¶ 88, **Tab Y1** on USB flash drive)




**Sandy Hook Obama Quarterback** meme (Affidavit ¶ 89, **Tab Y2** on USB flash drive)




**Sandy Hook Trump Cover~Up** meme (Affidavit ¶ 90, **Tab Y3** on USB flash drive)




**Lord Mansfield** meme (Affidavit ¶ 91, **Tab Y4** on USB flash drive)

While the first three memes are intuitively titled, the fourth, "**Lord Mansfield**", derives its name from the author of the meme's only unattributed quote. For it was the renowned English jurist, Lord Mansfield, who famously wrote, in deciding *Somerset v. Stewart*, Easter Term, 12 Geo. 3 (1772): "*Fiat justitia ruat caelum*" (i.e., "**Let justice be done though the heavens fall !!**").

While the undersigned Reporting Attorney wholeheartedly agrees with Lord Mansfield's uncompromising position respecting **truth** and **justice**; the undersigned does **not** anticipate the heavens falling if cleansing **truth** is brought to light, and corrective **justice** is brought to bear, on the pythonic Sandy Hook **treason most foul.**

First, **Congress** is fully capable of conducting its own investigations and, through Article II, Section 4 impeachment proceedings, addressing at least some of the **criminality** that demonstrably exists in both the **executive** and **judicial branches** respecting the Sandy Hook **treason**. Further, as the Department of Justice, the President, and the Supreme Court of the United States are **all conflicted** in this matter, it is **incumbent** upon Congress to exercise legislative prerogative, as part of its oversight function and role, and **appoint an independent counsel/ prosecutor**, by joint resolution if necessary.

If Congress fails to act, **as it should**, in defense of our republican form of government and core and foundational rights, against **tyrannical treason**, exercised with **impunity** by executive and judicial branch officials deeming themselves to be **above and beyond** the reach of the law, then it **must be** observed that the same generation of Founders which gave us, as part of the Crimes Act of 1790, the **misprision** statute and its genius "upwardly spiraling chain of accountability" for the reporting of treason, **also** provided a lawful and practical means for the "several States" of the United States to call for and hold an **Article V Convention of States**, in this case, to address the exposed **treasonous criminality** that is festering within our federal government.

## REQUESTS FOR RELIEF

The undersigned Reporting Attorney appreciates Judge Robinson's anticipated allocation of reasonable time to and judicious consideration of the undersigned's Misprision Report Package.

The undersigned Reporting Attorney first (and primarily) asks that Judge Robinson conduct a **review** of, and prepare a written and public **judicial report** assessing the merits of, the undersigned's submitted Misprision Report Package. In the final analysis, the undersigned Reporting Attorney asks the Honorable Brent N. Robinson, a judge of the State of Ohio, to make a **single determination**, namely, whether the undersigned's Misprision Report Package presents a **credible report** of **treason**. If so, then the necessary non~concealment and disclosure/reporting obligations of 18 U.S.C. § 2382[342] require further and proper **disclosure of/reporting on** the undersigned's Misprision Report Package.

**If** the Honorable Judge Brent N. Robinson finds that the undersigned Reporting Attorney's Misprision Report Package presents a **credible report** of treason, **then** the undersigned Reporting Attorney respectfully requests the following **additional forms of relief**:

- Prompt **provision** of a full copy of the undersigned's Misprision Report Package,[343] along with a copy of Judge Robinson's written and public **judicial report** assessing the merits of same, to the **Governor** of Ohio (i.e., as the **President** and the entirety of the **federal judiciary** are demonstrably **conflicted** in this matter), in accordance with the statutory framework of 18 U.S.C. § 2382.
- That Judge Robinson **not** remain silent during the Governor's review of the **credible report** of **treason** presented, but that Judge Robinson take such steps as are within his power, and sound judgment, to ensure that the **public** be **promptly informed** of this critical matter of **public importance**. Our society deems **treason** to be the most serious of **all** felony crimes. See *People v. Lauria*, *supra*, at 481. Every day that a **treasonous conspiracy** against the United States continues,

[342] See **Introduction and Jurisdictional Statement** section above.

[343] (full hard copy of three~binder Misprision Report Package, and USB flash drive with full electronic copy of same, herewith provided by the undersigned for provision to the Governor)

**unknown**, unchecked, and unpunished, is intolerably costly to our republic. The **truth** of the Sandy Hook **treason** has been **buried** for **far too long**, by our highest~ranking public officials. The American people have an **absolute right** to know the **truth** of the Sandy Hook **treason**, which adversely affects and **tramples** the rights of **every** citizen ~ **underfoot**.

