RICHLAND COUNTY, OHIO
10/16/2026 12:30 PM
HEIDI EWING
CLERK OF COURTS
2026 CV 0685 R
ROBINSON, JUDGE BRENT N

RANDAZZA
LEGAL GROUP

**Jay Marshall Wolman, JD**
Licensed in CT, MA, NY, DC

**16 October 2026**

Via Electronic Filing Only

Hon. Brent N. Robinson
Richland County Common Pleas Court
50 Park Avenue East
Mansfield, Ohio 44902

***Re: Miscellaneous Action to Make Mandatory Report, Pursuant to 18 USC 2382, of Treason against the United States Case No. 2026 CV 0685 R***

Dear Judge Robinson:

Undersigned is one of the named "interested persons" in the above-referenced miscellaneous action. I am providing this limited response to the issued summons, without entering any general appearance. This letter may be construed as a motion to dismiss under Civ.R. 12(B)(1), (2), and (6). The matter should be dismissed with prejudice in its entirety or, if not, at least as to the undersigned.

**1. Background**

As set forth in the September 11, 2026, filing by Robert Wyn Young, designated as a complaint on the docket, the undersigned represented Alex Jones and certain entities owned or controlled by him in three consolidated Connecticut cases, *Lafferty, et al. v. Jones, et al.*, Superior Court Docket No. UWY-CV18-6046436-S; *William Sherlach v. Alex Jones, et al.*, Conn. Superior Court Docket No. UWY-CV-18-6046437-S; and *William Sherlach v. Alex Emric Jones, et al.*, Conn. Superior Court Docket No. UWY-CV-18-6046438-S. During the course of that representation, the undersigned removed the cases to the U.S. District Court for the District of Connecticut on a claim of diversity jurisdiction. The cases were subsequently remanded for lack of complete diversity. *Lafferty v. Jones*, No. 3:18-CV-1156 (JCH), 2018 U.S. Dist. LEXIS 188743 (D. Conn. Nov. 5, 2018).

Mr. Young asserts that, in not basing the removal on federal question jurisdiction, probable cause exists to charge the undersigned with treason, seditious conspiracy, misprision of treason, fraud on the federal courts, and obstruction of justice. That is the sum and total of the allegations against the undersigned.

**2. The Matter Should be Dismissed**

To the extent applicable, the undersigned joins in motions/requests for dismissal by other interested persons.

First, the Court lacks personal jurisdiction over the undersigned. The undersigned is a Connecticut citizen and each and every allegation relates to events and actions that occurred in Connecticut. The only connection this matter has to Ohio is that it is the state of Young's residence. Young does not claim he was injured, let alone in Ohio. Thus, none



GOVERNMENT EXHIBIT
K

of the elements of the Ohio Long-Arm statute, Ohio Rev. Code § 2307.382, apply. Nor is the exercise of personal jurisdiction in Ohio consistent with due process where there are no minimum (let alone any) contacts with Ohio. Thus, dismissal under Rule 12(B)(2) of the Ohio Rules of Civil Procedure is appropriate.

Second, this Court lacks subject matter jurisdiction and dismissal is warranted under Rule 12(B)(1); to the extent the question of standing does not implicate subject matter jurisdiction, but rather the general jurisdiction of the Court, the action nevertheless fails. *Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶¶ 22-24, 141 Ohio St. 3d 75, 80-81, 21 N.E.3d 1040, 1046-47. Young has no personal stake in the action. *Id.* "To establish traditional standing, a party must show that the party has suffered (1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief." *State ex rel. Food & Water Watch v. State*, 2018-Ohio-555, ¶ 19, 153 Ohio St. 3d 1, 5, 100 N.E.3d 391, 396 (internal quotation marks omitted). Young suffered no injury. As Young suffered no injury, it cannot be traceable to the undersigned. And Young has no injury that can be relieved by the Court.

Third, Young does not actually make any claims against the undersigned. He seeks an advisory opinion with no adverse party, which Ohio courts do not issue. "It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and to render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies." *Fortner v. Thomas*, 22 Ohio St. 2d 13, 14, 257 N.E.2d 371, 372 (1970). Young's October 14 response to Fetzer's motion concedes that he did not request or authorize summonses to the people he named. Young also concedes that they are not defendants and that his filing seeks no recovery or injunctive relief against anyone. For that reason alone, a responsive pleading is not even warranted and dismissal is proper.

Fourth, Young fails to state any claim against the undersigned, and all allegations are generally denied. As noted above, Mr. Young's entire thesis is that removal should have been on the basis of federal-question jurisdiction, and that the failure to do so was criminal, amounting even to treason.

