**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT WYN YOUNG,** | ) | **Case No. 1:26-cv-02727** |
| **Plaintiff** | ) | **Judge David A. Ruiz** |
| **v.** | ) | |
| **TRUMP, et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO STAY BRIEFING ON MOTIONS TO DISMISS PENDING RESOLUTION OF MOTION TO REMAND**

Reporting Attorney Robert Wyn Young submits the following memorandum in support of the instant Motion to Stay Briefing on Motions to Dismiss Pending Resolution of Motion to Remand.

## I. BACKGROUND

On September 9, 2026, pursuant to and in accordance with the terms of 18 U.S.C. § 2382, the undersigned Reporting Attorney proffered submission of a full, paper/hard copy and electronic version (i.e., USB flash drive) of the undersigned Reporting Attorney's federally~mandated Misprision Report Package to Judge Brent N. Robinson, of the Richland County, Ohio, Common Pleas Court, a judge of the State of Ohio of the undersigned's choosing. Judge Robinson Ordered[1] the electronic filing of same with the Clerk of Courts. On September 11, 2026, the undersigned

[1] (verbally, and through his Bailiff)

Reporting Attorney electronically filed the undersigned's Miscellaneous Action to Make Mandatory Report, Pursuant to 18 U.S.C. § 2382, of Treason Against the United States (and all attachments to same, together comprising the Misprision Report Package) in and with the Richland County, Ohio, Common Pleas Court. Said matter was assigned Case No. 2026 CV 0685 R.

On September 11, 2026, the undersigned Reporting Attorney, as a result of Judge Robinson's unlawful refusal to accept the undersigned's report of treason in accordance with the express terms of 18 U.S.C. § 2382 and federal law,[2] was also duty~bound and, thus, required to file a Praecipe for Service on Interested Persons and Organizations[3] since the improper requirements of (1) a filing fee, (2) the completion and filing of a Richland County form Civil Case Designation Sheet, and (3) the random assignment of a presiding judge arguably took the undersigned's report outside the protective auspices or explicit scope of 18 U.S.C. § 2382, at least for purposes of submission, and the named likely co~conspirators could potentially claim deprivation of **due process** if not given notice and an opportunity to be heard on the merits of any proceeding concerning an 18 U.S.C. § 2382 report of potential charges of treason and related offenses that does **not** take place within the explicit scope of 18 U.S.C. § 2382. The undersigned's Praecipe requested **service of notice** of the filing of the undersigned Reporting Attorney's 18 U.S.C. § 2382 report of treason [i.e., (1) a copy of the Misprision Report (written) and (2) a copy

---

[2] See Section I and II of the undersigned Reporting Attorney's October 14, 2026, Response to Motion to Dismiss in Richland County Case No. 2026 CV 0685 R.

[3] i.e., persons and organizations listed as likely co~conspirators in the **Probable Cause Exists for Charges, or for Further Justified and Formal Investigation of Potential Charges** section of the Miscellaneous Action to Make Mandatory Report, Pursuant to 18 U.S.C. § 2382, of Treason Against the United States [also referred to as "Misprision Report (written)"] at 106~158.

of the docket report, showing all the undersigned's filings, together comprising the Misprision Report Package],[4] **not** service of **summonses**, on the Interested Persons and Organizations.

On September 28, 2026, Interested Person James H. Fetzer, Ph.D. filed a Motion to Dismiss Case No. 2026 CV 0685 R pursuant to Ohio R. Civ. P. 12(B)(1) and 12(B)(6). On September 30, 2026, Judge Robinson, to whom Case No. 2026 CV 0685 R was apparently randomly assigned, issued a Hearing Order setting October 15, 2026, as the deadline for responses in opposition to, and October 26, 2026, as the deadline for replies in support of, Dr. Fetzer's Motion to Dismiss. On October 14, 2026, the undersigned filed a response in opposition to Dr. Fetzer's Motion to Dismiss in Case No. 2026 CV 0685 R.

On October 14, 2026, Interested Person Wolfgang W. Halbig filed a Motion to Dismiss pursuant to Ohio R. Civ. P. 12(B)(1), 12(B)(2), and 12(B)(6).

On October 16, 2026, Interested Person Jay M. Wolman sent Judge Robinson a letter in regard to, and that was filed in, Case No. 2026 CV 0685 R, arguing "**The Matter Should be Dismissed**" [emphasis as in original] pursuant to Ohio R. Civ. P. 12(B)(1), 12(B)(2), and 12(B)(6).

