IN THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ROBERT WYN YOUNG<br><br>Plaintiff<br><br>v.<br><br>PRESIDENT DONALD J. TRUMP, ET AL.<br><br>Defendants | CASE NO. 1:26-cv-02727-DAR<br><br>JUDGE DAVID A. RUIZ<br><br>**MEMORANDUM OF LAW IN SUPPORT OF SANDY HOOK ACTION FUND, INC.'S AND SANDY HOOK PROMISE FOUNDATION'S MOTION TO DISMISS** |

* * * *

NOW COME Sandy Hook Promise Action Fund, Inc. (the "Action Fund") and the Sandy Hook Promise Foundation (the "Foundation") (collectively, the "Parties"), and hereby move to dismiss with prejudice this "Miscellaneous Action" (the "Action") brought by Robert Wyn Young, against them as named other interested parties. Young does not formally name a defendant in this Action, nor does Young assert any claims for relief. Indeed, according to Young's own recently filed motions, there are no defendants in this Action, and there are no claims for relief against any party, including the Action Fund and the Foundation. Instead, Young names dozens of other interested parties, including the Action Fund and Foundation. Although the Parties are not required to provide a responsive pleading, out of an abundance of caution the Parties have appeared for the limited and exclusive purpose of filing this Motion to Dismiss to address and seek the dismissal of this baseless Action with prejudice.[1] Young's claims are entirely based on alleged

[1] The Action Fund and Foundation reserve and preserve all legal defenses, objections, and rights available to them under applicable law, including without limitation any defense for insufficient service of process.

violations of federal criminal statutes that do not provide for private rights of action, and therefore, this Court lacks subject matter jurisdiction over the Action. However, even if the Court had subject matter jurisdiction, Young has failed to raise a ***single*** non-conclusory or creditable factual allegation – let alone a viable cause of action – against the Parties. As a result, Young has failed to state a claim upon which relief can be granted and has failed to allege the Court's personal jurisdiction over the Action Fund and Foundation.

The Court should grant the Motion to Dismiss and dismiss the Action with prejudice as to the Parties, pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6).

## I. THE MISCELLANEOUS ACTION

Young has not brought a civil complaint containing any cause of action. On September 11, 2026, Young filed a "Miscellaneous Action" to "make mandatory report, pursuant to 18 U.S.C. § 2382, of treason against the United States" in the Court of Common Pleas in Richland County, Ohio. (Action at 1.) Primarily, Young claims that the tragic Sandy Hook Elementary School shooting never happened.

Young does not allege a single cause of action that would entitle Young to relief in the over 160-page Action. Instead, Young makes incoherent allegations against dozens of individuals and entities under several federal criminal statutes, including:

(a) 18 U.S.C. § 2381 (treason);
(b) 18 U.S.C. § 2384 (seditious conspiracy);
(c) 18 U.S.C. § 2382 (misprision of treason);
(d) 18 U.S.C. § 371 (fraud on the federal courts); and
(e) 18 U.S.C. § 1503 (obstruction of justice).

(*Id.*)

Despite Young's litany of allegations, the Action contains almost no reference to the Action Fund. The sole reference to the Action Fund generally claims that the tragedy did not occur. (*Id.* at 112.) Young alleges that the Action Fund participated in, assisted with, and continued

a "treasonous" conspiracy (levying war against the United States) and that it committed mail and wire fraud. (*Id.*) Young argues that, as a result, "probable cause evidence exists justifying charges, or further and formal investigation of potential charges, against the Sandy Hook Promise Action Fund and its officers and agents . . . ." (*Id.*) However, the Foundation is not named or referenced anywhere in the Action – despite being named as an other interested party and being summoned to respond to this Action.

Additionally, Young does not make a demand for relief to either the Action Fund or the Foundation. (*Id.* at 159–60.) Young requests, among other things, that the state court "prepare a written and public judicial report," namely, to determine whether there is "a credible report of treason." (*Id.* at 159.) Young requests that the state court report this investigation and "treason" by dozens of individuals and entities to the Governor of Ohio. (*Id.*)