❖ As is set forth at Paragraph 92 of the attached Affidavit of Reporting Attorney, the undersigned possesses a **valid claim**, pursuant to *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), against Alex Jones, the Connecticut Sandy Hook Plaintiffs, and the FBI/DOJ (the "obligated parties"), for payment of the undersigned's reasonable attorney's fees and expenses, reasonably and necessarily incurred, as a matter of obligation, in pursuing this public case to expose the obligated parties' **treasonous fraud**. The undersigned attaches Invoice No. 1, dated August 30, 2026, and directed to the aforesaid obligated parties, as **Tab Z1** to the Affidavit of Reporting Attorney. The undersigned's Invoice No. 1 (**Tab Z1**) sets forth and accounts for $3,453.72 in out~of~pocket expenses and 3,000 hours of the undersigned's professional work time, at the billing rate of $500 per hour, **reasonably expended** from January 9, 2024, when the undersigned first discovered unequivocal evidence of treasonous fraud in the *Lafferty* Federal Court Remand File (**Tab P1**), to August 30, 2026, and after the undersigned has spent two~and~a~half (2.5) years, as a direct and proximate result of the obligated parties' wrongful/illegal/treasonous conduct, (**a**) pursuing a public case, (**b**) litigating in three (3) Alex Jones/Sandy Hook~related federal cases (i.e., *In re Alexander E. Jones*, Bankr. S.D. Tex. Case No. 22-33553; *In re Alexander E. Jones, Debtor, Robert Wyn Young, Appellant*, S.D. Tex. Civil Action Case No. 4:25-cv-02057; and *Alex Emric Jones, et al., Petitioners v. Erica Lafferty, et al.*, S. Ct. Case No. 25-268, as *Amicus Curiae*), and (**c**) preparing the instant Misprision Report Package, all in observance and fulfillment of the undersigned's duties as a citizen and state and federally licensed attorney to support and defend the Constitution of the United States by exposing **treasonous fraud**.

While the undersigned Reporting Attorney possesses a **valid claim** for recovery pursuant to *Chambers v. NASCO, supra,* **no forum** presently exists in which the undersigned may effectively **pursue** such claim as **the entire federal judiciary is demonstrably conflicted** in and with respect to the **treasonous** Sandy Hook matter, and the undersigned **cannot possibly** get a fair hearing/adjudication of the undersigned's *NASCO* claim in **any** federal court. If Judge Robinson finds that the undersigned's Misprision Report Package presents a **credible report** of **treason** and related offenses against the United States, then the undersigned Reporting Attorney respectfully requests Judge Robinson's **assistance** in obtaining proper redress and recovery on the undersigned's valid *NASCO* claim (e.g., a request in Judge Robinson's written report that the Governor of Ohio assist the undersigned

in obtaining recovery on the undersigned's *NASCO* claim). The undersigned has suffered **tremendous economic hardship**, including the loss of the undersigned's home in April 2025, as a result of being **forced**, by the wrongful/treasonous conduct of the obligated parties (**and** their co~conspirators), to pursue this case, as a matter of duty, **without pay**. The undersigned Reporting Attorney most assuredly did **not** pursue this public case as a **volunteer**, and the undersigned is, therefore, **legally entitled** to **full recovery** of reasonable attorney's fees and expenses, together with **prejudgment interest**, from the aforesaid wrongdoers, pursuant to *Chambers v. NASCO*, *supra*.

- The undersigned Reporting Attorney further requests, and asserts entitlement to, all forms of relief and protections as may be **available in equity** or **under law** and afforded to a statutorily and ethically duty~bound citizen, attorney, and officer of the court who comes before the bench, pursuant to federal law, as a "whistleblower" against **the Government of the United States** and its myriad affiliates (i.e., "co~conspirators"), to assert and disclose a **credible report** of **treason** and related offenses against the United States.

Respectfully submitted,

Date: **09/09/26**

**Robert Wyn Young**
(OH Bar #0064876)
(U.S. Supreme Court Bar #326130)
**Pro Se Reporting Attorney & Officer of the Court**
Law Office of R. Wyn Young, Esq.
1421 Lexington Avenue, #180
Mansfield, OH 44907
Phone: (513) 238~2821
Email: rwynyoung25@gmail.com