What Mr. Young neglects to understand is that claiming federal-question jurisdiction would have been frivolous and sanctionable. It is well-established that merely having a federal defense, even a First Amendment defense, does not give rise to federal question jurisdiction. *See, e.g., City of N.Y. v. Exxon Mobil Corp.*, 154 F.4th 36, 45 n.3 (2d Cir. 2025). The federal question must be apparent on the face of the complaint, not a federal defense raised merely in a removal petition. *See Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 773 (2d Cir. 1988). The same is true in courts in the 6th Circuit, where Mr. Young lives and practices. *Cont'l Cablevision of Mich., Inc. v. Edward Rose Realty, Inc.*, 840 F.2d 16 (6th Cir. 1988). The fact that there was a First Amendment defense fails to create federal-question jurisdiction. As the U.S. Supreme Court noted, "it is now settled law

RANDAZZA LEGAL GROUP

that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987). This is so even if the federal defense is dispositive. *New York v. Shinnecock Indian Nation*, 686 F.3d 133, 138 (2d Cir. 2012). A First Amendment defense does not provide federal question jurisdiction for a state law claim, and any such assertion would have resulted in remand. *See Ferrer v. Liburdi*, No. 24-cv-24701, 2024 U.S. Dist. LEXIS 224725, at *6-8 (S.D. Fla. Dec. 11, 2024)(remanding case removed solely on the basis of a First Amendment defense). It is a principle that the courts reinforce time and time again:

> This is no different than other First Amendment defenses that courts have repeatedly found did not support removal jurisdiction. *See, e.g., Grievance Admin. v. Fieger*, 409 F. Supp. 2d 858, 865-66 (E.D. Mich. 2005) (no removal based on First Amendment defense to attorney discipline proceedings); *Feuerzeig v. Innovative Commc'n Corp.*, 174 F. Supp. 2d 349, 353-54 (D.V.I. 2001) (no removal based on First Amendment defense to newspaper editor's wrongful discharge and other state claims); *Gateway 2000 Inc. v. Cyrix Corp.*, 942 F. Supp. 985, 996 (D.N.J. 1996) (no removal based on First Amendment defense to state trademark infringement claims); *Nevada v. Culverwell*, 890 F. Supp. 933, 937 (D. Nev. 1995) (no removal based on First Amendment defense to state action for removal of state officer); *St. David's Episcopal Church v. Westboro Baptist Church, Inc.*, Case No. Civ. A No. 94-4119-DES, 1994 U.S. Dist. LEXIS 11263, 1994 WL 414055, at *2-3 (D. Kan. Jul 13, 1994) (no removal based on First Amendment defense to private nuisance claim that would have "'muzzled'" defendant "based on the content of its speech"); *Wisconsin v. Missionaries to the Preborn*, 796 F. Supp. 389, 391 (E.D. Wis. 1992) (no removal based on freedom of assembly defense to private nuisance claim). Thus, removal jurisdiction does not exist on this basis.

*California v. Sky Tag, Inc.*, No. CV 11-8638 ABC (PLAx), 2011 U.S. Dist. LEXIS 137500, at *9 (C.D. Cal. Nov. 29, 2011). Mr. Young fails to recognize this black-letter law and his entire theory of the case evaporates under the lightest scrutiny. Certainly, undersigned's understanding of this well-developed body of law could not have been treasonous or whatever else Mr. Young purports it to have been. Dismissal per Rule 12(B)(6) is, therefore, warranted.

Any and all other defenses, objections, and rights are preserved. This letter is without prejudice to any other action the undersigned may take in this or any other proceeding. Should Mr. Young choose to pursue his frivolous litigation further, the undersigned reserves all rights to seek sanctions under Rule 11, R.C. 2323.51, the Court's inherent authority, and any other lawful basis for such.

RANDAZZA LEGAL GROUP

Thank you for your attention to this matter.

Sincerely,

Jay M. Wolman

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the instant document was served according to local rules, Civ.R.5 and/or Cr.R.49 and sent by regular mail, electronic mail, and/or served electronically through the Court's efiling system on October 15, 2026, to the following:

Robert W. Young
1421 Lexington Ave. # 180
Mansfield, Ohio 44907
rwynyoung25@gmail.com

And to other appearing interested persons:
Wolfgang W. Halbig, 25526 Hawks Run Lane, Sorrento, FL 32276, wolfgang.halbig@comcast.net

James H. Fetzer, Ph.D., 800 Violate Lane, Oregon, WI 53575, jameshfetzer@protonmail.com

Emily M. Feinstein & Randy J. Pflum, Quarles & Brady, LLP, 33 East Main Street, Ste. 900, Madison, WI 53703, Emily.Feinstein@quarles.com

/s/Jay M. Wolman
Jay M. Wolman

**CERTIFICATION REGARDING USE OF ARTIFICIAL INTELLIGENCE PURSUANT TO LOC.R. 16(C)**

1. Jay M. Wolman, listed as an interested party in this matter and a licensed attorney in Connecticut, D.C., Massachusetts, and New York, submit this Certification pursuant to Local Rule 16(C) of the Richland County Court of Common Pleas. This Certification is attached to and made part of their letter to the Court dated, October 16, 2026 (collectively the "AI-Assisted Material").

2. Type of AI Technology Used. In preparing the AI-Assisted Material, Mr. Wolman used the Protégé system on Lexis-Nexis, a generative legal research tool developed by Lexis-Nexis. Mr. Wolman also Googled Mr. Wyn, which, in the interests of disclosure, may have triggered Google's Gemini platform.

3. Role of AI in Preparation of the Materials. Protégé was used to assist in identifying relevant caselaw.

4. Independent Verification of Authorities. Mr. Wolman verified every legal citation in the AI-Assisted Material to confirm that each authority exists, is accurately cited, and supports the proposition for which it is cited.

5. Final Review and Approval. Mr. Wolman certifies that he reviewed the AI-Assisted Material in its final form, approve its content, and determined that it meets applicable legal and ethical standards.

Date: October 16, 2026

/s/Jay M. Wolman
Jay M. Wolman