On October 19, 2026, Dr. Fetzer Filed an Amended Motion to Dismiss Case No. 2026 CV 0685 R pursuant Ohio R. Civ. P. 12(B)(1), 12(B)(2), and 12(B)(6).

On October 19, 2026, "federal entities", i.e., federal officials and organizations identified as likely co~conspirators in the undersigned's federally~mandated 18 U.S.C. § 2382 report of treason, removed Case No. 2026 CV 0685 R from the Richland County, Ohio, Common Pleas

[4] The Misprision Report Package consists of the Miscellaneous Action to Make Mandatory Report, Pursuant to 18 U.S.C. § 2382, of Treason Against the United States ["Misprision Report (written)"]; the Misprision Report Package Table of Contents; the text of the Misprision of treason statute, 18 U.S.C. § 2382 (designated "Tab A_Misprision of Treason Statute, 18 U.S.C. Section 2382"); the Affidavit of Reporting Attorney (designated "Tab B_Affidavit of Reporting Attorney"); and all documents, photographs, images, and recorded videos identified in and attached as Exhibits to the Affidavit of Reporting Attorney, at Tabs C through Z, and made parts of the Misprision Report Package.

Court to the Northern District of Ohio, Eastern Division, pursuant to a Notice of Removal based on 28 U.S.C. § 1442(a)(1).[5] The removed action was given N.D. Ohio Case No. 1:26-cv-02727, it was assigned to the Honorable David A. Ruiz, and it was restyled as "*Young v. Trump et al.*", without justification,[6] on the Civil Docket for Case #: 1:26-cv-02727-DAR.

On October 22, 2026, Interested Parties Sandy Hook Promise Action Fund, Inc. (the "Action Fund") and the Sandy Hook Promise Foundation (the "Foundation") filed a Motion to Dismiss, in Richland County Case No. 2026 CV 0685 R, pursuant to Ohio R. Civ. P. 12(B)(1), 12(B)(2), and 12(B)(6).

On October 23, 2026, this Court granted the federal entities' "Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Complaint"[7] until December 18, 2026 (Doc. 7). On October 26, 2026, Interested Parties Sandy Hook Promise Action Fund, Inc. and the Sandy Hook Promise Foundation filed a Motion for Leave to Plead, in Case No. 1:26-cv-02727, until November 25, 2026 (Doc. 8).

On October 26, 2026, Interested Party Cable News Network, Inc. ("CNN") filed a Motion to Dismiss Case No. 1:26-cv-02727 pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. 9).

On October 30, the undersigned Reporting Attorney filed a Motion to Correct Case Style/Caption (Doc. 11) in order that the record would accurately reflect the true nature of this matter.

---

[5] See Notice of Removal ¶ 4.

[6] See the undersigned Reporting Attorney's October 30, 2026, Motion to Correct Case Caption/Style (Doc. 11).

[7] The undersigned Reporting attorney expressly denies (1) status as a "Plaintiff" and (2) that the Miscellaneous Action to Make Mandatory Report, Pursuant to 18 U.S.C. § 2382, of Treason Against the United States ["Misprision Report (written)"] is a "Complaint". See the undersigned Reporting Attorney's October 30, 2026, Motion to Correct Case Caption/Style (Doc. 11).

On October 30, 2026, and pursuant to 28 U.S.C. § 1447(c), the undersigned Reporting Attorney filed a motion to remand this case (Doc. 12), for **lack of subject matter jurisdiction**, to Judge Brent N. Robinson of the Richland County, Ohio, Court of Common Pleas, to whom and with which this matter was originally submitted and filed, on the grounds that: (**1**) this Court lacks subject matter jurisdiction in and over this matter under the express terms of 28 U.S.C. § 1442; (**2**) the entire federal judiciary is demonstrably conflicted with respect to the Sandy Hook matter, and (**3**) as 18 U.S.C. § 2382 expressly provides for concurrent jurisdiction as between state and federal officials for the receipt, review, and assessment of credibility of reports of treason, the undersigned Reporting Attorney is legally entitled to have the instant 18 U.S.C. § 2382 report of treason reviewed and assessed by the statutorily~designated report recipient of the undersigned's choosing, namely, Judge Robinson, of the Richland County, Ohio, Common Pleas Court.