On October 19, 2026, this Action was removed to the United States District Court for the Northern District of Ohio. (Document No. 1.) On October 30, 2026, Young filed a "Reporting Attorney's Motion to Correct Case Caption/Style" (the "Motion to Correct"). (Document No. 11.) In the Motion to Correct, Young claims that the "undersigned Reporting Attorney is **not** a Plaintiff; and there are **no** Defendants. The Miscellaneous Action to Make Mandatory Report does **not** seek civil recovery, or injunctive relief, or a 'judicial order' of any sort; it seeks to make a mandatory report of treason and to have the credibility of same judicially assessed, on the merits, as 18 U.S.C. § 2382 reasonably and necessarily requires." (Motion at 1 (emphasis in original).) Young further asserts that "in the undersigned Reporting Attorney's 18 U.S.C. § 2382 report, there are **no Defendants**, **nor** any parties against whom any claim is asserted or any order is sought . . . ." (Memo. at 3 (emphasis in original).) Indeed, Young repeatedly makes clear throughout the Motion to Correct that Young "does **not** assert or seek adjudication of any

claim for recovery, or any claim for injunctive relief, against any person, party, or organization." (*Id*. at 4 (emphasis in original).) According to Young, Young requests that "the Honorable Brent N. Robinson, a judge of the State of Ohio, to make a **single determination**, namely, whether the undersigned's Misprision Report Package presents a **credible report** of **treason**." (*Id.* at 5 (emphasis in original).)

## II. ARGUMENT

### A. Motion to Dismiss Standard.

Federal Rule 12(b) provides that a motion to dismiss shall be used to assert, among other things, "(1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction" and "(6) failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12.

First, Rule 12(b)(1) permits parties to move for dismissal for lack of subject matter jurisdiction. "A *facial* attack on subject-matter jurisdiction merely questions the sufficiency of the pleading. When reviewing a facial attack, the court must take each of the allegations in the complaint as true. In contrast, a *factual* attack on subject-matter jurisdiction does not challenge the sufficiency of the pleading, but, instead, challenges the factual existence of subject-matter jurisdiction. As such, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In reviewing a factual attack, the court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Slush Puppie Ltd. v. ICEE Co.,* 792 F. Supp. 3d 834, 843 n.24 (S.D. Ohio 2025), *on reconsideration in part,* No. 1:19-CV-00189, 2026 U.S. Dist. LEXIS 38663 (S.D. Ohio Feb. 25, 2026) (citations omitted; emphasis in original; internal quotation marks omitted).

Second, Rule 12(b)(2) permits parties to move for dismissal when there is no personal jurisdiction over that party. "In all cases, the plaintiff bears the initial burden of establishing that jurisdiction exists. If the plaintiff meets that burden, it then shifts to the defendant, who, through proper evidence, must demonstrate in his or her motion that personal jurisdiction does not exist. If that occurs, the burden shifts back to the plaintiff, who may no longer stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Olin-Marquez v. Arrow Senior Living Mgmt., LLC*, 586 F. Supp. 3d 759, 767 (S.D. Ohio 2022) (citations omitted; internal quotation marks omitted).

Third, Rule 12(b)(6) permits parties to move for dismissal on the ground that a plaintiff has failed to state a claim upon which can be granted. Under Rule 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *McClair v. Afscme Local #2415*, No. 3:11-CV-01313, 2012 U.S. Dist. LEXIS 50661, at *11 (N.D. Ohio Mar. 22, 2012), *report and recommendation adopted sub nom. McClair v. Afscme Local #2415*, No. 3:11-CV-01313, 2012 U.S. Dist. LEXIS 50661 (N.D. Ohio Mar. 22, 2012) (internal quotation marks omitted). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations omitted; internal quotation marks omitted).

**B. The Court Lacks Subject Matter Jurisdiction under Rule 12(b)(1).**

This Action is an offensive and rambling diatribe for which the Court does not have subject matter jurisdiction.

Young has not provided any factual allegations against either of the Parties. Young only confusingly alleges that the Action Fund engaged in a "treasonous" conspiracy and that "probable cause" exists for some criminal investigation. Additionally, Young has not named or