## II. CONTROLLING CASE LAW SUPPORTS A STAY OF BRIEFING ON MERITS~BASED MOTIONS PENDING RESOLUTION OF THE REPORTING ATTORNEY'S JURISDICTIONAL MOTION TO REMAND.

All of the aforementioned motions to dismiss of the Interested Parties seek a dismissal of the undersigned Reporting Attorney's Miscellaneous Action to Make Mandatory Report, Pursuant to 18 U.S.C. § 2382, of Treason Against the United States **on the merits**, whether pursuant to Ohio R. Civ. P. 12(B)(6) or Fed. R. Civ. P. 12(b)(6), for alleged "failure to state a claim upon which relief can be granted." The undersigned Reporting Attorney's Motion to Remand pursuant to 28 U.S.C. § 1447(c), on the other hand, is **jurisdictional**, and, as is substantiated below, **subject matter jurisdiction always comes first**.

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998), quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1869). The *Steel Co.* Court

further noted: "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" 523 U.S. at 94~95, quoting *Mansfield, C. & L. M. R. Co. v. Swan*, 111 U. S. 379, 382 (1884). In *United States v. Sunday*, 66 F. App'x 167, 169 (10th Cir. 2003), the Tenth Circuit Court of Appeals cited *Steel Co.* for "noting [a] court's duty to examine its own jurisdiction and holding that this determination **must be made before** any consideration of the merits of a case". [Emphasis added.] Very recently, in *Azizi v. Rubio*, No. 1:26-cv-1513 (E.D. Va. Oct. 21, 2026), the Eastern District of Virginia reiterated that: "Generally, a court must resolve jurisdictional issues before considering the merits of a claim, because '[w]ithout jurisdiction the court cannot proceed at all in any cause[,]'" quoting *Whitaker v. Monroe Staffing Servs.*, LLC, 42 F.4th 200, 206 (4th Cir. 2022) (quoting *Steel Co.* at 94~95); and the Eastern District of Virginia also quoted *Zadeh v. Blinken*, 2024 WL 2708324 at *4 (N.D. Ill. May 20, 2024), for the proposition that: "Subject matter jurisdiction always comes first." *Azizi* at 3~4.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). As the undersigned's October 30, 2026, Motion to Remand (Doc. 12) is jurisdictional to and with respect to this Court, and as a jurisdictional challenge is to be considered before any merits~based motions, the court should exercise its discretion so as to stay all briefing and proceedings on the Interested Parties' Motions to Dismiss, whether filed before or after the October 19, 2026, removal of this matter, pending completion of briefing on and resolution of the undersigned's Motion to Remand (Doc. 12).

## III. CONCLUSION

**For the foregoing reasons**, the Reporting Attorney respectfully submits that the instant Motion to Stay Briefing on Motions to Dismiss Pending Resolution of Motion to Remand is well~founded and well~taken, and it should be **granted**.

**Accordingly**, the Court should issue an **Order** staying all briefing on the motions to dismiss the undersigned Reporting Attorney's Miscellaneous Action to Make Mandatory Report, Pursuant to 18 U.S.C. § 2382, of Treason Against the United States, which were filed both before and after the October 19, 2026, removal of this matter, pending completion of briefing on and resolution of the undersigned's Motion to Remand (Doc. 12). A **proposed Order** granting the Reporting Attorney's Motion to Stay Briefing on Motions to Dismiss Pending Resolution of Motion to Remand is attached for the Court's consideration and convenience.

Respectfully submitted,

Date: **11/02/2026**

_/s/ *Robert Wyn Young*_
**Robert Wyn Young**
(OH Bar #0064876)
(U.S. Supreme Court Bar #326130)
**Pro Se Reporting Attorney & Officer of the Court**
Law Office of R. Wyn Young, Esq.
1421 Lexington Avenue, #180
Mansfield, OH 44907
Phone: (513) 238~2821
Email: rwynyoung25@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 02, 2026, I caused a copy of the foregoing Reporting Attorney's **Memorandum in Support of Motion to Stay Briefing on Motions to Dismiss Pending Resolution of Motion to Remand** to be served on all subscribed parties or interested persons and organizations by the Electronic Case Filing System of the United States District Court for the Northern District of Ohio.

_/s/ *Robert Wyn Young*_
Robert Wyn Young