referenced the Foundation anywhere in the Action. Without doubt, Young has not alleged any facts that could give rise to civil liability. But even if Young did allege facts against either of the Parties, Young has not brought any civil claims against them that entitles Young to relief. Every single "cause of action" asserted arises out of a federal criminal statute under Title 18 of the United States Code – namely, treason and seditious conspiracy. ***None*** of the several sections of Title 18 cited in this Action confer the right to bring a private cause of action. Nor do they confer the right of civil recovery. Moreover, the Motion to Correct insists that Young "does not assert or seek adjudication of any claim for recovery, or any claim for injunctive relief, against any person, party, or organization." It calls for an investigation of "treason." Therefore, not only does the Action contain insufficient factual allegations to demonstrate the Court's subject matter jurisdiction, but it is impossible for the Court to have jurisdiction over an Action that purports to call for such a judicial investigation. For this reason, district courts routinely conclude that they lack subject matter jurisdiction over claims that allege violations of criminal statutes. *See Morgan v. Boker*, No. 4:19CV1097, 2020 U.S. Dist. LEXIS 16163, at *5 (N.D. Ohio Jan. 31, 2020) ("As an initial matter, Plaintiff lacks standing to assert claims pursuant to 18 U.S.C. §§ 241 and 242. These two criminal statutes do not provide a private cause of action, and only the United States can bring a criminal complaint under §§ 241 and 242. Plaintiff's claims pursuant to 18 U.S.C. §§ 241 and 242 are dismissed for lack of subject matter jurisdiction.") (citation omitted); *Stephens v. Nat'l City Corp.*, No. 1:19CV00784, 2020 U.S. Dist. LEXIS 13506, at *14-15 (N.D. Ohio Jan. 28, 2020) (dismissing claims that asserted violations of "various criminal statutes" for lack of subject matter jurisdiction). Even if Young had alleged facts against the Parties, the Court lacks subject matter jurisdiction to consider the alleged violation of the criminal statutes.

Therefore, the Court should dismiss this Action with prejudice against the Action Fund and Foundation for lack of subject matter jurisdiction under Rule 12(b)(1).

**C. Young Has Failed to State a Claim Upon Which Relief Can Be Granted under Rule 12(b)(6).**

The Action does not raise a single comprehensible allegation against the Parties for which Young could conceivably be granted relief. To be sure, for the same reasons that the Court must dismiss this Action under Rule 12(b)(1), it must also dismiss it under Rule 12(b)(6). At most, Young has alleged that the Action Fund has continued a nonsensical "treasonous" conspiracy against the United States, which does not sound in any cause of action. Young has not even referenced the Foundation in the Action. To state a claim upon which relief can be granted, Young must do more than provide rambling allegations that assert generalized violations of criminal statutes against unknown parties. Indeed, the claims that Young asserts arise out of alleged violations of several sections of Title 18 of the United States Code and fail to state a claim upon which relief can be granted. *Bardes v. Hon. Dist. Judge Douglas Cole,* No. 1:24 CV 701, 2025 U.S. Dist. LEXIS 258680, at *13 (S.D. Ohio Dec. 15, 2025) ("The Sixth Circuit has consistently held that criminal statutes do not give rise to privately enforceable rights. [T]he general rule is that a private right of action is not maintainable under a criminal statute. Equally important is the firmly established principle that criminal statutes can only be enforced by the proper authorities of the United States Government and a private party has no right to enforce these sanctions.") (citations omitted; internal quotation marks omitted); *Jackson v. Apple,* N.D.Ohio No. 5:22 CV 928, 2022 U.S. Dist. LEXIS 164384, at *2 (Sep. 12, 2022) ("Plaintiff's complaint contains no legal theories upon which a valid federal claim may rest. Plaintiff indicates she seeks to assert claims under federal criminal statutes, but criminal statutes generally do not confer a private right of action

and courts do not routinely, imply private rights of action in favor of the victims of violations of criminal laws.") (internal quotation marks omitted).

Therefore, it is beyond doubt that Young can prove no set of facts that would entitle Young to any relief. The Court should dismiss this Action with prejudice against the Action Fund and Foundation for Young's failure to state a claim upon which relief can be granted under Rule 12(b)(6).

**D. Young Has Failed to Allege that the Court Has Personal Jurisdiction Over the Parties under Rule 12(b)(2).**

The Action does not contain a single allegation as to the Court's personal jurisdiction over the Action Fund and the Foundation. The Parties are nonprofit organizations incorporated in Delaware with principal places of business in, and operations based in, Newtown, Connecticut. *See Klusty v. Taco Bell Corp.,* 909 F. Supp. 516, 519 (S.D. Ohio 1995) (explaining that "even [the plaintiffs'] Complaint does not allege sufficient minimum contacts with the State of Ohio for this Court to assert personal jurisdiction over" the defendant). Young's failure to plead any facts regarding the Court's personal jurisdiction over the Parties is merely one of myriad deficiencies in the Action that entitle the Parties to a complete dismissal with prejudice.

Therefore, the Court should dismiss this Action with prejudice against the Action Fund and Foundation for Young's failure to plead personal jurisdiction under Rule 12(b)(2).

## III. CONCLUSION

This Action is not a complaint that contains any discernable allegations, causes of action, or demands for relief against the Parties. It is an offensive document regarding a tragic moment in Connecticut's, and this nation's, history. The Court should not expend its – and the Parties' – resources in entertaining it.

Sandy Hook Promise Foundation and Sandy Hook Promise Action Fund request that the Court dismiss this Action with prejudice against the Parties under Federal Rules of Civil Procedure 12(b)(1), (2), and (6).

*/s/ Jonathan T. Hyman*
Jonathan T. Hyman (No. 0068812)
E-mail JHyman@WickensLaw.com
Dominic M. Parish (No. 0097014)
E-mail DParish@WickensLaw.com
Docket E-mail Docket@WickensLaw.com
WICKENS HERZER PANZA
35765 Chester Road
Avon, OH 44011-1262
(440) 695-8044 (Main)
(440) 695-8098 (Fax)

ATTORNEYS FOR OTHER INTERESTED PARTIES SANDY HOOK ACTION FUND, INC. AND SANDY HOOK PROMISE FOUNDATION

**PROOF OF SERVICE**

This is to certify that a copy of the foregoing Memorandum of Law in Support of Sandy Hook Action Fund, Inc. and Sandy Hook Promise Foundation's Motion to Dismiss has been sent via the Court's electronic filing system, on this 2nd day of November, 2026, to:

Robert Wyn Young, Esq.
Law Office of R. Wyn Young, Esq.
1421 Lexington Avenue, #180
Mansfield, OH 44907-2629
E-mail: rwynyoung25@gmail.com

Guillermo J. Rojas, Esq.
United States of America
Four Seagate, Suite 308
Toledo, OH 43604-6360
E-mail: guillermo.rojas@usdoj.gov

Daniel M. Kavouras, Esq.
Andrew J. Thompson, Esq.
Baker & Hostetler LLP
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
E-mail: dkavouras@bakerlaw.com
anthompson@bakerlaw.com

And by U.S. mail, postage prepaid, on this 2nd day of November, 2026, to:

Honorable Maya Guerra Gamble
459th Civil District Court, Travis County
Texas
PO Box 1748
Austin, TX 78767-1748

Connecticut State Police
c/o Colonel Daniel Loughman
1111 Country Club Road
Middletown, CT 06457

Koskoff Koskoff & Bieder PC
350 Fairfield Avenue
Bridgeport, CT 06604

Farrar & Ball LLP
1117 Herkimer Street
Houston, TX 77008

Meshbesher & Spence, LTD.
1616 Park Avenue
Minneapolis, MN 55404

University of Maine System
Chancellor's Office
15 Estabrooke Drive
Orono, ME 04469

Covington & Burling LLP
One City Center
850 Tenth Street NW
Washington, DC 20001

Fox News Network, LLC
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Cable News Network, Inc.
c/o Corporations Trust Company
1209 Orange Street
Wilmington, DE 19801

Barbara N. Bellis
Connecticut Superior Court Judge
400 Grand Street
Waterbury, CT 06702

Broocks Law Firm PLLC
c/o Ben C. Broocks
248 Addie Roy Road, Suite B-301
Austin, TX 78746

Randazza Legal Group PLLC
100 Pearl Street 14th Floor
Hartford, CT 06103

Pattis & Paz LLC
171 Orange Street
New Haven, CT 06510

Reynal Law Firm PC
917 Franklin St. Fl. 6
Houston, TX 77002

Law Office of Jacquelyn W. Blott
200 University Blvd, Ste 225
PMB 251
Round Rock, TX 78665-1096

Jordan & Ortiz P.C.
248 Addie Roy Road, Ste. B-301
Austin, TX 78746

Zimmerman Firm
15 Crocus Hill
Saint Paul, MN 55102

Quarles & Brady LLP
33 Main Street, Suite 900
Madison, WI 53703

Cain & Skarnulis PLLC
303 Colorado St., Suite 2850
Austin, TX 78701

Wolfgang Halbig
25526 Hawks Run Lane
Sorrento, FL 32776

James Fetzer, Ph.D.
800 Violet Lane
Oregon, WI 53575

Bill Bonitati
554 Boston Post Road #107
Orange, CT 06477

Office of Barack & Michelle Obama
P.O. Box 91000
Washington, DC 20066

X CORP
c/o CT Corporation System
1999 Bryan Street Suite 900
Dallas, TX 75201

*/s/ Jonathan T. Hyman*
Jonathan T. Hyman
Dominic M. Parish